ORIGINAL

FILED
NOV 10 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS H. McGANN and EVELYN G. McGANN<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 05-1189T |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Thomas H. McGann and Evelyn G. McGann (the "McGanns") are citizens of the United States of America whose address is 512 West Wind Drive, Berwyn, PA 19312.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6404, 6230, and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1983)

5. The McGanns filed a timely joint federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, were XXX-XX-9326 and XXX-XX-4198 respectively.

6. For 1983, Thomas H. McGann was a limited partner in Drake Oil Technology Partners, ("Drake Oil" or "the partnership"). Drake Oil was a partnership in the "Elektra" partnership group.

7. Drake Oil timely filed its 1983 Form 1065, partnership tax return.

8. On March 24, 2003, the IRS assessed tax of $8,620.00 and interest and penalty interest of $57,475.04 against the McGanns for 1983 arising from Mr. McGann's partnership investment.

9. The McGanns paid the liabilities in full.

10. On April 15, 2005, the McGanns filed with the IRS a claim for refund of penalty interest for $18,309.66.

11. The IRS has not disallowed that claim.

12. As grounds for recovery, the McGanns restate the averments set forth in the Explanation to their refund claim for 1983:

a. The IRS issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to the partnership for 1983. The FPAA proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been


R:\DOCS\TAXCONT.T\TWGCN085.MC1.wpd

established that the claimed deductions originated in a trade or business or in a transaction entered into for profit."

b. On July 2, 1987, a combined Tax Court petition for tax year 1983, including Drake Oil, was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

c. In 1992, the Tax Court issued its opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld *Krause* in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994).

d. In *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*."

e. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

f. The IRS issued to the McGanns a Form 4549A-CG showing how the IRS computed the purported liability. The Form 4549 states that the underpayment of tax is

attributable to a TMT as defined under §6621(c). The basis of this purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

g. The McGanns are not liable for §6621(c) penalty interest based on *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships are not subject to §6621(c) penalty interest.

h. The taxpayers are not liable for §6621(c) penalty interest based on *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004). On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT.

If even one proposed basis for disallowance is a non-TMT, then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs, and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the McGanns was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

i. In any event, no portion of the underlying liability was attributable to a TMT as defined in §6621(c) or the regulations thereunder.

j. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

13. Over six (6) months have elapsed since the McGanns filed their claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

14. The McGanns are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Thomas H. McGann and Evelyn G. McGann pray for judgment in the amount of $18,309.66 against the Defendant the United States of America, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)