IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1189 T

(Judge Charles F. Lettow)

---

THOMAS H. McGANN and EVELYN G. McGANN,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

---

ANSWER

---

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. Avers that the allegations in ¶ 3 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT ONE
(Calendar Year 1983)

5. Admits the allegations in ¶ 5.

6. Admits the allegations in the first sentence of ¶ 6; and, with respect to the allegations in the second sentence of ¶ 6, admits that Drake Oil was a partnership in the Elektra/Hemisphere partnership group.

7. Admits the allegations in ¶ 7, except avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the timeliness of Drake Oil's 1983 Form 1065.

8. Admits the allegations in ¶ 8 that, on March 24, 2003, the IRS assessed tax of $8,620.00 and interest and tax motivated interest of $57,475.04 against the McGanns for 1983 arising from Mr. McGann's partnership interest in Drake Oil; and denies the remaining allegations in ¶ 8.

9. Admits the allegations in ¶ 9.

10. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10; and states further that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to state the date and place of each payment to be refunded and fails to annex a copy of the claim for refund they allege they filed on April 15, 2005.

11. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11.

12. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.

12.a. Admits the allegations in the first sentence of ¶ 12.a.; with respect to the allegations in the second sentence of ¶ 12.a., admits that the FPAA determined adjustments to partnership items on multiple grounds, some of which grounds constituted tax motivated transactions under former 26 U.S.C. § 6621(c) and accompanying regulations and some of which did not, but denies that the FPAA made any proposals; and admits the allegations in the third sentence of ¶ 12.a that one ground set forth in the FPAA for disallowing deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit. . . .", but denies that the FPAA made a proposal.

12.b. Admits the allegations in ¶ 12.b.

12.c. Admits the allegations in the first sentence of ¶ 12.c.; with respect to the allegations in the second sentence of ¶ 12.c., admits that the Tax Court opinion in Krause v. Commissioner, 99 T.C. 132 (1992) states, "[t]hese consolidated cases are test cases for over 2,000 related cases and for a number of related TEFRA partnerships," id. at 133; avers that the third sentence of ¶ 12.c. constitutes a characterization of the legal conclusions of the Tax Court to which no response is required; and admits the allegations in the fourth sentence of ¶ 12.c.

12.d. Admits the allegations in ¶ 12.d.

12.e. Admits the allegations in the first sentence of ¶ 12.e.; admits the allegations in the second sentence of ¶ 12.e. that the decision contained partnership level adjustments computed based on § 183 in accordance with the opinion in Krause.

12.f. Admits the allegations in the first and second sentences of ¶ 12.f.; and denies the allegations in the third sentence of ¶ 12.f.

12.g. Avers that the allegations in ¶ 12.g. constitute conclusions of law to which no

response is required.

12.h. Avers that the allegations in ¶ 12.h. constitute conclusions of law to which no response is required.

12.i. Denies the allegations in ¶ 12.i.; and avers further that the allegations in ¶ 12.i. constitute conclusions of law to which no response is required.

12.j. Denies the allegations in ¶ 12.j.

13. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13.

14. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14.

## JURISDICTIONAL DEFENSES

15. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a refund of tax motivated interest, if plaintiffs failed to file a refund claim.

16. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a refund of tax motivated interest, because, even if plaintiffs filed an otherwise proper refund claim on April 15, 2005, such claim was filed untimely outside the period/s of limitation prescribed in 26 U.S.C. § 6230(c).

17. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a refund of tax motivated interest, because plaintiffs bear the burden to demonstrate that their underpayments are not attributable to tax motivated transactions, and they are barred from attempting to do so in this partner level proceeding, because the IRS and the United States Tax

Court determined that the transactions giving rise to plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated partnership transactions.

AFFIRMATIVE DEFENSES

18. Plaintiffs are barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a refund of tax motivated interest, because plaintiffs are bound by one or more decisions of the United States Tax Court, including Krause v. Commissioner, 99 T.C. 132 (1992); Acierno v. Commissioner, T.C. Memo. 1997-441, 1997 WL 593874 (Sept. 25, 1997); Vulcan Oil et. al. v. Commissioner, Docket No. 21530-87, Decision June 13, 2002, that the partnership transactions giving rise to plaintiffs' disallowed deductions (and corresponding underpayments) were tax motivated transactions.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

May 9th, 2006