**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

April 15, 2005

**PRIORITY CERTIFIED MAIL**
**# 7002 3150 0005 7422 0929**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Philadelphia, PA 19255

Re: Thomas H. McGann (SSN [redacted]9326) and Evelyn G. McGann (SSN [redacted]4198)
Form 843, Claim for Refund and Request for Abatement, for 1983
Form 8822, Change of Address, for tax year 1983

Dear Sirs:

Enclosed are the above refund claim to be filed for the above clients. Please mail the refund in care of Thomas E. Redding in accordance with the instructions on Part 6 of the attached power of attorney.

**The claim is timely filed within two years of payment of the amount sought to be refunded.**

Very truly yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

SWG:mcs

Enclosures - Form 843
Form 8822
Power of Attorney

PLAINTIFF'S EXHIBIT A

R:\DOCS\CORRESP.Q\QGGL4155.MC1.wpd

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| THOMAS H. MCGANN<br>EVELYN G. MCGANN<br>512 WESTWIND DRIVE<br>BERWYN, PA 19312 | [redacted]-9326<br>[redacted]-4198 | |
| | Daytime telephone number 610-647-2782 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980, 1981, 1982, (1983) 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here THM EGM and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED1675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Thomas H. McGann — Signature | 9-16-03 — Date | Title (if applicable)

THOMAS H. MCGANN — Print Name

Evelyn G. McGann — Signature | 9-16-03 — Date | Title (if applicable)

EVELYN G. MCGANN — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 10/1/03 |
| A | Texas | Sallie W. Gladney | 10-1-03 |
| A | Texas | Teresa J. Womack | 10/1/03 |

STF FED4675F 2

Form **843** (Rev. November 2002) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves* ***(a)*** *one of the taxes shown on line 3a or* ***(b)*** *a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not*** *use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: THOMAS H MCGANN & EVELYN G MCGANN

Your SSN or ITIN: [redacted]9326

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's SSN or ITIN: [redacted]4198

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number (EIN)

Name and address shown on return if different from above: 512 West Wind Drive Berwyn, PA 19312

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period

From January 1, 1983 to December 31, 1983

**2** Amount to be refunded or abated $ 18,309.66**

**3a** Type of tax, penalty, or addition to tax:

☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)

☒ Penalty — IRC section ▶ §6621(c)

**b** Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:

☒ Interest as a result of IRS errors or delays.

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ April 14, 2003 and April 21, 2003

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

** *or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Thomas H McGann Date 4-14-05

Signature Evelyn G McGann Date 4/14/05

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

ISA STF FED1524F

Form **843** (Rev. 11-2002)

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: THOMAS H MCGANN & EVELYN G MCGANN

Your SSN or ITIN: [redacted]9326

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's SSN or ITIN: [redacted]4198

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number (EIN):

Name and address shown on return if different from above:
512 West Wind Drive
Berwyn, PA 19312

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From January 1, 1983 to December 31, 1983

**2** Amount to be refunded or abated
$ 18,309.66**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ April 14, 2003 and April 21, 2003

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

** *or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) ____________ Date ____________

Signature ____________ Date ____________

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form **843** (Rev. 11-2002)

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| THOMAS H. MCGANN<br>EVELYN G. MCGANN<br>512 WESTWIND DRIVE<br>BERWYN, PA 19312 | [redacted]9326<br>[redacted]-4198 | |
| | Daytime telephone number<br>610-647-2782 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all | Tax periods ending:<br>December 31, 1980,1981, |
| | partnerships in which the taxpayer is a partner. | 1982,1983,1984,1985,1986,<br>1987,1988,1989,1990,1991, |
| | | 1992,1993,1994,1995,1996,<br>1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here THM EGM and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Thomas H. McGann (signature) 9-16-03
Signature | Date | Title (if applicable)

THOMAS H. McGANN
Print Name

Evelyn G McGann (signature) 9-16-03
Signature | Date | Title (if applicable)

EVELYN G. McGANN
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/03 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-03 |
| A | Texas | (signature) Teresa J. Womack | 10/1/03 |

STF FED4675F 2

**THOMAS H. and EVELYN G. McGANN**
**(SSN[redacted]9326 and SSN[redacted]4198)**
**EXPLANATION - 1983 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Drake Oil Technology Partners partnership (referred to in this explanation as "the Partnership") for 1983 is filed based upon the following grounds:

1. The claim is timely. It is being filed within two years from the date of payment.

2. The taxpayer(s) invested as a limited partner in Drake Oil Technology Partners – a partnership in the Elektra partnership group – and took a deduction based on his related partnership losses on his individual tax return for 1983.

3. The IRS issued Notice(s) of Final Partnership Administrative Adjustment ("FPAAs")for the partnership. The FPAAs proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit." See Exhibit A.

4. On July 2, 1987, a combined Tax Court petition for tax year 1983 was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

5. In 1992, the Tax Court issued its published opinion in *Krause v.Commissioner*, 99 T.C. 132 (1992). See Exhibit B. *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld the Tax Court's *Krause* opinion in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994). See Exhibit C.

6. In each related TEFRA case, including *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*." See excerpt attached as Exhibit D.

7. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." See excerpt attached as Exhibit E. The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

8. Based on the *Vulcan Oil* decision the IRS assessed tax, interest, and §6621(c) penalty interest against the taxpayers on March 24, 2003.

9. On information and belief, the IRS issued to the taxpayers a Form 4549A-CG showing how the IRS computed the purported liability. Forms 4549 issued to other Elektra related partners state that the underpayment of tax is attributable to TMT as defined under §6621(c) but the

basis of these purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

10. The portion of interest assessed due to the penalty rate under §6621(c) was $18,309.66.

11. The taxpayer(s) paid the assessed tax and interest, including §6621(c) penalty interest, in full on April 14, 2003 and April 21, 2003.

12. The taxpayer is not liable for §6621(c) penalty interest because:

a. *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). See Exhibit F.

On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships, including the taxpayer(s), are not subject to §6621(c) penalty interest;

b. *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004).See Exhibit G.

On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs (see Exhibit A) and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the taxpayer(s) was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner,* 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

c. In any event no portion of the underlying liability was attributable to a TMT as defined in §6621(c) or the regulations thereunder.

d. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

13. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability.

14. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

Exhibits: Exhibit A - Notice of Final Partnership Administrative Adjustment
Exhibit B - *Krause v.Commissioner*, 99 T.C. 132 (1992)
Exhibit C - *Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994)
Exhibit D - Excerpts from Motion to Dismiss filed in *Vulcan Oil*
Exhibit E - Excerpts from Decision filed in *Vulcan Oil*
Exhibit F - *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002)
Exhibit G - *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004)

Internal Revenue Service

Department of the Treasury

X-A

C00153174

Date: APR 06 1...

Name of Partnership: Drake Oil Technology

Taxpayer Identifying Number: 84-0856853

Tax Year Ended: December 31, 1983

Date FPAA Mailed to Tax Matters Partner:

Person to Contact: E. Walstaad

Contact Telephone Number: (303) 844-5934

American Energy Resources, Inc. TMP
Drake Oil Technology
1360 Sunset Cliffs Blvd.
San Diego, CA 92107

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20717. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by

law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the x matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Lawrence B. Gibbs
Commissioner
by

G. L. Mihlbachler
District Director

Enclosures:
Form 870-P
Copy of this letter

Page ___ of ___ pages

Form 4605-A (Rev. July 1980)

Department of the Treasury—Internal Revenue Service

# Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations

| Name and Address | Employer Identification Number | | Form Number |
|---|---|---|---|
| Drake Oil Technology Partners<br>1360 Sunset Cliffs Blvd.<br>San Diego, CA 92107 | 84-0856853 | | 1065 |
| | Person Examination Changes Were Discussed With | Name | |
| | | Title | |

| 1. Adjustments to ordinary, distributable net, or taxable income. | Year 1983 | Year | Year |
|---|---|---|---|
| a Deductions | 23,198,105 | | |
| b | | | |
| c. | | | |
| d | | | |
| e. | | | |
| f. | | | |
| g | | | |
| 2 Total adjustments to ordinary, ~~distributable net, or taxable~~ income | 23,198,105 | | |
| 3 Ordinary, ~~distributable net, or taxable~~ income as reported | (19,698,934) | | |
| 4 Corrected ordinary, ~~distributable net, or taxable~~ income. | 3,499,171 | | |
| 5 Other adjustments - See Attached | | | |
| a | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| b | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Remarks

013

| Examiner's Signature | District Office | Date |
|---|---|---|
| [signature] | 84 | [illegible] |

Drake Oil Technology Partners
1983-1065
Other Adjustments

| | | |
|---|---|---|
| Item 5a. | Net Investment (Loss) Tax Preference Item | |
| | Adjustment | $19,501,945 |
| | As Reported | ($19,501,945) |
| | Corrected | $0 |
| Item 5b. | Net Earnings (loss) From Self-employment | |
| | Adjustment | $164,070 |
| | As Reported | ($7,720) |
| | Corrected | $156,350 |
| Item 5c. | Basis of New Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $3,272 |
| | As Reported | $3,272 |
| | Corrected | $0 |
| Item 5d. | Basis of Used Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $107,083 |
| | As Reported | $107,083 |
| | Corrected | $0 |
| Item 5e. | Cost Depletion | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |
| Item 5f. | Oil & Gas Depletion to Extent of Basis | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

1. It is determined that the deductions, reported by Drake Oil Technology (A TEFRA Partnership) on its 1983 partnership income tax return in the amount of $23,198,105.00 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity:

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income:

(c) Were [illegible] by the partnership [illegible]

[illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Field is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights;

In addition, it has not been established that license fees claimed by the partnership qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are [illegible] the partners' at risk [illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

This Final Partnership Administrative Adjustment for the tax year ended December 31, 1983 does not reflect possible adjustments to Oil Technology Group-Illinois Basin Partnership, a TEFRA partnership in which you were a partner in 1983. Oil Technology Group-Illinois Basin Partnership is currently under examination pursuant to the TEFRA provisions of IRC section 6221 thru 6231. You will be informed of any adjustments to your 1983 returns after completion of the partnership examination.

EXHIBIT A

SCHEDULE OF DEDUCTIONS
RE: DRAKE OIL TECHNOLOGY PARTNERS
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1983

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $ 3,401,521 | $0 | $ 3,401,521 |
| Guaranteed payments | 156,350 | 0 | 156,350 |
| License fee | 18,155,000 | 0 | 18,155,000 |
| Accounting | 22,310 | 0 | 22,310 |
| Abandonment | 579,558 | 0 | 579,558 |
| Legal & Other expenses | 25,483 | 0 | 25,483 |
| Consulting | 704,060 | 0 | 704,060 |
| Amortization | 54,465 | 0 | 54,465 |
| Depreciation | 8,583 | 0 | 8,583 |
| Overhead | 90,775 | 0 | 90,775 |
| | ---------- | -- | ---------- |
| Total | $23,198,105 | $0 | $23,198,105 |
| | ========== | == | ========== |

United States Tax Court
Gary E. KRAUSE, Tax Matters Partner, Barton Enhanced Oil Production Income Fund, Petitioner
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
R.A. HILDEBRAND and Dorothy A. Hildebrand Wahl, Petitioners
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
**Nos. 16425-86, 33231-86.**

July 29, 1992.

*132 Kenneth M. Barish, for petitioner at docket No. 16425-86.

Jeffrey P. Berg, for petitioners at docket No. 33231-86.

Stephen M. Miller, Marion S. Friedman, and Elizabeth Girafalco Chirich, for respondent.

SWIFT *Judge:*

At docket No. 33231-86, with respect to petitioners Dorothy A. Hildebrand Wahl and R.A. Hildebrand, respondent determined deficiencies in Federal income tax, increased interest, and additions to tax for 1980, 1981, and 1982, as follows:

Petitioners at Docket No. 33231-86
Dorothy A. Hildebrand Wahl

| | | Increased Interest and Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6621(c) | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1980 | $39,359 | * | $1,968 | ... | ... |
| 1981 | 48,027 | * | ... | $2,464 | ** |

R.A. Hildebrand

| | | Increased Interest and Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6621(c) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6661 |
| 1982 | $71,463 | * | $3,573 | ** | $15,731 | $1,903 |

**120 percent of the interest accruing after Dec. 31, 1984, on the portion of the underpayment attributable to a tax-motivated transaction.

**50 percent of the interest due on the portion of the underpayment attributable to negligence.

*133 At docket No. 16425-86, with respect to Barton Enhanced Oil Production Income Fund, a Kansas limited partnership, and petitioner Gary E. Krause as tax matters partner, and by notice of final partnership administrative adjustment (FPAA), respondent disallowed Barton's ordinary losses for 1982 and 1983 in the respective amounts of $504,972 and $500,341.

Respondent also determined increased interest and additions to tax under sections 6621(c), [FN1] 6659, and 6661 with respect to petitioner Gary E. Krause's 1982 and 1983 individual Federal income tax liabilities.

These consolidated cases are test cases for over 2,000 related cases and for a number of related TEFRA partnerships. Alleged total tax deficiencies at issue in connection with this group of related cases and TEFRA partnerships are in excess of $2 billion.

On May 11, 1989, prior to trial, we issued an opinion in these consolidated cases with respect to the parties' cross motions for partial summary judgment which decided a number of legal issues. See *Krause v. Commissioner*, 92 T.C. 1003 (1989).

Exhibit "B"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The particular limited partnerships that are involved in these test cases (namely, Technology Oil and Gas Associates 1980 (Technology-1980) and Barton Enhanced Oil Production Income Fund (Barton)) were part of two groups of limited partnerships that are referred to in this opinion at various times as the "Manhattan Partnerships", the "Wichita Partnerships", and occasionally as "the partnerships". The partnerships had the stated general objective of, among other things, ***134** investing in enhanced oil recovery (EOR) technology for the recovery of oil and natural gas.

Respondent disallowed substantial losses claimed by the limited partners of the partnerships for 1980 and 1981, and claimed by the partnerships for 1982 and 1983. These test cases raise the following primary issues: (1) Whether the investments in and the activities of the partnerships were entered into and engaged in with actual and honest profit objectives, and (2) whether the stated debt obligations of the partnerships constituted genuine debt obligations, or whether they constituted contingent, sham debt obligations, lacking in economic substance.

Resolution of the issues in these cases is complicated by the extensive record. Trial of these cases lasted 15 weeks. The trial transcript consists of 8,361 pages. Over 1,500 multi-page exhibits were admitted into evidence, and a total of 46 fact witnesses and 28 expert witnesses testified.

FINDINGS OF FACT

Some of the relevant facts were stipulated and are so found.

Petitioner R.A. Hildebrand (Hildebrand) resided in Denver, Colorado, and petitioner Dorothy A. Hildebrand Wahl (Wahl) resided in Lakewood, Colorado, at the time their joint petition was filed. Barton's principal place of business was in Wichita, Kansas, at the time the petition was filed.

Throughout the mid to late 1970s and early 1980s, world oil markets were destabilized by war in the Middle East, by the Iranian revolution, by production and export quotas of oil exporting countries, and by other actions of the Organization of Petroleum Exporting Countries (OPEC). During these years, certain segments of the public, of the oil industry, and of governmental organizations responsible for energy policy reflected a certain hysteria about the worldwide energy crisis and about oil prices.

From 1978 to 1979, the average domestic crude oil price fluctuated from $12.70 per barrel to $34.35 per barrel and peaked in March of 1981 at $34.70 per barrel. In August of 1980, spot oil prices for Saudi light crude oil reached approximately $46 per barrel, and as of the end of 1980, the price of Saudi light crude oil was $38 per barrel.

***135** A 1980 report of the U.S. Department of Energy (DOE) and various studies published by oil industry representatives indicated that oil prices by 1990 could go as high as $123 per barrel. The table below indicates the mid-level crude oil price projections for 1980 to 1995 that were set forth in the 1980 DOE report, in 1979 dollars and in projected inflated dollars, as follows:

In Constant 1979 Dollars ($/bbl)

| | 1980 | 1985 | 1990 | 1995 |
|---|---|---|---|---|
| Low price | 32.66 | 32 | 32 | 32 |
| Midprice | 32.66 | 37 | 41 | 50 |
| High price | 32.66 | 43 | 49 | 70 |

In Projected Inflated Dollars ($/bbl)

| | 1980 | 1985 | 1990 | 1995 |
|---|---|---|---|---|
| Low price | 37.24 | 53 | 77 | 106 |
| Midprice | 37.24 | 61 | 98 | 165 |
| High price | 37.24 | 71 | 117 | 231 |

In the late 1970s, as a result of the energy crisis of the 1970s, the Carter Administration announced a new national goal for the United States within a decade to achieve energy independence. See President James E. Carter, The Energy Problem, Address to the Nation, 13 Weekly Comp.Pres.Doc. 560 (April 18, 1977); President James E. Carter, Energy and National Goals, Address to the Nation,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.