**SCHEDULE K-1 (Form 1065)**
Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

For calendar year 1983 or fiscal year
beginning ........................, 1983, and ending ........................, 19...

OMB No. 1545-0099

**1983**

**Partner's identifying number ▶** [redacted]9326

**Partnership's identifying number ▶**

Partner's name, address, and ZIP code

THOMAS H. MC GANN
517 WESTWIND DRIVE
BERWYN, PA.

PU 51-0121089 DEC83 D51 L *
GEORGE C WALUEFF & T H MCGANN PTR
MCWAL COMPANY
PO BOX 467
WILM DE 19899
382

A Is partner a general partner (see page 3 of Instructions)? ☑ Yes ☐ No

B Partner's share of liabilities (see page 10 of Instructions):
Nonrecourse . . . . . $ ..............
Other . . . . . $ 121,016

C What type of entity is this partner? ▶ INDIVIDUAL

D Enter partner's percentage of:

| | (i) Before decrease or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 50 % |
| Loss sharing | % | 50 % |
| Ownership of capital | % | 50 % |

E IRS Center where partnership filed return ▶ PHILA PA

F Reconciliation of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Ordinary income (loss) from line 1 | (d) Income not included in column (c), plus nontaxable income | (e) Losses not included in column (c), plus unallowable deductions | (f) Withdrawals and distributions | (g) Capital account at end of year |
|---|---|---|---|---|---|---|
| 16768 | | (14696) | 33 | 9722 | 64803 | (72,420) |

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) | (14,696) | Sch. E, Part II, col. (d) or (e) |
| | 2 | Guaranteed payments | | Sch. E, Part II, column (e) |
| | 3 | Interest from All-Savers Certificates | | Sch. B, Part I, line 4 |
| | 4 | Dividends qualifying for exclusion | | Sch. B, Part II, line 9 |
| | 5 | Net short-term capital gain (loss) | | Sch. D, line 4, col. f. or g. |
| | 6 | Net long-term capital gain (loss) | 34 | Sch. D, line 12, col. f. or g. |
| | 7 | Net gain (loss) from involuntary conversions due to casualty or theft | | See attached instructions |
| | 8 | Other net gain (loss) under section 1231 | | Form 4797, line 1 |
| | 9 | Other (attach schedule) | | (Enter on applicable lines of your return) |
| Deductions | 10 | Charitable contributions: 50% ........, 30% ........, 20% ........ | | See Form 1040 instructions |
| | 11 | Expense deduction for recovery property (section 179) | | Sch. E, Part II, line 28 |
| | 12 a | Payments for partner to an IRA | | See Form 1040 instructions |
| | b | Payments for partner to a Keogh Plan (Type of plan ▶ ........) | | Form 1040, line 26 |
| | c | Payments for partner to Simplified Employee Pension (SEP) | | Form 1040, line 26 |
| | 13 | Other (attach schedule) | | (Enter on applicable lines of your return) |
| Credits | 14 | Jobs credit | | Form 5884 |
| | 15 | Credit for alcohol used as fuel | | Form 6478 |
| | 16 | Credit for income tax withheld | | See Form 1040 instructions |
| | 17 | Other (attach schedule) | | (Enter on applicable lines of your return) |
| Other | 18 a | Gross farming or fishing income | | See attached instructions |
| | b | Net earnings (loss) from self-employment | | Sch. SE, Part I |
| | c | Other (attach schedule) | | (Enter on applicable lines of your return) |
| Tax Preference Items | 19 a | Accelerated depreciation on nonrecovery real property or 15-year real property | | Form 6251, line 4c |
| | b | Accelerated depreciation on leased personal property or leased recovery property other than 15-year real property | | Form 6251, line 4d |
| | c | Depletion (other than oil and gas) | | Form 6251, line 4i |
| | d | (1) Excess intangible drilling costs from oil, gas, or geothermal wells | | See Form 6251 instructions |
| | | (2) Net income from oil, gas, or geothermal wells | 202 | |
| | e | Net investment income (loss) | | Form 6251, line 2e(2) |
| | f | Other (attach schedule) | | See attached instructions |

For Paperwork Reduction Act Notice, see Form 1065 Instructions.



PENGAD-Bayonne, N. J.
EXHIBIT
1

B - 1

| | | (a) Distributive share item | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Investment Interest | 20 a | Investment interest expense: | | |
| | | (1) Indebtedness incurred before 12/17/69 | | Form 4952, line 1 |
| | | (2) Indebtedness inc[redacted]9/11/75, but after 12/16/69 | | Form 4952, line 15 |
| | | (3) Indebtedness incurred after 9/10/75 | 8496 | Form 4952, line 5 |
| | b | Net investment income (loss) | 11,236 | See attached instructions |
| | c | Excess expenses from "net lease property" | | Form 4952, lines 11 and 19 |
| | d | Excess of net long-term capital gain over net short-term capital loss from investment property | | Form 4952, line 20 |
| Foreign Taxes | 21 a | Type of income | | Form 1116, Checkboxes |
| | b | Name of foreign country or U.S. possession | | Form 1116, Part I |
| | c | Total gross income from sources outside the U.S. (attach schedule) | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | | Form 1116, Part I |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | | Form 1116, Part III |
| | g | Other (attach schedule) | | Form 1116, instructions |
| Property Eligible for Investment Credit | 22 | Unadjusted basis of new recovery property — a 3-Year | | See attached instructions |
| | | Unadjusted basis of new recovery property — b Other | 5 ✓ | See attached instructions |
| | | Unadjusted basis of used recovery property — c 3-Year | | See attached instructions |
| | | Unadjusted basis of used recovery property — d Other | 146 ✓ | See attached instructions |
| | e | Nonrecovery property (see page 15 of instructions) (attach schedule) | | Form 3468, instr., line 2 |
| | f | New commuter highway vehicle | | Form 3468, line 3 |
| | g | Used commuter highway vehicle | | Form 3468, line 4 |
| | h | Qualified rehabilitation expenditures | | Form 3468, line 6a,b,or c |

| Property Subject to Recapture of Investment Credit | | A | B | C | |
|---|---|---|---|---|---|
| 23 | Properties: | | | | |
| a | Description of property (state whether recovery or nonrecovery property) | | | | Form 4255, top |
| b | Date placed in service | | | | Form 4255, line 2 |
| c | Cost or other basis | | | | Form 4255, line 3 |
| d | Class of recovery property or original estimated useful life | | | | Form 4255, line 4 |
| e | Date item ceased to be investment credit property | | | | Form 4255, line 8 |

**Department of the Treasury**
**Internal Revenue Service**
1040 Waverly Avenue
P.O. BOX 630
Holtsville NY 11742

**Date:** FEB 2 8 2003

Thomas H & Evelyn McGann
512 Westwind Dr
Berwyn PA 19312-1156

**Mail Stop:**
632-3
**Person to Contact:**
Joan Steigele
**Employee Identification Number:**
0178326024
**Telephone Number:**
631 447-6665
**Hours:**
8:00AM-11:00AM
**Time Zone:**
EST
**Day(s) of the Week:**
Mon-Thurs
**Taxpayer Identification Number:**
[redacted]9326
**Tax Year Ended:**
December 31, 1983

Dear Thomas H & Evelyn McGann:

Enclosed is Form 4549-A explaining how the adjustments made during our examination of the above return affect your individual income tax return. The Form 4549-A does not require any signatures and should not be returned to us, but should be kept for your records.

If you owe additional tax, you will receive a bill for the additional tax and interest. If penalties are applicable because of the adjustments made during our examination, a separate report will be mailed to you. If you are due a refund, it will be sent to you within 6 to 8 weeks.

If you have any questions about this matter, please write to the person whose name is shown at the top of this letter, or you may call that person at the telephone number shown.

If you prefer, you may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the office at the address shown on this letter is most familiar with your case.

If you write to us, please provide your telephone number and the most convenient time for us to call you in case we need more information. Attach this letter to any correspondence to help us identify your case. Keep the copy for your records.

Thank you for your cooperation.

Sincerely yours,

Shiela O'brien
Chief Research and Analysis Branch

Enclosure:
Form 4549-A
Copy of this letter

PENGAD-Bayonne, N. J.
EXHIBIT
2

B - 3

**Letter 2083 (SC) (Rev. 3-1986)**
Cat. No. 63342P

Form **4549A** | Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

Page 1 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Thomas H & Evelyn McGann<br>512 Westwind Dr<br>Berwyn PA 19312-1156 | [redacted]-9326 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| | Period End 12/31/1983 | Period End | Period End |
|---|---|---|---|
| **1. Adjustments to Income** | | | |
| a. Sch E-Ordinary Income 51-0121089 | 25,888.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 25,888.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 25,044.00 | | |
| 4. **Corrected Taxable Income** | 50,932.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. **Tax** | 12,387.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 12,387.00 | | |
| 8. **Less Credits** a. Investment Credit | 62.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 12,325.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 12,325.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 3,705.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 8,620.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 8,620.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 4.00.00 Form CG-4549A

| Form 4549A | Department of the Treasury - Internal Revenue Service<br>**Income Tax Examination Changes** | Page 2 of 2 |
|---|---|---|

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Thomas H & Evelyn McGann | [redacted]-9326 | 1040 |

| 17. Penalties | Period End 12/31/1983 | Period End | Period End |
|---|---|---|---|
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. Total Penalties | | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 8,620.00 | | |
| 19. Summary of Taxes, Penalties and Interest: | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 8,620.00 | | |
| b. Penalties (Line 18, Page2)-computed to 02/20/2003 | | | |
| c. Interest (IRC§ 6601)-computed to 03/22/2003 | 0.00 | | |
| d. TMT Interest – computed 03/22/2003 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 8,620.00 | | |

**Other Information:**

THIS REPORT IS PREPARED BASED ON THE TAX COURT DECISION, DOCKET #21530-87, FROM THE PARTNERSHIP, GEORGE C WALUEFF, EIN #51-0121089.

PLEASE REFER TO FORM 886-A FOR EXPLANATION OF ADJUSTED FIGURES.

IF YOU HAVE ANY QUESTIONS, CONTACT YOUR TAX MATTERS PARTNER.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Joan Steigele | 0178326024 | Brookhaven Service Center | 02/20/2003 |

RGS Version 4.00.00

Form CG-4549A

| Form 886-A (Rev. January 1994)886-A | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|
| Name of Taxpayer<br>Thomas H & Evelyn McGann | Taxpayer Identification Number<br>[redacted]9326 | Year/Period Ended<br>1983 |

**Sch E-Ordinary Income 51-0121089**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 1983 | ($14,696.00) | $11,192.00 | $25,888.00 |

ALL OR PART OF THE UNDERPAYMENT OF TAX YOU WERE REQUIRED TO SHOW ON YOUR RETURN IS A SUBSTANTIAL UNDERSTATEMENT ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS, AS DEFINED BY SECTION 6621(C) (3) OF THE INTERNAL REVENUE CODE. ACCORDINGLY, THE ANNUAL INTEREST RATE PAYABLE ON YOUR INCOME TAXES ON THIS UNDERSTATEMENT IS 120 PERCENT OF THE ADJUSTED RATE ESTABLISHED UNDER CODE SECTION 6621(B).

Your return is being adjusted in accordance with the examination results of the Partnership return in which you are an investor.

# United States of America

**Department of the Treasury**
**Internal Revenue Service**

Date: **May 5, 2006**

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: **Form 4340 Certificate of Assessments, and Payments, consisting of 4 page(s), of taxpayer(s) named herein in respect to the taxes specified, is a true and complete transcript for the period(s) stated, and all assessments, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification are shown therein. Thomas H. & Evelyn G. McGann, 512 West Wind Drive, Berwyn, PA 19312 for Tax Period(s) 198312 Form 1040.**

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

**PAUL L. CZARNECKI**
**ACCOUNTING CONTROL/SERVICES OPERATION MANAGER**
**PHILADELPHIA SUBMISSION PROCESSING CENTER**

EXHIBIT
3

Catalog Number 19002E

B - 7

Form **2866** (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADJUSTED GROSS INCOME 66,513.00 | | | |
| | TAXABLE INCOME 50,932.00 | | | |
| 04-15-1984 | RETURN FILED & TAX ASSESSED 28211-105-44682-4 198418 | 3,705.00 | | 05-14-1984 |
| 04-15-1984 | WITHHOLDING & EXCESS FICA | | 4,990.00 | |
| 05-14-1984 | REFUND | | (1,285.00) | |
| 08-16-1989 | ADVANCE PAYMENT OF DEFICIENCY | | 12,121.00 | |
| 08-18-1990 | RECEIVED POA/TIA | | | |
| 08-02-1996 | REMOVED POA/TIA | | | |
| 08-16-1989 | CORRECTION OF ADVANCED PAYMENT OF DEFICIENCY 1040 198612 [redacted]9326 | | (12,121.00) | |
| | RESTRICTED INTEREST ASSESSED 20031108 | 57,475.04 | | 03-24-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY AFTER 30 OR 60 DAY LETTER 19247-465-08022-3 20031108 | 8,620.00 | | 03-24-2003 |
| 03-24-2003 | RENUMBERED RETURN 19247-465-08022-3 | | | |
| 03-11-2003 | ADVANCE PAYMENT OF DEFICIENCY | | 8,620.00 | |

FORM 4340 (REV. 01-2002) PAGE 1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
[redacted]-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 04-17-2003 | RECEIVED POA/TIA | | | |
| | RESTRICTED INTEREST ASSESSED 20031808 | 276.21 | | 05-12-2003 |
| | ADDITIONAL TAX ASSESSED 28254-514-05015-3 20031808 | 0.00 | | 05-12-2003 |
| 04-14-2003 | SUBSEQUENT PAYMENT | | 17,312.79 | |
| 04-21-2003 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT | | 40,162.25 | |
| 04-14-2003 | AMENDED RETURN FILED 07277-532-00979-3 | | | |
| 05-12-2003 | OVERPAID CREDIT APPLIED 1040 200212 | | 276.21 | |
| 09-30-2003 | UPDATED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED 07254-531-07270-4 20042008 | 0.00 | | 05-31-2004 |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
[redacted]-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADDITIONAL TAX ASSESSED 19254-745-05029-4 20045108 | | 0.00 | 01-03-2005 |
| 12-16-2005 | LEGAL SUIT PENDING | | | |
| 03-24-2003 | Statutory Notice of Balance Due | | | |
| 04-28-2003 | Notice of Balance Due | | | |
| 05-12-2003 | Statutory Notice of Balance Due | | | |

FORM 4340 (REV. 01-2002) PAGE 3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

BALANCE 0.00

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED, AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

SIGNATURE OF CERTIFYING OFFICER: Paul L Czarnecki

PRINT NAME: PAUL L. CZARNECKI

TITLE: ACCOUNTING CONTROL/SERVICES OPERATION MANAGER

DELEGATION ORDER: 11

LOCATION: INTERNAL REVENUE SERVICE

ACCOUNT STATUS DATE 05/02/2006

FORM 4340 (REV. 01-2002) PAGE 4

UNITED STATES TAX COURT

UNITED STATES TAX COURT FILED JUL - 2 1987

~~VULCAN OIL TECHNOLOGY PARTNERS~~; ~~VANGUARD OIL TECHNOLOGY PARTNERS~~; ~~DRAKE OIL TECHNOLOGY PARTNERS~~; DILLON OIL TECHNOLOGY PARTNERS; ~~DERRINGER OIL TECHNOLOGY PARTNERS 1981~~; DERRINGER OIL TECHNOLOGY PARTNERS 1982; CROWNE OIL TECHNOLOGY PARTNERS; and ~~CARLTON OIL TECHNOLOGY PARTNERS, LTD.~~; American Energy Resources Inc., Tax Matters Partner

Petitioners,

vs.

COMMISSIONER OF INTERNAL REVENUE SERVICE,

Respondent.

DOCKET NO. 21530-87

POSTMARK DATE
POSTMETER DATE 6/26/87
HAND-DELIVERED

**PETITION**

The Petitioners hereby Petition for a readjustment of the Partnership items and a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in the Final Partnership Administrative Adjustments, copies of which are attached hereto, and as the basis of their case allege as follows:

1. The Petitioners are:

| NAME AND ADDRESS | TAXPAYER IDENTIFYING NUMBER | PLACE FILED |
|---|---|---|
| VULCAN OIL TECHNOLOGY PARTNERS c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0858746 | Ogden, Utah |
| VANGUARD OIL TECHNOLOGY PARTNERS c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0858201 | Ogden, Utah |

EXHIBIT 4

PENGAD-Bayonne, N. J.

| | | |
|---|---|---|
| DRAKE OIL TECHNOLOGY PARTNERS c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0856853 | Ogden, Utah |
| DILLON OIL TECHNOLOGY PARTNERS c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0862763 | Ogden, Utah |
| DERRINGER OIL TECHNOLOGY PARTNERS - 1981 c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0862764 | Ogden, Utah |
| DERRINGER OIL TECHNOLOGY PARTNERS - 1982 c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0891521 | Ogden, Utah |
| CROWNE OIL TECHNOLOGY PARTNERS c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0858166 | Ogden, Utah |
| CARLTON OIL TECHNOLOGY PARTNERS, LTD. c/o American Energy Resources, Inc., T.M.P. 1360 Sunset Cliffs Boulevard San Diego, California 92107 | 84-0928771 | Ogden, Utah |

2. The Notices of Final Partnership Administrative Adjustments and the Notices of Deficiency were mailed as follows:

| NAME | DATE MAILED | FROM |
|---|---|---|
| VULCAN OIL TECHNOLOGY PARTNERS | March 30, 1987 | Denver, Colorado |
| VANGUARD OIL TECHNOLOGY PARTNERS | March 30, 1987 | Denver, Colorado |

| | | |
|---|---|---|
| DRAKE OIL TECHNOLOGY PARTNERS | April 6, 1987 | Denver, Colorado |
| DILLON OIL TECHNOLOGY PARTNERS | April 15, 1987 | Salt Lake City, Utah |
| DERRINGER OIL TECHNOLOGY PARTNERS - 1981 | March 30, 1987 | Denver, Colorado |
| DERRINGER OIL TECHNOLOGY PARTNERS - 1982 | March 30, 1987 | Denver, Colorado |
| CROWNE OIL TECHNOLOGY PARTNERS | April 15, 1987 | Ogden, Utah |
| CARLTON OIL TECHNOLOGY PARTNERS, LTD. | March 30, 1987 | Denver, Colorado |

3. The Final Partnership Administrative Adjustments by the Commissioner are:

| Partnership/ Petitioner | Tax Year | Administrative Adjustment | Amount in Dispute | Penalty |
|---|---|---|---|---|
| VULCAN OIL | 12/31/83 | $ 6,798,193 | $ 6,798,193 | * |
| VANGUARD OIL | 12/31/83 | $ 4,114,552 | $ 4,114,552 | * |
| DRAKE OIL | 12/31/83 | $23,198,105 | $23,198,105 | * |
| DILLON OIL | 12/31/83 | $17,419,617 | $17,419,617 | * |
| DERRINGER OIL-1981 | 12/31/83 | $ 2,961,638 | $ 2,961,638 | * |
| DERRINGER OIL-1982 | 12/31/83 | $10,233,403 | $10,233,403 | * |
| CROWNE | 12/31/83 | $ 7,606,434 | $ 7,606,434 | * |
| CARLTON | 12/31/83 | $ 1,156,815 | $ 1,156,815 | * |

*Penalties: To be determined under I.R.C. Sections 6621 (Tax Motivated Transactions); 6659 (over-valuation); and 6661 (substantial underpayment).

4. The determination of taxes set forth in said Final Partnership Administrative Adjustment is based on the following errors for each joint petitioner, each involving common issues of fact and of law:

(As to the Petitioner Partnerships)

A. In determining the tax liability, the Commissioner has erroneously increased taxable income of the petitioners by disallowing a partnership loss from Dillon Oil Technology Partners ("Dillon" or "Partnership") based on the Commissioner's erroneous and arbitrary conclusion that:

(1) Petitioners failed to establish that the underlying events, transactions and expenditures occurred in fact or in substance;

(2) The claimed losses, deductions and tax credits did not originate in a trade or business or in a transaction entered into for profit;

(3) The notes executed by Petitioners in favor of the Partnership are non-recourse, contingent, speculative and lacking in economic substance;

(4) Petitioners were not at risk within the meaning of IRC Sec. 465 for any amounts in excess of those actually paid in cash to the Partnership, and thus said losses are in excess of Petitioners' adjusted basis.

(5) The claimed losses and deductions materially distorted income and;

(6) The stated price of the technology license and the various extraction rights exceed the actual cost to the Partnership for those items. Thus, losses and deductions based thereon are disallowed since they lack economic reality.

Furthermore, the claimed losses, deductions and tax credits are unallowable because they derive from expenditures which:

(7) Were incurred prior to the commencement of any business activity;

(8) Do not qualify as ordinary and necessary business expenses of the Partnership or expenses incurred by the partnership for the production of income;

(9) Were not properly accrued by the Partnership;

(10) Were not incurred by the Partnership in connection with the purpose designated by the Partnership;

(11) Were capital in nature.

In addition, it has not been shown:

(12) That the entity from which the Partnership purportedly licensed a technology portfolio (Elektra or Hemisphere) had any rights to such property which could be licensed;

(13) What the fair market value of the purported technology license is, and that the purported (stated) price of the license to the Partnership, did not unreasonably exceed the fair market value of such license;

(14) What the fair market value of the extraction rights to the Monroe Gas Fields is, and that the purported (stated) price of such extraction rights to the Partnership, did not unreasonably exceed the fair market value of such rights; and

(15) That the Partnership had any rights to the extraction of the Wyoming-Utah tar sands, the fair market value of such rights, if any; and that the purported (stated) price of such extraction rights did not unreasonably exceed the fair market value thereof.

(16) License fees claimed by the Partnership do not qualify as research and experimental expenditures under I.R.C. Sec. 174.

In addition, with respect to advanced minimum royalties claimed by the Partnership, it has not been established:

(17) That the amounts claimed were paid or accrued with respect to oil, gas, or other mineral products which were sold in the same year;

(18) That alleged payments constitute substantially uniform royalties to be paid over the life of the lease or otherwise qualify under the provisions of I.R.C. Sec. 612 and the regulations thereunder, and;

(19) That the amounts claimed do not constitute capital expenditures; therefore,

(a) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for License Fees.

(b) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Consulting Fees.

(c) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Legal Fees.

(d) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Amortization of Organization Costs.

(e) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Guaranteed Payment made to the General Partner.

B. In determining the tax liability, the Commissioner has erroneously proposed an addition to tax under Code Section 6621(c), 6659 and 6661.

C. As affirmative Defense the Petitioners assert that the allegations of Respondent amount to allegations of fraud and are scandalous and therefore, under the Rules of the United States Tax Court, the burden of going forward on all such issues must be shifted to the Respondent and it should be limited therein to untainted evidence.

5. The facts upon which petitioners rely as the basis of this proceeding are as follows:

A. Each Oil Technology Partnership (the "Partnership") was organized as a limited partnership under the laws of Pennsylvania to acquire producing wells and their adjoining properties, and to improve production from those properties by applying enhanced oil recovery and advanced production technologies.

B. In 1983, each partnership consisted of validly subscribed partners who contributed cash and at risk notes to capitalize the entity.

C. That the partners paid substantial amounts to the Partnership during 1983 and executed various negotiable promissory notes.

D. That during 1983, the partners assumed unconditional liability to the extent of $56,250 per unit of the Partnership's liability to Hemisphere Licensing Corporation ("Hemisphere"), or assigns.

E. In 1983, the Partnerships investigated and worked the primary and secondary oil and gas recovery potential of a 60 acre tract ("Properties") subject to the leasehold working interest held by Tulesbond, Ltd. ("Tulsebond") in the E. O. Gregory lease covering 1,126 acres in the Parker Township, Butler County, Pennsylvania and other similar valuable properties.

F. In 1983, the Partnerships employed Lewin Energy Corporation ("Lewin Energy") to conduct a geological investigation of the Properties. The geological investigation resulted in Lewin Energy reporting sufficient oil and gas reserves for profitable operations on partnership properties.

G. In 1983, the Partnerships retained legal counsel to render a title opinion of Tulsebond's leasehold working interest in the Properties and perform other reasonable and necessary legal services.

H. In 1983, the Partnerships retained Lewin Energy to prepare a financial analysis report based upon its investigation of reserves on the Properties. Lewin Energy's report indicated a favorable profit and cash flow projection based upon assumptions and projections used by the U.S. Department of Energy and other oil industry experts.

I. In 1982, the Partnerships, relying on reports furnished by oil industry experts, acquired the operating rights on the Properties held by Tulsebond. Tulsebond conveyed a 100% working interest to the Partnership, subject to the landowner's royalty interest of 12.5% and a 6.25% overriding royalty interest to Tulsebond. During 1983 these partnerships owned and operated over 100 producing oil and gas wells. The price of oil fell dramatically so many wells were capped and preserved for future exploitation and O.E.R. operations.

J. In 1982, the Partnerships retained Technical Enterprises, Inc. ("Operator") to manage the existing wells on the Properties, make tests for future wells and plug dry holes and provide general maintenance of the Properties, which activity continued through 1983.

K. In 1982, the Partnerships retained Petroleum Sciences, Inc. to manage oil and gas production facilities and to advise the Partnership of the research and development of enhanced oil recovery ("EOR") technologies and processes.

L. In 1982, the Partnerships retained Northbrook Corporation to locate additional target fields likely to contain sufficient petroleum reserves and to conduct negotiations on behalf of the Partnership once a target field was identified.

M. In 1982, the Partnerships retained Technology Catalysts, Inc. ("Technology") to conduct an investigation of EOR and other oil and gas technologies and processes held by Hemisphere

Licensing Corporation ("Hemisphere"). Technology's findings reported that Hemisphere offered the Partnership the best opportunity in the United States to obtain rights to advance oil and gas recovery technologies. Amounts paid by the partnerships were equivalent to fair market value for property and services received.

N. In 1983, the Partnerships retained legal counsel to render an opinion as to the scope of rights in certain inventions and patents held only by Hemisphere.

O. On December 31, 1982, after considerable arms-length negotiations and based on the favorable reports of Technology (See M) and legal counsel (See N), the Partnerships entered into an agreement ("License") with Hemisphere to obtain the rights to use all current and future inventions and patents ("Technologies") held by Hemisphere. The payments are annual and are reasonable in amount and the Partnerships in fact used consultation and advice in 1983 derived from the contract relationship.

P. On December 31, 1983, in consideration for the License and for research and experimentation, the Partnerships paid Hemisphere substantial fees per contract for the annual right to use the Technologies. The Partnership paid some cash and executed a negotiable recourse promissory note ("Note"). The Note is due on December 31, 2006 and bears interest at 10% per annum and partner notes were delivered for payment.

Q. Hemisphere does not possess either a capital interest or a net profits interest in the Partnership and the notes are at risk in nature.

R. Prior to 1983, the Partnerships paid or incurred organization costs to which the Partnerships elected to amortize over sixty months pursuant to Section 709 of the Internal Revenue Code of 1954, as amended, ("Code"). Therefore, the Partnership properly reported amortization expense.

S. Prior to 1983, the Partnerships paid or incurred syndication costs which were properly capitalized.

T. In 1983, the Partnerships paid or incurred consulting fees in connection with the ordinary and necessary operation of the businesses.

U. In 1983, the Partnerships paid or incurred legal fees for legal services not rendered in the syndication or organization of the Partnership.

V. In 1983, the Partnerships paid or incurred certain guaranteed payments to the General Partner.

W. In 1983, each Partnership paid accounting fees to the firm of Peat, Marwick and Mitchell, C.P.A., for preparation of tax returns and financial statements.

WHEREFORE, Partnership/Petitioners pray that the Court may hear this proceeding, decide and order that no deficiency in income tax and additions to tax is due and owing from petitioners, readjust the Final Partnership Administrative Adjustments at the partnership level, shift the burden of going forward with untainted evidence to the Respondent, and grant such other and further relief as the Court may deem proper.

Respectfully submitted,

DECLAN J. O'DONNELL, NO. 4412
Attorney for Partnership/Petitioners
6841 South Yosemite Street
Englewood, Colorado 80112
(303) 721-1177

Internal Revenue Service | Department of the Treasury

C00153175

Date: APR 06 1987

Name of Partnership: Drake Oil Technolog

Taxpayer Identifying Number: 84-0856853

Tax Year Ended: December 31, 1983

Date FPAA Mailed to Tax Matters Partner:

Person to Contact: E. Walstaad

Contact Telephone Number: (303) 844-5934

American Energy Resources, Inc. TMP
Drake Oil Technology
2485 Grant Avenue
Suite 300
Ogden, Utah 84401

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20717. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by

(over)

law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Lawrence B. Gibbs
Commissioner
by

G. L. Mihlbachler

G. L. Mihlbachler
District Director

Enclosures:
Form 870-P
Copy of this letter



Letter 1830(DO) (Rev. 10-84)

Page ___ of ___ pages

Form 4605-A (Rev. July 1980)

Department of the Treasury—Internal Revenue Service

**Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations**

| Name and Address | Employer Identification Number | Form Number |
|---|---|---|
| Drake Oil Technology Partners<br>1360 Sunset Cliffs Blvd.<br>San Diego, CA 92107 | 84-0856853 | 1065 |
| | Person Examination Changes Were Discussed With | Name:<br>Title: |

| 1. Adjustments to ordinary, distributable net, or taxable income | Year 1983 | Year | Year |
|---|---|---|---|
| a Deductions | 23,198,105 | | |
| b. | | | |
| c. | | | |
| d | | | |
| e. | | | |
| f. | | | |
| g | | | |
| 2. Total adjustments to ordinary, ~~distributable net or taxable~~ income | 23,198,105 | | |
| 3. Ordinary, ~~distributable net or taxable~~ income as reported | (19,698,934) | | |
| 4. Corrected ordinary, ~~distributable net, or taxable~~ income. | 3,499,171 | | |
| 5. Other adjustments – See Attached | | | |
| a | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| b | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Remarks

| Examiner's Signature | District Office | Date |
|---|---|---|
| [signature] | SD | [illegible] |

Form 4605-A (Rev. 7-80)

Drake Oil Technology Partners
1983-1065
Other Adjustments

| | | |
|---|---|---|
| Item 5a. | Net Investment (Loss) Tax Preference Item | |
| | Adjustment | $19,501,945 |
| | As Reported | ($19,501,945) |
| | Corrected | $0 |
| Item 5b. | Net Earnings (loss) From Self-employment | |
| | Adjustment | $164,070 |
| | As Reported | ($7,720) |
| | Corrected | $156,350 |
| Item 5c. | Basis of New Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $3,272 |
| | As Reported | $3,272 |
| | Corrected | $0 |
| Item 5d. | Basis of Used Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $107,083 |
| | As Reported | $107,083 |
| | Corrected | $0 |
| Item 5e. | Cost Depletion | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |
| Item 5f. | Oil & Gas Depletion to Extent of Basis | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |

| Form **870-P** (Rev. February 1985) | Department of the Treasury — Internal Revenue Service **Settlement Agreement for Partnership Adjustments (Under IRC 6224)** |
|---|---|

| Names and address of taxpayers *(Number, street, city or town, State, ZIP code)* | Social security or employer identification number |
|---|---|
| American Energy Resources, Inc. TMP<br>Drake Oil Technology Partners<br>2485 Grant Ave. Suite 300<br>~~Ogden, Utah 84401~~ | 84-0856853 |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership(s) for the year(s) shown on the attached schedule of adjustments. The undersigned also offers to waive restrictions on the assessment and collection of any deficiency (with interest as provided by law) that would result from making the treatment of partnership items on the return of the undersigned consistent with the treatment of those items on the partnership return with the attached schedule of adjustments:

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By *(Signature and title)* | Date |

**NOTE:** The execution and filing of this offer will expedite the adjustment of the liability.

If this offer is executed with respect to a year for which a **JOINT RETURN OF A HUSBAND AND WIFE** was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If the taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided the action is specifically authorized by a power of attorney, which must accompany the form.

| **FOR INTERNAL REVENUE USE ONLY** | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury — Internal Revenue Service

# SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP Drake Oil Technology Partners<br>TAXPAYER IDENTIFYING NUMBER 84-0856853 | TAX YEAR ENDED<br>December 31, 1983 | | |
|---|---|---|---|
| **DETAIL OF ADJUSTMENTS**<br>TO ORDINARY INCOME:<br>1. Deductions | $23,198,105 | | |
| 2. DISTRIBUTIVE SHARE ITEMS:<br>a. Net Investment Income (loss)-Tax Preference Item<br>Reported $(19,501,945)<br>Corrected 0<br>Adjustment $ 19,501,945<br>b. Net Earnings from Self-Employment<br>Reported $( 7,720)<br>Corrected 156,350<br>Adjustment $ 164,070<br>c. Basis of New Recovery Property Eligible for Investment Tax Credit<br>Reported $ 3,272<br>Corrected 0<br>Adjustment $ 3,272<br>d. Basis of Used Recovery Property Eligible for Investment Tax Credit<br>Reported $ 107,083<br>Corrected 0<br>Adjustment $ 107,083<br>e. Oil and Gas Depletion and Cost Depletion<br>Reported $ 152,941<br>Corrected 0<br>Adjustment $ 152,941 | | | |
| **TOTAL ADJUSTMENTS** to Ordinary Income | $23,198,105 | | |

Form 870-P (Rev. 2-85

*U.S. Government Printing Office: 1985—461-403/20215

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

1. It is determined that the deductions, reported by Drake Oil Technology (A TEFRA Partnership) on its 1983 partnership income tax return in the amount of $23,198,105.00 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity;

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income;

(c) Were properly accrued by the partnership;

(d) Were incurred by the partnership in connection with the purpose designated by the partnership; and

(e) Were not capital in nature.

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Field is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are not in excess of the partners' adjusted basis.

Statement
Schedule 2

Explanation of Adjustments
Derringer Oil Technology Partners-1981
Partnership Year Ended December 31, 1983

3. With respect to distributive share items it has been determined for the reasons stated above in explanation 1 that:

(a) net investment income (loss) for tax preference items is -0-;

(b) depletion is -0-;

(c) net earnings from self-employment is $156,350.00 as recomputed without regard to any distributive share of income or loss;

(d) basis of new and used recovery property eligible for investment tax credit is -0-.

With respect to the distributive share item, basis of new and used recovery property eligible for investment tax credit, in addition to the explanation in 1 and 3 above, it was determined that the distributive share amounts are -0- because it has not been established:

(a) that the property was investment credit property as defined in section 48 of the Internal Revenue Code;

(b) that the taxpayer had a basis in such property.

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

This Final Partnership Administrative Adjustment for the tax year ended December 31, 1983 does not reflect possible adjustments to Oil Technology Group-Illinois Basin Partnership, a TEFRA partnership in which you were a partner in 1983. Oil Technology Group-Illinois Basin Partnership is currently under examination pursuant to the TEFRA provisions of IRC section 6221 thru 6231. You will be informed of any adjustments to your 1983 returns after completion of the partnership examination.

EXHIBIT A

SCHEDULE OF DEDUCTIONS
RE: DRAKE OIL TECHNOLOGY PARTNERS
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1983

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $ 3,401,521 | $0 | $ 3,401,521 |
| Guaranteed payments | 156,350 | 0 | 156,350 |
| License fee | 18,155,000 | 0 | 18,155,000 |
| Accounting | 22,310 | 0 | 22,310 |
| Abandonment | 579,558 | 0 | 579,558 |
| Legal & Other expenses | 25,483 | 0 | 25,483 |
| Consulting | 704,060 | 0 | 704,060 |
| Amortization | 54,465 | 0 | 54,465 |
| Depreciation | 8,583 | 0 | 8,583 |
| Overhead | 90,775 | 0 | 90,775 |
| Total | $23,198,105 | $0 | $23,198,105 |