**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN

Plaintiffs,

VS.

UNITED STATES OF AMERICA,

Defendant.

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY BRIEF**

SALLIE W. GLADNEY
TERESA J. WOMACK
THOMAS E. REDDING
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Thomas H. McGann and
Evelyn G. McGann

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

1. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Imposition of the §6621(c) Penalty Rate of Interest Does Not Meet the §6231(a)(6) Statutory Requirements of a "Computational Adjustment" . . . . . . . . . . . . . . . . . 2

   a. Interest Imposed by §6621(c) Is Not a Tax Liability Nor Is It Deemed a Tax Liability By §6601(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   b. Imposition of the Penalty Rate of Interest Under §6621(c) Cannot and Does Not "Properly Reflect the Treatment under [TEFRA] of a Partnership Item" . . . . . . . . . . . . 6

3. Imposition of the Penalty Rate of Interest Under §6621(c) Does Not Meet the Statutory Requirements of §6230(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   a. Imposition of the §6621(c) Penalty Rate of Interest Is Not an Erroneous Computation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   b. Imposition of the §6621(c) Penalty Rate of Interest Is Not Necessary to Apply to the Partner the Decision of the Tax Court . . . . . . . . . . . . . . . . . 11

4. The Form 4549 Was Not Sufficient to Commence the §6230(c)(2)(A) Six-Month Period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States*, 13 F.3d 398 (Fed.Cir.1994) . . . . . 5
*BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) . . . . . 4
*Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) . . . . . 4
*Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002) . . . . . 7, 8, 17
*Field v. United States*, 381 F.3d 109 (2nd Cir. 2004) . . . . . 3
*In re Lueders*, 111 F.3d 1569 (Fed.Cir.1997) . . . . . 5
*In re Zurko*, 142 F.3d 1447 (Fed.Cir. 1998) . . . . . 5
*Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325 (Fed.Cir.2000) . . . . . 12
*Krause v. Commissioner*, 99 T.C. 132 (1992), *aff'd sub nom. Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir.1994), *cert. denied,* 513 U.S. 1079, 115 S.Ct. 727, 130 L.Ed.2d 631 . . . . . 7-9, 12, 17
*Kuralt v. United States*, 866 F.Supp. 727 (S.D.N.Y., 1994) . . . . . 10
*Meese v. Keene*, 481 U.S. 465, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) . . . . . 5
*Murakami v. United States*, 398 F.3d 1342 (Fed.Cir.2005) . . . . . 10
*N.C.F. Energy v. Commissioner*, 89 T.C. 741 (1987) . . . . . 6
*Odend'Hal v. Commissioner*, 95 T.C. 617 (1990) . . . . . 4
*Russello v. United States*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) . . . . . 5
*S.E.C. v. McCarthy*, 322 F.3d 650 (9th Cir. 2003) . . . . . 5
*United States v. Wong Kim Bo*, 472 F.2d 720 (5th Cir. 1972) . . . . . 5
*Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) . . . . . 10

**Statutes**

26 U.S.C. §162 . . . . . . . . . . 7, 8, 17
26 U.S.C. §174 . . . . . . . . . . 7, 8, 17
26 U.S.C. §183 . . . . . . . . . . 7-9, 17
26 U.S.C. §6226 . . . . . . . . . . 1, 9, 11
26 U.S.C. §6230 . . . . . . . . . . 9, 10, 16, 18
26 U.S.C. §6230(c)(2)(A) . . . . . . . . . . 1, 2, 9-17
26 U.S.C. §6231 . . . . . . . . . . 10
26 U.S.C. §6231(a)(3) . . . . . . . . . . 6
26 U.S.C. §6231(a)(4) . . . . . . . . . . 6
26 U.S.C. §6231(a)(5) . . . . . . . . . . 6
26 U.S.C. §6231(a)(6) . . . . . . . . . . 2-6, 8, 11, 12, 18
26 U.S.C. §6231(c)(1)(A) . . . . . . . . . . 11, 12
26 U.S.C. §6511(a) . . . . . . . . . . 1, 2
26 U.S.C. §6601 . . . . . . . . . . 3, 4, 3-5, 16
26 U.S.C. §6601(e)(1) . . . . . . . . . . 3-5
26 U.S.C. §6621(a)(2) . . . . . . . . . . 3
26 U.S.C. §6621(c) . . . . . . . . . . 2-4, 3-17
26 U.S.C. §6621(c)(3)(A) . . . . . . . . . . 8, 10, 18
28 U.S.C. §2401 . . . . . . . . . . 1

**Regulations**

Temp. Treas. Reg. §301.6231(a)(6)-1T(b) . . . . . . . . . . 3, 5
Treas. Reg. §1.183-2 . . . . . . . . . . 7
Treas. Reg. §301.6621(c)-2T . . . . . . . . . . 8
Treas. Reg. §301.6621-2T . . . . . . . . . . 7, 17

**Miscellaneous**

Webster's New World Dictionary and Thesaurus,
Simon & Schuster, Inc. (1996) . . . . . . . . . . 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN, Plaintiffs,

VS.

UNITED STATES OF AMERICA, Defendant.

PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY BRIEF

## 1. Introduction

The limitations period for Plaintiffs Thomas H. McGann and Evelyn G. McGann ("the McGanns") to file their §6621(c)[1] based refund claim is an issue of first impression. There are at least four possible alternatives:

1. 26 U.S.C. §6230(c)(2)(A) – Six months from the date the IRS mailed a "notice of computational adjustment," if any, to the McGanns – but only if the IRS "erroneously computed" a "computational adjustment" that was "necessary ... to apply to the partner ... the decision of a court in an action brought under §6226 or §6228(a), ...";
2. 26 U.S.C. §6511(a) – Two years from the date the liability was paid (or three years from the date the return was filed, which does not apply here);
3. 28 U.S.C. §2401 – Six years "after the right of action first accrues;" or
4. None – there is no deadline to file this type of refund claim.

The government asserts that the §6230(c)(2)(A) six-month period controls. The McGanns argue

[1] Unless otherwise indicated all references to section, §, IRC, and the Code are to the Internal Revenue Code at 26 U.S.C.

that the §6511(a) two-year period controls. This Court need not determine the actual deadline for the McGanns' claim in order to deny the government's motion. If the IRS's substantive decision to impose the §6621(c) penalty rate of interest does not meet the statutory requirements of §6230(c) and §6231(a)(6), then the §6230(c)(2)(A) six-month limitations period does not apply and their claim was timely, regardless of the limitations period, if any, that *does* apply.

The §6230(c)(2)(A) six-month limitations period can only apply if the IRS's substantive decision to impose the §6621(c) penalty rate of interest is deemed to be a "computational adjustment" (as defined by §6231(a)(6)), if the amount sought to be refunded was due to the "erroneous computation" of that computational adjustment, and if that computational adjustment was "necessary ... to apply to the partner ... the decision of a court." Therefore, the threshold question is whether the IRS's substantive decision to impose the §6621(c) penalty rate of interest is a "computational adjustment." Only if the answer is yes must the Court then address the remaining issues in these briefs.

**2. <u>Imposition of the §6621(c) Penalty Rate of Interest Does Not Meet the §6231(a)(6) Statutory Requirements of a "Computational Adjustment"</u>**

Section 6231(a)(6) defines a "computational adjustment" as the "change in the *tax* liability of a partner which *properly reflects the treatment* under [subchapter C or TEFRA] *of a partnership item*." [Emphasis added]. The McGanns' claim is not based on a "computational adjustment" because the IRS's substantive decision to impose the §6621(c) penalty rate of interest – the sole basis for the McGanns' claim – (i) does not change the McGanns' tax liability, and (ii) does not "properly reflect the treatment under [here, the TEFRA partnership-level Tax Court decision] of a partnership item."

**a. Interest Imposed by §6621(c) Is Not a Tax Liability Nor Is It Deemed a Tax Liability By §6601(e)(1)**

Congress expressly and unambiguously restricted "computational adjustments" to changes of "tax liability."[2] The government argues that this express restriction is irrelevant and that the IRS may by unilateral regulation[3] expand the scope of "computational adjustments" to include any changes in *any interest* it may choose to impose. For support the government relies only on a misinterpretation of §6601(e)(1). [GRB:9-10][4]

Section 6601(a) imposes interest "at the underpayment rate established under §6621" on "any amount of tax imposed by this title [Title 26, a.k.a. the IRC]". Under §6601(e)(1) "[i]nterest prescribed under [§6601] on any tax shall be paid ... in the same manner as taxes. Any reference in this title ... to any tax imposed by this title shall be deemed to refer to interest *imposed by this section [§6601]* on such tax." Emphasis added.

Section 6621(a)(2) establishes the "underpayment rate" and §6621(c), for the tax year in issue, imposes 120% of the "underpayment rate" on any "substantial underpayment attributable to [one of the statutorily defined] tax motivated transactions."

The government asserts that "§6621(c) tax motivated interest is §6601 interest due with respect to an underpayment," and, therefore, "the regulation simply reflects the statute." [GRB:10] But the government is wrong. The Plaintiffs agree that for some purposes §6621(c) penalty interest is interest "prescribed under" §6601.[5] But the §6621(c) penalty rate of interest is not *imposed by* §6601; it is

---

2 §6231(a)(6).

3 Temp. Treas. Reg. §301.6231(a)(6)-1T(b).

4 References to [GRB:x] are to page "x" of the government's Reply Brief filed November 2, 2006, at Document 23 in this case.

5 *Field v. United States*, 381 F.3d 109, 111-112 (2nd Cir. 2004) (The penalty rate of interest under §6621(c) is "[i]nterest prescribed under [§6601]," and "thus subject to the limitations period [for

*imposed by* §6621(c). The only interest §6601(e)(1) deems to be included in references to "tax" is "interest *imposed by* [§6601]." Emphasis added. Therefore, the penalty rate of interest imposed by §6621(c) is not deemed to be included in any reference to "tax liability," including the §6231(a)(6) definition of "computational adjustment."

At least three established maxims of statutory construction make clear that the penalty rate of interest imposed by §6621(c) cannot be deemed included in any definition of "tax liability."

First, Courts "presume that [the] legislature says in a statute what it means and means in a statute what it says there."[6] Any inquiry "begins with the statutory text, and ends there as well if the text is unambiguous."[7] Section 6601(e)(1) is unambiguous.[8] By its plain terms, the only interest §6601(e)(1) deems included in references to "tax" is "interest imposed by [§6601]."

Second, the traditional maxim of *expressio unis est exclusio alterius* (the expression of one thing is the exclusion of others) "instructs that where law expressly describes a particular situation to which it shall apply, an irrefutable inference must be drawn that what was omitted or excluded was

---

assessment and collection] in §6601(g)."); *Odend'Hal v. Commissioner*, 95 T.C. 617, 620 (1990) ("Increased interest under §6621(c) is the 'interest' prescribed by §6601(a) with the rate imposed therein increased" ... for purposes of determining Tax Court jurisdiction under §6621(c)(4).).

6 *BedRoc Ltd., L.L.C. v. U.S.*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004), *quoting Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

7 *BedRoc* at 183.

8 The full text of §6601(e)(1) states

> **(e) Applicable rules.**—Except as otherwise provided in this title—
>
> **(1) Interest treated as tax.**—*Interest <u>prescribed</u> under this section* on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any *tax <u>imposed by</u> this title* shall be deemed also to refer to *interest <u>imposed by</u> this section* on such tax.
>
> [Italic and underline emphasis added.]

intended to be omitted or excluded."[9] Congress expressly limited §6601(e)(1) to include only "interest imposed by [§6601];" therefore, "an irrefutable inference must be drawn" that Congress intended to omit and exclude interest imposed by any other section, *e.g.* §6621(c).

Third, it is well settled that the use of different words or terms within a statute evidences that Congress intended to convey a different meaning for those words.[10] Here Congress used precise language to differentiate when it meant "[i]nterest prescribed under [§6601]" and when it meant "interest imposed by [§6601]."[11] Congress's precise use of different words within the same statute and the same subsection makes clear that it intended those words to have different meanings. Interest assessed and collected due to the penalty rate under §6621(c) may be "[i]nterest prescribed under [§6601]" for some purposes but it is not "interest imposed by [§6601]" for purposes of §6601(e)(1).

Section 6231(a)(6) expressly restricts "computational adjustments" to "change[s] in the tax liability of a partner." Interest imposed due to the §6621(c) penalty rate is not a tax liability. Nor does §6601(e)(1) deem such interest included in any reference to tax liability. Temp. Treas. Reg. §301.6231(a)(6)-1T(b) may, *arguendo*, be valid to the extent that it deems interest imposed by §6601(a) to be included in any reference to "tax liability." But any extension past the express

---

9 *In re Zurko*, 142 F.3d 1447, 1456 (Fed.Cir. 1998), *quoting In re Lueders*, 111 F.3d 1569, 1576 n. 12 (Fed.Cir.1997). *See also Meese v. Keene*, 481 U.S. 465, 484-485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) ("It is axiomatic that the statutory definition of the term excludes unstated meanings of that term.").

10 *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003), *citing Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."), *quoting United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972); *see also Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States*, 13 F.3d 398, 401 (Fed.Cir.1994) (citing cases) ("[W]here Congress has included specific language in one section of a statute but has omitted it from another, related section of the same Act, it is generally presumed that Congress intended the omission.").

11 §6601(e)(1).

statutory limitation enacted by Congress to include interest imposed by §6621(c) is plainly invalid.

The IRS's substantive decision to impose the §6621(c) penalty rate of interest is not a "computational adjustment" and the government's motion to dismiss must be denied. If the Court agrees then it need not address the remaining issues in these briefs.

**b. Imposition of the Penalty Rate of Interest Under §6621(c) Cannot and Does Not "Properly Reflect the Treatment under [TEFRA] of a Partnership Item"**

Even if interest imposed by §6621(c) were deemed a "tax liability," it does not follow that the IRS's substantive decision to impose it is a computational adjustment. Section 6231(a)(6) restricts computational adjustments to only those "change[s] to the tax liability of a partner" which "properly reflect the treatment under [TEFRA] of a *partnership item*." Emphasis added.

First, as a matter of law, it appears well settled that imposition of the penalty rate of interest under §6621(c) is not a partnership item – it is a substantive affected item.[12] Therefore, the IRS's decision to impose it cannot "reflect the treatment ... of a partnership item."

Second, on the facts of this case, the IRS's substantive decision to impose the §6621(c) penalty rate of interest, even if it were a partnership item, does not "properly" reflect the treatment of McGann's partnership items under the IRS-drafted default decision in the *Vulcan Oil* partnership-level Tax Court case. There the Tax Court never addressed the merits of the partnership item deductions and made no actual determinations. It simply granted the IRS's motion to dismiss which

---

[12] *N.C.F. Energy v. C.I.R.*, 89 T.C. 741, 744 (1987). In their briefs the McGanns have adopted the position of the courts that the §6621(c) penalty rate of interest is a "substantive affected item" under TEFRA. But something must exist as an "item" under TEFRA before it can be treated as either a partnership item, a nonpartnership item, or an affected item. §§6231(a)(3), (a)(4), (a)(5). Unfortunately, TEFRA does not define the term "item." Based on the terms that are defined by statute and the conceptual framework of TEFRA, it appears a *prima facie* case could be made that penalties and interest, particularly interest imposed at the §6621(c) penalty rate, are not "items" at all under TEFRA, *i.e.* they are neither partnership items nor nonpartnership items, and, therefore, they are independent of the TEFRA limitations quagmire.

stated that the partnership item adjustments were "computed based on §183 in accordance with the [Tax Court] opinion in *Krause*."[13] [Doc12:65¶34; 68][14] Exactly one month before the Tax Court entered the *Vulcan Oil* decision, the Fifth Circuit issued *Copeland*,[15] holding that (i) in *Krause* the Tax Court used the same *criteria* as §183 and Treas. Reg. §1.183-2 to determine that there was no proper profit motive for purposes of disallowing the partnership activities under §§162 and 174,[16] (ii) in *Krause* the partnership activities were disallowed under §§162 and 174, not §183,[17] (iii) if the partnership activities had been disallowed under §183 then imposition of §6621(c) would be invalid because activities disallowed under §183 are "tax motivated transactions" ["TMTs"] for purposes of §6621(c) only if they are activities "engaged in by an individual or an S corporation,"[18] and (iv) as a matter of law the disallowance in *Krause* could not be used to impose the §6621(c) penalty rate of interest because activities disallowed under §§162 and 174 are not TMTs and while activities of individuals or S corporations that are directly disallowed under §183 are TMTs, disallowed activities

---

[13] *Krause v. Commissioner*, 99 T.C. 132 (1992), *aff'd sub nom. Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir.1994), *cert. denied,* 513 U.S. 1079, 115 S.Ct. 727, 130 L.Ed.2d 631. In its Reply Brief the government asserts that the "plaintiffs argue the merits of their claim" in their response to the government's motion to dismiss. [GRB:24] Whether the McGanns' claim for refund of interest imposed by the §6621(c) penalty rate is subject to the §6230(c)(2)(A) six-month limitations period is determined, among other things, by whether the basis for the McGanns' claim falls within the statutory parameters of §6230(c), §6231(a)(6), and §6601. Therefore, it is logical and proper that the McGanns address the underlying basis for their claims to the extent so required.

[14] References to [Doc12:"x"¶"y"] are to Bates stamped page no. "x" at paragraph no. "y" of the Exhibits to the Supplement to Plaintiffs' Original Complaint at Document 12 in this case.

[15] *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002).

[16] *Copeland* at 333, 338.

[17] *Copeland* at 336.

[18] *Copeland* at 334, 335, 338, see Treas. Reg. §301.6621-2T, A4. [PRB:A-3] References to [PRB: "x"] are to page "x" of the Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and Brief in Support Thereof, filed on October 10, 2006, at Document 20 in this case.

by partnerships are not.[19]

After the *Copeland* decision was issued, the government made no attempt to modify the *Vulcan Oil* decision before it was entered or to revise it before it became final. The plain language of the *Vulcan Oil* decision read in light of the then existing appellate case law makes it clear that, based on *Krause*, the partnership items of Drake Oil were disallowed under §§162 and 174 because they lacked a partnership-level profit motive as determined by applying the same criteria as §183, and, therefore, any resulting tax liability could not be subject to the §6621(c) penalty rate of interest because disallowance under §§162 and 174 is not a TMT.[20]

Congress expressly restricted "computational adjustments" to only those "change[s] to the tax liability of a partner" which "properly reflect the treatment under [TEFRA] of a partnership item." The IRS's substantive decision to impose the §6621(c) penalty rate of interest on the McGanns' resulting tax liability was invalid, *i.e.* improper. Therefore, it could not be a computational adjustment because it did not "properly reflect the treatment under [TEFRA] of a partnership item."

Finally, Congress's intentional use of the word "properly" in §6231(a)(6) expressly limits "computational adjustments" to the simple mathematical, mechanical calculations of a partner's tax liability that result from calculating the partner's share of partnership item adjustments and computing the resulting changes to his personal tax liability. Use of the word "properly" requires that there are no mistakes of fact or law. This case is a good example of why Congress was right to impose the "proper" limitation. The §6621(c) penalty rate of interest is not imposed by simply multiplying the underpayment rate by 120%. First, the IRS must determine that the underpayment is "substantial," then it must make a legal determination that the underpayment was "attributable to"

---

19 *Copeland* at 338.

20 §6621(c)(3)(A) and Treas. Reg. §301.6621(c)-2T.

a TMT. Here the IRS made the wrong legal determination. *If* the partnership activities in *Krause* were disallowed directly under §183 and *if* §183 were a TMT in regard to partnership activities, *then* imposing the §6621(c) penalty rate of interest would be "proper" and *if* interest imposed by the §6621(c) penalty rate is deemed a "tax liability" *then* the IRS's substantive decision to impose the §6621(c) penalty rate of interest would be a "computational adjustment." But they were not, it is not, and it is not. Here the IRS's mathematical computations were correct, and Congress rightly barred incorrect IRS legal determinations from inclusion as "computational adjustments." If the Court agrees then, again, it need not address the remaining issues in these briefs.

### 3. Imposition of the Penalty Rate of Interest Under §6621(c) Does Not Meet the Statutory Requirements of §6230(c)

Even if the IRS's decision to impose §6621(c) were a "computational adjustment," a partner's claim for refund of that interest based on a substantive legal challenge would still not be subject to the §6230(c)(2)(A) six-month limitations period because §6230(c)(2)(A) does not apply to *all* refunds arising from computational adjustments. The plain language of §6230(c) is unambiguous.[21]

---

[21] For tax year 1983, §6230(c) states that for

(c) **Claims Arising Out of Erroneous Computations**, etc.—

(1) IN GENERAL.— A partner may file a claim for refund on the grounds that—

(A) the Secretary ***erroneously computed*** any ***computational adjustment necessary***—

(i) to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return, or

(ii) ***to apply to the partner*** ... ***the decision of a court*** in an action brought under §6226 or §6228(a), ...

. . . .

(2) TIME FOR FILING CLAIM.—

(A) UNDER PARAGRAPH (1)(A).—Any claim under paragraph (1)(A) shall be filed within 6 months after the day on which the Secretary ***mails the notice of computational adjustment*** to the partner. [Emphasis added.]

The §6230(c)(2)(A) six-month limitations period applies *only* to §6230(c)(1)(A) claims for refund filed on the grounds (as applicable to this case) that (1) the IRS "erroneously computed" (2) "any computational adjustment" that was (3) "necessary ... to apply to the partner ... the decision of a court."

As shown above, the IRS's substantive decision to impose the §6621(c) penalty rate of interest fails the second requirement of §6230(c)(1)(A) because it is not a "computational adjustment." Likewise, imposition of the §6621(c) penalty rate of interest also fails the first and third requirements of §6230(c)(1)(A) because it is neither an erroneous computation nor is it necessary to apply a partnership-level decision of the Tax Court to a partner.

**a. Imposition of the §6621(c) Penalty Rate of Interest Is Not an Erroneous Computation**

The verb "compute" means "to determine (an amount, etc.) by arithmetic – computation ... n."[22] Courts are required to " 'give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.' "[23] There is no definition for the words "compute," "computation," or "computational" in §6230, §6231, or any applicable regulation. This evidences that Congress intended these words have their ordinary, contemporary, common meaning: "erroneous computation" means an error in arithmetic, *i.e.* a math mistake, and "computational adjustment" means a purely mathematical change. Therefore, the §6230(c)(2)(A) six-month limitations period applies only where the IRS makes a ***math mistake*** in calculating a purely mathematical change resulting from the partnership-level determinations.[24] The McGanns do not

---

22 Webster's New World Dictionary and Thesaurus, p. 122, Simon & Schuster, Inc. (1996).

23 *Murakami v. United States*, 398 F.3d 1342, 1352 (Fed.Cir.2005), *quoting Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

24 *Kuralt v. U.S.*, 866 F.Supp. 727, 728 (S.D.N.Y., 1994) (describing §6230(c)(1)(A) claims for "mathematical error").

assert that the IRS's math was wrong.

To impose the §6621(c) penalty rate of interest the IRS must first make substantive determinations that the underpayment of tax is both "substantial" and "attributable to" a TMT. The IRS's decision to ignore either of these requirements is not a ***math mistake***.

The §6230(c)(2)(A) six-month limitations period applies only to claims based on a math mistake by the IRS in computing the "change[s] to the tax liability of a partner" which but for that mistake would otherwise "properly reflect the treatment under [TEFRA] of a partnership item."

The IRS's erroneous substantive legal decision to impose the §6621(c) penalty rate of interest is not a math mistake or "erroneous computation" as required by §6231(c)(1)(A). Therefore, by its plain terms, the §6230(c)(2)(A) six-month limitations period cannot apply to a claim for refund filed on that basis, *even if* that IRS decision were deemed to meet the §6231(a)(6) statutory requirements of a "computational adjustment."

**b. Imposition of the §6621(c) Penalty Rate of Interest Is Not Necessary to Apply to the Partner the Decision of the Tax Court**

Section §6230(c)(1)(A), as applicable to this case, is expressly restricted to claims arising from computational adjustments that are "***necessary*** ... to apply to the partner ... the decision of a court," here the Tax Court partnership-level decision in *Vulcan Oil*.[25] Emphasis added.

*Vulcan Oil* was a §6226 TEFRA partnership-level case in which the Tax Court's jurisdiction was strictly limited to the adjustment of partnership items and their allocation among the partners.[26] The *Vulcan Oil* decision could not and did not directly determine that any underpayment of tax resulting

---

25 §6231(c)(1)(A)(ii).

26 §§6226(a), (b), (f).

from the partnership item adjustments would be subject to the §6621(c) penalty rate of interest.[27] [Doc12: 52-67, 68-70] Nor did it make any partnership-level determinations that independently constituted a defined TMT as to partnership activities. [Doc12: 52-67, 68-70] Therefore, imposing the §6621(c) penalty rate of interest on any resulting underpayment of tax was neither legally nor logically "***necessary***" to either *apply the partnership item adjustments* in the Tax Court decision to the McGanns or to *compute the amount* of their resulting tax liability.

Even if the IRS's substantive decision to impose the §6621(c) penalty rate of interest were somehow deemed an "erroneous computation" (as required by §6231(c)(1)(A)) of a "computational adjustment" (as defined by §6231(a)(6)), again, by its plain terms, the §6230(c)(2)(A) six-month limitations period cannot apply to a claim for refund filed on that basis because imposition of the §6621(c) penalty rate of interest is not "***necessary*** ... to apply to the partner ... the decision of [the Tax Court]," as required by §6231(c)(1)(A)(ii).

---

[27] In contrast, *Krause* could impose the penalty rate of interest under §6621(c) directly on any resulting underpayment of tax for those relevant partners because it was a pre-TEFRA case and, therefore, not subject like *Vulcan Oil* to TEFRA's mandatory bifurcation of the proceedings for partnership items and non-partnership items. This is also why the government's *res judicata* argument fails. [GRB:29-31] The prerequisite to *res judicata* is a prior judgment by a court of competent jurisdiction. *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1328 (Fed.Cir.2000). *Vulcan Oil* was a §6226 TEFRA partnership-level case; by statute it had no jurisdiction over any partners' underpayment of tax and no jurisdiction over the IRS's imposition of the §6621(c) penalty rate of interest on those underpayments; therefore, it was not a court of competent jurisdiction as to those issues and the *Vulcan Oil* decision has no preclusive effect as to those issues. For this same reason, the government is wrong when it states that "as the direct appeal in *Copeland* shows, plaintiffs here, based on this factual nucleus, could have raised the legal arguments they now assert in direct appeal [of the *Vulcan Oil* decision] (as the taxpayers did in *Copeland*) ...." [GRB: 31 n. 11.] *Copeland*, like *Krause*, was a pre-TEFRA case where the Tax Court in the Copelands' individual suit had jurisdiction over both partnership items and nonpartnership items, including the imposition of the §6621(c) penalty rate of interest on any resulting underpayment of tax. But *Vulcan Oil* was a §6226 TEFRA partnership-level case and the McGanns could not have appealed the *Vulcan Oil* decision in order to dispute the imposition of the §6621(c) penalty rate of interest on their underpayment of tax because those issues were never before the Tax Court in that case.

**4. The Form 4549 Was Not Sufficient to Commence the §6230(c)(2)(A) Six-Month Period**

*If* this Court determines that the IRS's substantive decision to impose the §6621(c) penalty rate of interest was (1) a "computational adjustment," (2) an "erroneous computation" of that computational adjustment, and (3) that that computational adjustment was "necessary ... to apply to the [McGanns] ... the decision of [the Tax Court]," *then* it must address what document, if any, was the "notice of computational adjustment [mailed by the IRS] to the partner" and, thereby, started the §6230(c)(2)(A) six-month limitations period.

In Appendix B to its motion to dismiss, the government attached what it asserted to be the transmittal letter and Form 4549-A, with attachments and enclosures dated and mailed to the McGanns on February 28, 2003. [GM: 6; Exhibit 2, B-3 to B-6 and Index to the government's exhibits][28] The McGanns have shown that neither this Form 4549-A with its accompanying letter, attachments, and enclosures nor the notice of assessment mailed on March 24, 2003, were legally sufficient to put a partner on notice that the IRS intended to impose the §6621(c) penalty rate of interest or to inform a partner of the amount of interest actually assessed due to imposition of the higher §6621(c) rate. [PRB:7, 20-22, B-1 to B-3] In fact, the Form 4549-A was actively deceptive on those points. [PRB:21]

Attached to its Reply Brief the government now produces a "case copy" from the IRS's administrative files of the Form 4549-A with transmittal letter dated February 28, 2003. [GRB: Exhibit 1; A-1 to A-6] This "case copy" is substantively similar to the Form 4549-A previously provided by the government and the Form 4549-A included with the McGanns refund claim and discussed in their response, with an additional, duplicate copy of the transmittal letter and a page

---

[28] References to [GM:"x"] are to the Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and Brief in Support Thereof filed on August 17, 2006 at Document 13 in this case.

titled "How to Pay Your Taxes" that is not relevant to the issues involved here. If this new "case copy" is a complete copy of the Form 4549-A mailed to the McGanns, then it supports their argument that it was legally insufficient to be the "notice of computational adjustment" ("NCA") required by §6230(c)(2)(A), if not actively deceptive on the issue of whether and how the IRS intended to impose the §6621(c) penalty rate of interest. [PRB: 20-22] The government never references this "case copy" in its Reply Brief.

The government also now produces for the first time a document of unknown origin consisting of an incomplete copy of the Form 4549-A, and pages titled "510 Support of Revised Comps" ("the 510"), "490 Activity Summary" ("the 490"), and "Form 1040X Calculation of Changes." [GRB:Exhibit 2; A-7 to A-12] The "Form 1040X Calculation of Changes" is dated "4/11/03," contains the initials "BEK" (an apparent reference to attorney Bryan E. Keenan), and shows an amount allegedly to be refunded to the McGanns (see the discussion below). [GRB:Exhibit 2, A-12] The Form 4549-A as originally produced by the government did not reference, attach or include any of these extraneous documents. [GRB: Exhibit 2, B-3 to B-6] Whatever their origin, these pages are obviously *not* a cohesive document that could have been sent by the IRS to the McGanns with either the Form 4549-A mailed on or about February 28, 2003, or the assessment notice mailed on or about March 24, 2003. Again, the government never references this document in its Reply Brief.

The government then attaches additional copies of the 490 and 510 (in a different page order and with an additional page of the 490). [GRB:Exhibit 3; A-13 to A-16] Again, the government gives no origin for these documents other than that they were found in the IRS's administrative file and the government never references them in its Reply Brief.

On March 11, 2003 assessment, the McGanns remitted to the IRS $8,620, which was applied as a payment upon assessment. [GM: Exhibit 3, B-8] On April 14, 2003, the McGanns' attorney

Bryan E. Keenan mailed to the IRS a check for $17,312.79 and Forms 1040X and 843 requesting abatement under §6404 of all interest accrued since January 1, 1995 ("the §6404 Claim").[29] The IRS attached excerpts from this mailing to its Reply Brief. [GRB: Exhibit 4, A-17 to A-18; Exhibit 5, A-19 to A-30] Included with the §6404 Claim were copies of the Form 4549-A [GRB:A-22 to A-25], the 510 [GRB:A-26 to A-27], the 490 [GRB:A-28], and an interest computations prepared using the commercially available program TaxInterest™ used by tax practitioners ("the TaxInterest Computation") [GRB:A-29 to A-30]

As proof that the McGanns received a NCA sufficient for purposes of §6230(c)(2)(A) the government relies primarily on the TaxInterest Computation and repeatedly states that it "may have come from the IRS." [GRB:15, 20] But the government incongruously recognizes that the TaxInterest Computation was the "plaintiffs' own calculation in April 2003." [GRB:18-19] It is obvious on the face of the TaxInterest Computation that it did not "come from the IRS." It is clearly dated "04-09-03," two days before the McGanns signed the §6404 Claim prepared by their attorney Bryan E. Keenan and long after the IRS purportedly prepared and mailed the Form 4549-A (February 28, 2003) and the assessment notice (March 24, 2003). [A-19, A-29] The McGanns have no independent recollection of the origin of the TaxInterest Computation but assert, on information and belief, that it was prepared by their attorney Bryan E. Keenan in preparation for filing their §6404 Claim.

The government asserts that because the McGanns' attorney was competent enough to figure out that the amount of total interest assessed by the IRS could only have been reached by imposing the §6621(c) penalty rate, the Form 4549-A and assessment notice were, *ergo*, a NCA sufficient for purposes of §6230(c)(2)(A). But it is obvious that one has no logical relationship, let alone casual

---

[29] The IRS disallowed the §6404 Claim on December 22, 2003 and the McGanns did not pursue it further. [GRB: Exhibit 6, A-31]

nexus, to the other. According to the government's logic whether a Form 4549-A and assessment notice are sufficient to begin the §6230(c) six-month limitations period is determined partner-by-partner based on whether the partner has competent tax counsel with access to specialized computational software. This is not and cannot be the legal standard required to meet the due process rights of partners to adequate notice as required by §6230(c)(2)(A).

The government also relies, to a lesser degree, on the 490 and the 510 attached to the §6404 Claim. [GRB:15, 20] The government also asserts that these documents "may have come from the IRS." [GRB:15, 20] The government clearly has no idea where these documents came from or whether they were prepared by the IRS, the McGanns' attorney, or some other party. According to Exhibit 2 of Appendix B attached by the government to its original motion to dismiss, these documents were not mailed to the McGanns with the Form 4549-A. [GM: Exhibit 2, B-3 to B-6] Nor were they included with the assessment notice received by the McGanns. [PRB:B-1 to B-3]

The McGanns object to the inclusion of the 490 and the 510 in the record of this case for any purposes of notice, knowledge, or intent of the parties prior to April 14, 2003. If this Court reaches the issue of whether the Form 4549-A and/or the assessment notice were sufficient to start the §6230(c)(2)(A) six-month limitations period, then discovery, including the depositions of the IRS personnel who prepared and mailed the Form 4549-A and assessment notice, will be necessary to determine the origin of these documents.

Finally, even if the 490 and the 510 were, *arguendo*, prepared by the IRS and included with the Form 4549-A when mailed to the McGanns, they would still be insufficient to start the §6230(c)(2)(A) six -month limitations period. Nowhere do the 490 or the 510 reference "§6621(c)," nor does either ever state how much of the total interest assessed is due to the §6621(c) penalty rate as opposed to the §6601(a) normal rate. [GRB: A-26 to A-29]

**5. <u>Conclusion</u>**

Before the decision in the *Vulcan Oil* partnership-level Tax Court case was entered the Fifth Circuit in *Copeland* told the IRS that the prior determinations in *Krause* were not sufficient for purposes of imposing the §6621(c) penalty interest rate on Elektra partners, such as the McGanns. The IRS never attempted to amend the decision before it was entered or to revise it before it became final; not even as to those partners residing in Texas, Louisiana, and Mississippi who are clearly subject to the Fifth Circuit's precedent in *Copeland*.

Activities disallowed under §§162 and 174 are *not* TMTs. Activities disallowed directly under §183 *are* TMTs, but *only* if they were engaged in by "an individual or an S-corporation."[30] Partnership activities disallowed under §183 cannot be TMTs for purposes of §6621(c). *Id.*

The IRS knew before the *Vulcan Oil* decision was entered that it had no valid legal basis to impose the §6621(c) penalty rate of interest on the partners' resulting tax liability, and it never sought to amend the decision to obtain one. Instead the IRS simply imposed the §6621(c) penalty rate automatically, apparently reasoning, correctly, that few of the partners would be or have tax counsel sophisticated enough to recognize what the IRS had done and challenge it.

The government now seeks to make a procedural end-run around the fact that the IRS had no valid basis to impose the §6621(c) penalty rate in the first place. It asks this Court to hold, for the first time anywhere, that the IRS's substantive decision to impose the §6621(c) penalty rate of interest is nothing more than an erroneous computation of a computational adjustment, *i.e.* a math mistake.

A claim for refund on the basis of the IRS's erroneous substantive decision to impose the

---

30 Treas. Reg. §301.6621-2T, A4. [PRB:A-3]

§6621(c) penalty rate of interest cannot be subject to the §6230(c)(2)(A) six-month limitations period because that basis cannot meet the statutory requirements of §6230(c)(1)(A): it is not (1) an "erroneous computation" of (2) a "computational adjustment" (as defined by §6231(a)(6)), that (3) is "necessary ... to apply to the partner ... the decision of a court."

As a matter of law, the government's arguments cannot meet the statutory requirements of §6230(c) and §6231(a)(6) and as a matter of equity the government should not be allowed to manufacture a technicality to keep taxpayer money it knew it was not entitled to when it assessed.

WHEREFORE, Plaintiffs Thomas H. McGann and Evelyn G. McGann respectfully request that the government's motion be denied and this case be allowed to proceed to address the merits of the McGanns claim in an expeditious manner.

Respectfully submitted,

/s/ Sallie W. Gladney

Sallie W. Gladney, Attorney of Record
Teresa J. Womack
Thomas E. Redding
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244 / (713) 621-5227 Fax
**ATTORNEYS FOR PLAINTIFFS**