**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN,

Plaintiffs,

VS.

UNITED STATES OF AMERICA,

Defendant.

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUR-REPLY**

On page 14 of its Response to Plaintiffs' Sur-Reply ("the Government's Response") the government states:

> [A]ll of the arguments plaintiffs make for why they are not liable for tax motivated interest, the arguments raised in *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002), could have been raised on direct appeal [of the *Vulcan Oil* decision]. ....

This statement is wrong as a matter of law.

Three arguments raised by the other Elektra related partner in *Copeland* are relevant here:

1. that in *Krause v. Commissioner*, 99 T.C. 132 (1992) the Tax Court actually disallowed the Elektra related partnership deductions under §§162 and 174, not §183;
2. that, as a matter of law, the Tax Court in *Krause* could not have disallowed the partnership deductions under §183 because §183 is expressly restricted to "the case of an activity engaged in by an individual or an S corporation," and the Tax Court may not ignore this express restriction to disallow under §183 activities engaged in by a partnership; and
3. even if, *arguendo*, the partnership deductions in *Krause* could have been and were disallowed under §183 the IRS still erred in imposing the §6621(c) penalty rate of interest on the partners' resulting tax liability because Treas. Reg. §301.6621-2T expressly restricts the §183 related definition of a tax motivated transaction ("TMT") to "deductions disallowed ... under §183" that are related "to an activity engaged in by an individual or an S corporation." Activities engaged in by a *partnership* that are disallowed under §183 are not included in that definition of a TMT and, therefore, cannot be a basis on which the IRS imposes the §6621(c) penalty rate of interest.

*Copeland*, like *Krause*, was a pre-TEFRA case in which the Tax Court had jurisdiction to address both the partnership items and non-partnership items of the respective Elektra partners. Here the McGanns were subject to the decision in *Vulcan Oil*, a TEFRA partnership-level case where the Tax Court's jurisdiction was expressly restricted to statutorily defined "partnership items" and the

allocation of those partnership items between the partners.[1]

As to the first and second arguments, the *Vulcan Oil* decision did not disallow the partnership deductions under §183. The decision never mentions §183; it grants the IRS's Motion to Dismiss for Lack of Prosecution which in turn merely states that the *amounts* of the disallowed partnership items were computed by "applying I.R.C. §183 in accordance with the opinion in Krause." The Fifth Circuit issued *Copeland* one month before the Tax Court entered its decision in *Vulcan Oil*. Any ambiguity that "applying I.R.C. §183 in accordance with the opinion in Krause" was the same as disallowing partnership deductions under §183 was resolved against the IRS in *Copeland*. Further, the Fifth Circuit held that activities engaged in by partnerships, *e.g.* partnership items, cannot be disallowed under §183 as a matter of law. The IRS could have modified its Motion to Dismiss for Lack of Prosecution or moved to vacate or revise the *Vulcan Oil* decision. It did not. The government now asserts that the McGanns should have appealed this issue. While the appellate court could have addressed this issue there was no valid reason for the McGanns to waste the court's resources on an issue that was already resolved and to which the IRS had effectively acquiesced. The government's assertion to the contrary is without merit and should be rejected.

As to the third argument, even if the *Vulcan Oil* decision had expressly disallowed the partnership deductions under §183, the McGanns could not have appealed the imposition of the §6621(c) penalty rate of interest based on that disallowance because the Tax Court, and therefore any appellate court, did not have jurisdiction to address that issue. In a TEFRA partnership-level case, such as *Vulcan Oil*, the Tax Court's jurisdiction is expressly restricted to statutorily defined "partnership items" and the allocation of those partnership items between the partners.[2] Imposition

---

1 §6226(f).

2 §6226(f).

of the §6621(c) penalty rate of interest and whether the purported basis asserted by the IRS is properly a TMT under §6621(c) and Treas. Reg. §301.6621-2T are *non*-partnership "affected items" over which the Tax Court has no jurisdiction in a TEFRA partnership-level case.[3] The McGanns could not have raised this argument in an appeal of the *Vulcan Oil* decision. The government's assertion to the contrary lacks merit and should be rejected.

The remainder of the Government's Response is a restatement of arguments previously raised in its pleadings to which the McGanns have already replied and shown to be without merit.

WHEREFORE, Plaintiffs Thomas H. McGann and Evelyn G. McGann respectfully request that the government's motion to dismiss be denied and this case be allowed to proceed to address the merits of the McGanns claim in an expeditious manner.

Respectfully submitted,

/s/ Sallie W. Gladney

Sallie W. Gladney, Attorney of Record
Teresa J. Womack
Thomas E. Redding
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244 / (713) 621-5227 Fax
**ATTORNEYS FOR PLAINTIFFS**

3 *N.C.F. Energy v. C.I.R.*, 89 T.C. 741, 744 (1987); *Field v. U.S.*, 328 F.3d 58 (2nd Cir. 2003).