IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

RESPONSE TO PLAINTIFFS' SUR-REPLY

Defendant, the United States, respectfully submits this response to plaintiffs' Sur-Reply [Doc. #27]. This brief responds to four issues raised in plaintiffs' brief.

**I. Contrary to plaintiffs' claim, section 6601(e)(1) includes tax motivated interest within the definition of a "computational adjustment" set forth in § 6231(a)(6).**

In their earlier Response [Doc. #20] to defendant's Motion to Dismiss [Doc. #13], plaintiffs contended that the definition of "computational adjustment" in § 6231(a)(6) does not encompass tax motivated interest. Section 6231(a)(6) defines "computational adjustment" as "the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item." Plaintiffs seized upon the word "tax" and argued that tax motivated interest is not included within the definition of a "computational adjustment." As plaintiffs would have it, a computational adjustment includes the change in a partner's tax to reflect the treatment of a partnership item, but not a partner's interest liability that flows from

such tax changes.

But, as we explained in our Reply [Doc. #26], Congress made clear in § 6601(e)(1) that references to "tax" include interest on such tax:

> . . . Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

§ 6601(e)(1).

Plaintiffs now argue, in their Sur-Reply, that while § 6601(e)(1) provides that tax includes interest, it does not include tax motivated interest. According to plaintiffs, tax motivated interest is not "interest imposed by this section [§ 6601] . . .," and therefore is not deemed included in references to tax. Plaintiffs would distinguish between interest "prescribed" under § 6601, which they concede tax motivated interest is, and interest "imposed" by § 6601, which they claim tax motivated interest is not.

Plaintiffs' argument is sophistry, masquerading as substance. Tax motivated interest is "imposed" by § 6601, and therefore is included in references to "tax" by § 6601(e). Section 6601(a) imposes interest on tax underpayments at the rate established under § 6621:

> If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at an annual rate established under section 6621 shall be paid for the period from such last date to the date paid.

§ 6601(a) (1986). Former § 6621(d) established the interest rate for substantial underpayments attributable to tax motivated transactions as 120 percent of the annual rate:

> In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the annual rate of interest established under this section shall be 120 percent of the adjusted rate established under subsection (b).

§ 6621(d)(1) (1986).[1] Thus, the imposition of interest under Section 6601 includes the imposition of interest at the tax motivated interest rate.[2]

The courts agree. They hold that interest imposed by § 6601, and deemed included in references to "tax" by § 6601(e), includes tax motivated interest. *See Barton v. Commissioner*, 97 T.C. 548, 551-52 (1991) (and progeny) ("tax" in § 6512(b)(1) refers to § 6621(c) tax motivated interest, because § 6601(e)(1) mandates that references to "tax" be deemed to refer to interest imposed by § 6601); *White v. Commissioner*, 95 T.C. 209, 212-14 (1990) (and progeny) (tax motivated interest is referenced in § 6601(e)(1), and therefore that subsection expressly excludes tax motivated interest from the definition of deficiency in § 6211(a)); *Field v. United States*, 381 F.3d 109, 113 (2d Cir. 2004) (follows *White*); *Barlow v. Commissioner*, 301 F.3d 714, 722 (6th Cir. 2002) (§ 6601(e)(1) exempts tax motivated interest from deficiency procedures).

---

[1] The Tax Reform Act of 1986 re-designated § 6621(d) as § 6621(c). *See* Tax Reform Act of 1986, Pub. L. No. 99-514, § 1511(c)(1)(A), 100 Stat. 2085, 2744 (1986). Section 6621(d) was originally enacted as part of the Tax Reform Act of 1984. *See* Tax Reform Act of 1984, Pub. L. No. 98-369, § 144(a), 98 Stat. 494, 682-83 (1984).

[2] Changes in the statutory scheme, effective for periods after December 31, 1986, continued to impose underpayment interest under § 6601(a) by reference to rates specified in § 6621:

§ 6601(a): If any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

§ 6621(c): In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section.

In sum, because "interest imposed by [§ 6601] . . .," includes tax motivated interest, a "computational adjustment" under § 6231(a)(6) includes both the computation of tax and interest at the tax motivated rate resulting from the adjustment of a partnership item.[3]

**II. Plaintiffs' interpretation of a claim for erroneous computation of a computational adjustment makes the six month limitation period applicable to such a claim meaningless.**

In our Reply, we explained that plaintiffs' claim for refund of tax motivated interest is a claim described in § 6230(c)(1)(A)(ii) that the IRS "erroneously computed any computational adjustment necessary . . . to apply to the partner . . . the decision of a court in an action brought under section 6226." *See Reply* [Doc. #26] at 9-14. As confirmed above, imposition of tax motivated interest is a "computational adjustment," as defined in § 6231(a)(6). *See* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987); *Olson v. United States*, 172 F.3d 1311, 1315 n.1, 1318 and n.2 (Fed. Cir. 1999). Thus, a claim that the IRS "erroneously computed any computational adjustment necessary to apply to the partner . . . the decision of a court in an action brought under section 6226," includes refund claims asserting that the IRS erroneously computed the change in the interest liability of a partner as not properly reflecting the treatment of a partnership item in a partnership level proceeding (for example, disallowance of partnership losses in a § 6226 proceeding).

Plaintiffs' claim here is such a claim. They claim that the IRS erroneously computed their interest liability, on the ground that the tax motivated rate did not properly reflect the disallowance of their partnership losses under the Tax Court's decision in *Vulcan Oil*.

---

[3] Thus, the explicit regulatory inclusion of interest, including tax motivated interest, within the definition of "computational adjustment," *see* Temp. Treas. Reg. § 301.6231(a)(6)-1T(b) (1987), simply reflects what the statutory scheme mandates.

Such a claim must be submitted to the IRS within the six month from notice period of § 6230(c)(2)(A). Only if the claim is timely can there be an evaluation of the merits; namely, whether the offending adjustment failed to properly apply a partnership level determination.

Plaintiffs' arguments would turn this statutory scheme on its head. *See Sur-Reply* [Doc. #27] at 6-9, 11-12. Their interpretation requires determining the merits of a claim under § 6230(c)(1)(A)(ii), *before* determining whether it was timely filed within the six month period (§ 6230(c)(2)(A)) applicable to such claim. Pointing to the language "properly" in § 6231(a)(6) and "necessary to apply" in § 6230(c)(1)(A)(ii), plaintiffs contend that, if an adjustment does not properly reflect a partnership level determination, then it is not a "computational adjustment" or "necessary to apply" a partnership item determination, and therefore can not be a claim that the IRS "erroneously computed any computational adjustment necessary . . . to apply to the partner . . . the decision of a court in an action brought under section 6226," § 6230(c)(1)(A)(ii).

Plaintiffs' interpretation effectively would write the six month period of § 6230(c)(2)(A) out of the Tax Code. Plaintiffs' "logic" is as follows: On the one hand, if it is determined that an adjustment properly reflects a partnership item determination, then the adjustment is a "computational adjustment" and a partner has no claim that it was "erroneously computed . . ." under § 6230(c)(1)(A)(ii). The six month period is never reached. On the other hand, if it is determined that an adjustment failed properly to reflect a partnership item determination, then the adjustment is not a "computational adjustment" and a claim to correct it does not fall under § 6230(c)(1)(A)(ii). Accordingly, the six month period applicable to such a claim does not apply. Under plaintiffs' "head I win, tails you lose" reasoning, the six month period is never reached, rendering it superfluous.

Plaintiffs' construction goes astray by reading the word "erroneously" out of the statute. A partner's claim under § 6230(c)(1)(A)(ii) is that the IRS erred when making a computational adjustment, because the adjustment did not properly reflect a partnership item determination, and therefore the erroneous adjustment was not necessary to apply that determination.[4]

More generally, putting the merits cart before the procedural horse, plaintiffs' construction runs afoul of the purpose a period of limitations serves in the Tax Code - to prevent litigation of late-filed claims on the merits. The Supreme Court has explained:

> The very purpose of statutes of limitations in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious. That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.

*United States v. Dalm*, 494 U.S. 596, 609 n.7 (1990). Applying this principle, the Eleventh Circuit observed that putting merits before period of limitations inquiries "would make as little sense as having the issue of whether a runner is disqualified from competing in a race depend on whether he wins it." *Wachovia v. United States*, 455 F.3d 1261, 1269 (11th Cir. 2006).

---

[4] Plaintiffs, contradicting themselves, concede this point by acknowledging that a claim brought under § 6230(c)(1)(A)(ii) contends that a computational adjustment does not properly reflect partnership level treatment of a partnership item:

> The §6230(c)(2)(A) six-month limitations period applies only to claims based on a math mistake by the IRS in computing the 'change[s] to the tax liability of a partner' which <u>but for the mistake would otherwise</u> 'properly reflect the treatment under [TEFRA] of a partnership item.'

*Sur-Reply* [Doc. #27] at 11 (emphasis added).

**III. Plaintiffs distort our discussion of the commencement of the six month period, and the relevance of exhibits attached to our Reply.**

In our Reply, we explained how the IRS' mailing/s relevant to this case satisfied the notice requirement and commenced the six month period of § 6230(c)(2)(A). *See Reply* [Doc. #26] at 14-21. Specifically, the February 28, 2003 letter and enclosed Form 4549-A (*see App. B* [Doc. #13] Ex. 2; *see Reply* [Doc. #26] Ex. 5 at A-22-A-25), by itself or certainly in combination with the March 24, 2003, notice of assessment (*see App. B* [Doc. #20] at B-1-B-3), satisfied the statute and commenced the period. In sum, the letter and form notified plaintiffs that, as a result of partnership level proceedings, there was a change in their 1983 tax liability in the amount of $8,620 and that, because the underpayment was attributable to tax motivated transactions, they would owe interest, as provided by law, on that amount at an annual rate of 120% of the underpayment rate. The assessment notice notified plaintiffs that the assessment was implementing the changes detailed in the letter and form, and billed plaintiffs for those changes in their 1983 tax liability in the amount of $8,620 tax and $57,475.04 interest. Thus, together, the mailings notified plaintiffs of and billed them for the exact amount of the changes to their 1983 tax liability, including tax and interest at the tax motivated rate, resulting from partnership proceedings. Plaintiffs have provided no evidence to contradict this conclusion.

Also with our Reply, we attached two refund claims, a 1040X and a Form 843, that plaintiffs filed less than one month after the notice of assessment was mailed and two months after the Form 4549-A was mailed. *See Reply* [Doc. #26] App. A at A-17-A-30, A33-A37. The refund claims demonstrate that plaintiffs themselves understood from the mailing/s that the IRS would assess tax motivated interest on their underpayment. Under penalty of perjury, plaintiffs told the IRS in the refund claims that they understood from the letter and Form 4549-A that the

IRS intended to assess interest on their underpayment. *See Reply* [Doc. #26] App. A at A20, A35. And plaintiffs, based on the assumption that their refund claims would be granted, calculated that interest at the tax motivated rate. *See id.* at A29-A30. On this record, the inescapable conclusion is that plaintiffs understood from the letter and Form 4549-A that they would be assessed tax motivated interest on their underpayment. This is hardly a remarkable conclusion, as the Form 4549-A, in no uncertain terms, states, with respect to plaintiffs' entire underpayment: "Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c)." *See id.* at A-24; *see also id.* at A-25.

In our Reply, we also discussed the "potential independent significance" (*Reply* [Doc. #26] at 19) of plaintiffs' refund claims. Specifically, we noted: 1) plaintiffs' own tax motivated interest calculation was filed "on a document that may have come from the IRS"; and 2) that plaintiffs "appear[ed] to have included other documents in their Form 843 (Form 510, Support of Revised Comps, and Form 490, Activity Summary) that explicitly detail a tax motivated interest calculation . . . on the entire $8,620 underpayment set forth in the February Form 4549-A and March notice of assessment," and that such documents "may have come from the IRS." *See Reply* [Doc. #26] at 20. Regarding independent significance, we concluded that, if plaintiffs' tax motivated interest calculation, the Form 510, and Form 490 were mailed to plaintiffs from the IRS, then such documents might independently be sufficient to commence the six-month period (if it had not already commenced with the mailing of the Form 4549-A, or Form 4549-A and notice of assessment).

Plaintiffs now make multiple claims about our discussion of the commencement of the

six month period and related exhibits. *See Sur-Reply* [Doc. #27] at 13-17. We address a few here:

First, plaintiffs seem to suggest a sinister motive lurking behind our attaching three exhibits to, but not referencing them in, our Reply. *See e.g. Sur-Reply* [Doc. #27] at 13 ("Attached to its Reply Brief the government now produces . . . ."), at 14 ("The government also now produces for the first time . . ."); ("The Form 4549-A as originally produced by the government did not reference, attach or include any of these extraneous documents."); (". . .the government never references them in its Reply Brief").

The exhibits are located at *Reply* [Doc. #26] App. A. at A-1-A-16. In our motion, we filed the letter and Form 4549-A that plaintiffs admitted they had received from the IRS. *Compare App. B* [Doc. #13] Ex. 2 *with Reply* [Doc. #26] Ex. 5 at A-22-A-25. In response to our motion, plaintiffs challenged the sufficiency of the letter and Form 4549-A. In reply, we submitted plaintiffs' refund claims for purposes outlined above. In addition, out of an abundance of caution, we provided the Court with all documents relevant to this case and in the possession of defendant's attorneys that resemble documents submitted (or apparently submitted) with plaintiffs' refund claims.

Second, plaintiffs say "[a]s proof that the McGanns received a NCA sufficient for purposes of §6230(c)(2)(A) the government relies primarily on the Tax Interest Computation . . ." *Sur-Reply* [Doc. #27] at 15. This statement distorts our argument. As summarized above, we contend that, as an objective matter, the letter and Form 4549-A mailed to plaintiffs by itself was sufficient to commence the six month period, and that, if it was not, then it in combination with the notice of assessment was. Plaintiffs' refund claims, including their tax motivated interest

computation, demonstrate plaintiffs themselves understood the mailing/s as a reasonable person would. In addition, we contend that some of the documents in plaintiffs' refund claims (plaintiffs have now admitted that the Form 843 refund claim contained all documents at *Reply* [Doc. #26] App. A at A-17-A-30, *see e.g. Sur-Reply* [Doc. #27] at 15), if mailed to plaintiffs by the IRS, might have independent significance.

Similarly, plaintiffs attempt to avoid the admissions in their refund claims:

> The government asserts that because the McGanns' attorney was competent enough to figure out that the amount of total interest assessed by the IRS could only have been reached by imposing the §6621(c) penalty rate, the Form 4549-A and assessment notice were, *ergo*, a NCA sufficient for purposes of §6230(c)(2)(A). But it is obvious that one has no logical relationship, let alone casual (sic) nexus, to the other.

*Sur-Reply* [Doc. #27] at 15. There is indeed a connection between the IRS' documents and plaintiffs' response to them. Plaintiffs' refund claims illustrate the sufficiency of the mailing/s. Plaintiffs stated in their refund claims that they understood from the Form 4549-A that they would be assessed interest on their underpayment, and calculated that interest at the tax motivated rate in an attached computation. The *fact* that plaintiffs understood the IRS letter and Form 4549-A and/or notice of assessment *at the time they were received* is inconsistent with their present argument that the documents were misleading. Plaintiffs now wish, by argument, to contradict their own actions that are a matter of record.

Third, plaintiffs "object to the inclusion of the 490 and the 510 in the record of this case for any purposes of notice, knowledge, or intent of the parties prior to April 14, 2003." *Sur Reply* [Doc. #27] at 16. Attendantly, plaintiffs request discovery to the extent the Court deems those documents relevant to whether the six month period commenced. We agree that discovery would be appropriate in such circumstance, and think the scope of such discovery should be

addressed at such time as the Court deems it necessary.

## IV. Plaintiffs' sole response to application of *Res Judicata* lacks merit.

In our *Reply* [Doc. #26], we explained that, even if the Court concluded the Tax Court's, Tenth Circuit's and Ninth Circuit's respective decisions in *Krause v. Commissioner*, 99 T.C. 192 (1992), *Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994), and *Hill v. Commissioner*, 204 F.3d 1214 (9th Cir. 2000) were incorrect, plaintiffs are precluded by both statute and the doctrine of *res judicata* from prevailing in the present suit. *See Reply* [Doc. #26] at 24-32. In *Krause*, the Tax Court disallowed partnership deductions under § 183, and, because activities with respect to which deductions are disallowed under § 183 constitute tax motivated transactions, upheld imposition of tax motivated interest on underpayments resulting from the disallowance. The Tenth and Ninth Circuits, in *Hildebrand* and *Hill*, affirmed the Tax Court's decision and analysis in *Krause*. The decision in *Vulcan Oil*, to which plaintiffs are bound as parties, applied *Krause*, *Hildebrand*, and *Hill*, and disallowed plaintiffs' partnership's losses under § 183. *See Br.* [Doc. #13] at 5-6; *Supp.* [Doc. #12] Ex. A at 54, 65, 68.

We explained that the Court is precluded by statute from overturning the *Vulcan Oil* determination that plaintiffs' partnership activities lack a profit motive under § 183. That determination constitutes a determination of a partnership item, as defined in § 6231(a)(3). *See Treas. Reg.* § 301.6231(a)(3)-1(b) (1986) ("The term 'partnership item' includes the ... legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc. Examples of these determinations are: ... whether partnership activities have been engaged in with the intent to

make a profit for purposes of section 183....")[5]; *River City Ranches #1 LTD. v. Commissioner*, 401 F.3d 1136, 1143-44 (9th Cir. 2005) (character of partnership's transactions is partnership item, and therefore a court in a partnership level proceeding has jurisdiction to make findings concerning the character of a partnership's transactions for purposes of a partner's ultimate liability for tax motivated interest). Partnership item determinations can only be made in partnership level proceedings, such as *Vulcan Oil*, which was a § 6226(a) proceeding. A Court is prohibited from altering a partnership item determination in a partner level proceeding, such as the present case. *See* §§ 7422(h), 6230(c)(4); *Prochorenko v. United States*, 243 F.3d 1359, 1362-63 (Fed. Cir. 2001). Therefore, even if erroneous, the disallowance of plaintiffs' partnership deductions under § 183 in *Vulcan Oil* cannot be disturbed here.

Similarly, we explained that the doctrine of *res judicata* prevents the Court from disturbing the decision in *Vulcan Oil*. We explained that the Tax Court's decision satisfies the elements of the doctrine, and binds plaintiffs to the disallowance therein of their partnership's deductions under § 183.

Plaintiffs make only one response. They argue that, because *Vulcan Oil* was a partnership level proceeding under § 6226, "it had no jurisdiction over the IRS's imposition of the §6621(c) penalty rate of interest on those underpayments; therefore, it was not a court of competent jurisdiction as to those issues and the *Vulcan Oil* decision has no preclusive effect as to those issues." *See Sur-Reply* [Doc. #27] at 12 n.27. Attendantly, plaintiffs claim ". . . the McGanns could not have appealed the *Vulcan Oil* decision in order to dispute the imposition of

---

[5] This regulation applies to the 1983 taxable year of plaintiffs' partnership Drake Oil. *See Treas. Reg.* § 301.6231(a)(3)-1(d) (section applies with respect to partnership taxable years beginning after September 3, 1982).

the §6621(c) penalty rate of interest on their underpayment of tax because those issues were never before the Tax Court in that case." *See id.*

Plaintiffs' contention is flawed. It makes no difference whether the Tax Court was considering the imposition of tax motivated interest. What matters is that it decided that the partnership activities lacked a profit motive and that the Tax Court's determination can't be reconsidered here.

Plaintiffs fail to acknowledge, as they should, that their liability for tax motivated interest flows mechanically from the *Vulcan Oil* decision that plaintiffs' partnership's activities lacked a profit motive under § 183. There is no doubt that the Tax Court had jurisdiction to make a determination of a partnership item – that partnership activities lacked a profit motive – and plaintiffs do not contend otherwise. Based on this determination, the *Vulcan Oil* decision disallowed plaintiffs' partnership deductions, also a partnership item. Accordingly, the disallowance was attributable to a tax motivated transaction (activities with respect to which deductions are disallowed under § 183, *Temp. Treas. Reg.* § 301.6621-2T, A-4(1) (1984)). The disallowance caused plaintiffs' tax underpayment. *See Br.* [Doc. #13] at 5-6. Because the underpayment exceeded $1,000 and was attributable to a tax motivated transaction, imposition of tax motivated interest was mandatory under former § 6621(c). In sum, once the *Vulcan* Oil decision attributed the disallowance to a tax motivated transaction, imposition of tax motivated interest on plaintiffs' resulting underpayment was automatic. *See e.g. Hill v. Commissioner*, 204 F.3d 1214, 1219-21 (9th Cir. 2000); *Hildebrand v. Commissioner*, 28 F.3d 1024, 1028 (10th Cir. 1994); *Wolf v. Commissioner*, 4 F.3d 709, 715-16 (9th Cir. 1993); *Barlow v. Commissioner*, T.C. Memo. 2000-339, 2000 WL 1649506, at *17 (U.S. Tax Ct. Nov. 3, 2000) ("We begin by

observing that once we decide that there is a tax-motivated transaction such as a valuation overstatement or a sham or fraudulent transaction, the determination of additional interest is largely mechanical."), *aff'd on other grounds by Barlow v. Commissioner*, 301 F.3d 714 (6th Cir. 2002); *Krause v. Commissioner*, 99 T.C. 132, 180 (1992).

Thus, while the *Vulcan Oil* court did not have jurisdiction to determine an individual partner's ultimate liability for tax motivated interest, the Tax Court had jurisdiction to make the predicate partnership item determination from which a partner's liability for tax motivated interest follows automatically (assuming, as here, the partner's underpayment, after application of disallowance of partnership losses, exceeds $1,000). And, for plaintiffs to not be liable for tax motivated interest, this Court would have to reject the Tax Court's conclusion that the partnership's activities lacked a profit motive under § 183 – something this Court cannot do.

Plaintiffs' opportunity to contest the Tax Court's determination was on direct appeal from the decision in *Vulcan Oil*. Contrary to plaintiffs' claim, all of the arguments plaintiffs make for why they are not liable for tax motivated interest, the arguments raised in *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002), could have been raised on direct appeal. The arguments all challenge the Tax Court's predicate partnership item determination that partnership activities lacked profit motive under § 183, and therefore partnership deductions were disallowed under that section. None of the arguments are partner specific; instead, they all challenge partnership level matters that affect the entire partnership.

## V. Conclusion

For the reasons detailed in defendant's briefs, plaintiffs' complaint should be dismissed.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven Frahm
Of Counsel

December 15, 2006