**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THOMAS H. McGANN and EVELYN G. McGANN | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 05-1189 |
| v. | § | JUDGE LETTOW |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO THE UNITED STATES' MOTION FOR LEAVE TO FILE NOTICE OF RECENT AUTHORITY**

Defendant's motion to dismiss (Document #13) is currently pending before this Court along with related Documents #20 (plaintiffs' response), #26 (defendant's reply), #27 (plaintiffs' sur-reply), #33 (defendant's response to plaintiffs' sur-reply), and #31/34 (plaintiffs' reply to defendant's response to plaintiffs' sur-reply). Oral argument in this case was held on January 29, 2007.

On April 18, 2007, Judge Allegra issued a consolidated opinion in *Keener, et ux. v. United States* (Fed. Cl. 03-2028 T) and *Smith, et ux. v. United States* (Fed. Cl. 04-907 T). Among the issues addressed by Judge Allegra was whether 7422(h) bars the suits brought by Keener and Smith for refund of interest paid under the former §6621(c) penalty rate. Keener and Smith were partners in one or more of the AMCOR partnerships who settled their partnership items with the IRS on Forms 870-P(AD). Here, McGann was a partner in an ELEKTRA partnership and never settled with the IRS on a Form 870-P(AD).

Here, the defendant's motion to dismiss plainly stated that it raised only one issue:

> The question presented by this motion is:
>
> Whether plaintiffs filed their administrative refund claim for tax motivated interest outside the time period Congress prescribed in §6230(c)?

See page 2 of the Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and Brief in Support Thereof, filed at Document #13.

Judge Allegra's opinion plainly states that it never addresses "the arguments raised in defendant's second motion to dismiss", *i.e.* whether the limitations period prescribed in §6230(c) applied to the taxpayers' §6621(c) refund claim. *Kenner*, n.25; see also Document 54 in *Keener* (Fed.Cl. 03-2028 T). The *Keener* opinion never addresses the §6230(c) limitations period and is, therefore, not relevant to the only issue raised by the defendant in its motion at issue here.

In its notice of recent authority the defendant asserts for the first time that its motion to dismiss raised the additional question of:

> (2) Whether plaintiffs' tax motivated interest claim is barred by 26 U.S.C. §7422(h) (or §6230(c)(4)) or under the doctrine of *res judicata*.

But §7422(h), §6230(c)(4), and application of the doctrine of *res judicata* were never raised, or even mentioned, by the defendant in its motion to dismiss. See Document #13.

Section 7422(h) was first mentioned by the plaintiffs inside a quotation (Document #20 at p. 30) and then cited by the defendant in a cursory manner without analysis or explanation (Document #26 at pp. 14, n. 7, 25, 28). The defendant did not include §7422 in Appendix A to its motion to dismiss.

Section 6230(c)(4) was cited for the first time by the defendant in its reply brief and then in its response to the plaintiffs' sur-reply, both times in a cursory manner without analysis or explanation. See Document #26 at pp. 23, 25, 28 and Document #33 at p.12. The defendant did not include §6230(c)(4) with the relevant portions §6230(c) in Appendix A to its motion to dismiss.

The doctrine of *res judicata* was raised for the first time by the defendant in its reply brief. See Document #26 at pp. 25, 28-32. See also the plaintiffs concise rebuttal at Document #27 at p.12, n.27, and the defendant's re-statement at Document #33 at pp.11-14.

It is undisputed that Judge Allegra's opinion in *Keener* did not address the actual issue raised here by the defendant in its motion to dismiss. But the defendant states that "[i]f the Court agrees

with [the *Keener*] ruling, question (2) should be answered in the affirmative and the defendant's motion granted." Document 36 at p. 2.

It is the plaintiffs' position that *Keener* was wrongly decided as a matter of law, that the facts relevant to the AMCOR partners in *Keener* are irrelevant to the ELEKTRA partners here (the McGanns), and that the issues addressed in *Keener* are not relevant to the sole issue raised here in the defendant's motion to dismiss.

If this Court determines that the issues addressed in *Keener* are somehow relevant to the issue currently before this Court, then the plaintiffs request that the Court set a briefing schedule so that the parties may, for the first time, fully and fairly address the issues in *Keener*, their applicability to this case and the applicability here, if any, of §7422(h), §6230(c)(4), and the doctrine of *res judicata.*

Respectfully,

/s/ Sallie W. Gladney

Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
**ATTORNEY FOR PLAINTIFFS**

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)