**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN

Plaintiffs,

VS.

UNITED STATES OF AMERICA,

Defendant.

# JOINT STIPULATIONS OF FACT

As the Court requested in its Scheduling Order of September 25, 2007, the parties file the following stipulations of fact, which are to be used solely to support or to oppose the parties' cross-motions for summary judgment. These stipulations do not bind the parties for any other purpose in this Court or in any other court. Both parties reserve the right: (1) to propose additional facts, which they may support with exhibits, affidavits, or other evidence; and (2) to object to the relevance of the stipulated facts.

1. The plaintiffs, Thomas H. McGann and Evelyn G. McGann ("the McGanns"), are citizens of the United States who reside in Berwyn, Pennsyvania.

2. From roughly 1978 to 1986 a group of limited partnerships known as the Elektra partnerships were formed with the general objective of, among other things, investing in enhanced oil recovery (EOR) technology for the recovery of oil and natural gas.

3. In 1983 the McWal Company ("McWal Co.") was a limited partner with a .272% interest in Drake Oil Technology Partners ("Drake Oil"), an Elektra partnership. Joint Exhibit 1 is a true and correct copy of the Schedule K-1 for tax year 1983 issued by Drake Oil to the McWal Co.

4. Joint Exhibit 2 is a true and correct copy of the McWal Company's timely filed 1983 Form

1065 tax return.

5. In 1983 plaintiff Thomas H. McGann ("McGann") was a general partner in the McWal Co. with a 50% interest in profits, losses and capital. Bates stamped pages 7-8 of Joint Exhibit 2 are a true and correct copy of the Schedule K-1 for tax year 1983 issued by the McWal Co. to McGann.

6. On their 1983 federal tax return the McGanns recognized the Drake Oil related gains and losses allocated to McGann on his 1983 Schedule K-1 from the McWal Co., thereby reducing their taxes for 1983. Joint Exhibit 3 is a true and correct copy of the McGanns' timely filed 1983 Form 1040 tax return.

7. Any adjustment by the Internal Revenue Service ("IRS") to the McGanns' Drake Oil related deductions is controlled by TEFRA, *i.e.* the partnership procedures codified at 26 U.S.C. §§6221-6234, as enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97-248, 96 Stat. 324 and as thereafter amended. TEFRA is also known as Subtitle F, Chapter 63, Subchapter C of the Internal Revenue Code.

8. In the 1980s the IRS disallowed Elektra partnership deductions and imposed the §6621(c) enhanced rate of interest on the resulting tax liabilities of numerous Elektra partners for pre-TEFRA tax years 1978-1982.

9. In 1986, Elektra partners Krause and Hildebrand filed separate suits in the Tax Court challenging the IRS's proposed disallowances. Krause was a partner in Elektra partnership Barton Enhanced Oil Production Fund ("Barton Oil") for 1982 and 1983. Hildebrand was a partner in Elektra partnership Technology Oil and Gas Associates 1980. *Hildebrand* was consolidated into *Krause* which became the test case challenging the IRS's Elektra related disallowances. *See Krause v. C.I.R.*, 99 T.C. 132, 133 (1992), *aff'd sub nom. Hildebrand v. C.I.R.* 28 F.3d 1024 (10th Cir.1994), *cert. denied,* 513 U.S. 1079, 115 S.Ct. 727, 130 L.Ed.2d 631.

10. Also in 1986, Elektra partner Acierno filed suit in the Tax Court challenging the IRS's proposed disallowance of his pre-TEFRA 1982 deductions related to Drake Oil. *See Acierno v. C.I.R.*, T.C.Memo 1997-441, *aff'd without published opinion*, 185 F.3d 861 (Table) (3rd Cir. 1999).

11. On April 6, 1987, the IRS issued a TEFRA Notice of Final Partnership Administrative Adjustment ("FPAA") for Drake Oil's 1983 tax year. Joint Exhibit 4 is a true and correct copy of the 1983 FPAA issued by the IRS to Drake Oil.

12. In response, the tax matters partner ("TMP") for seven Elektra partnerships, including Drake Oil, challenged the adjustments proposed by the IRS in the 1983 FPAAs by filing a single §6226(a) TEFRA partnership-level case in the Tax Court at *Vulcan Oil Technology Partner, at al. v. C.I.R.*, docket no. 21530-87. Joint Exhibit 5 is a true and correct copy of the docket sheet for the 1983 *Vulcan Oil* case.

13. In 1990, Alvin C. Copeland, a partner in two Elektra partnerships (Garfield Oil and Gas Associates and Cardinal Oil Technology Partners), filed an individual case in the Tax Court contesting, among other things, the IRS decision to impose the §6621(c) enhanced rate of interest on his pre-TEFRA 1979, 1981, and 1982 partnership related liabilities. *See Copeland v. C.I.R.*, T.C. Memo 2000-181, *aff'd in part, rev'd in part and remanded* 290 F.3d 326 (5th Cir. 2002).

14. In 1992, the Tax Court issued its opinion in *Krause* disallowing the Elektra related partnership losses because the partnerships lacked the requisite profit motive and imposing the §6621(c) enhanced rate of interest on any resulting pre-TEFRA tax liabilities.

15. In 1994, the Tenth Circuit Court of Appeals issued *Hildebrand* – the appeal of the Tax Court's decision in *Krause* – holding the Tax Court's disallowance of the partnership deductions and imposition of the §6621(c) enhanced interest rate on any resulting pre-TEFRA tax liabilities.

16. In 1997, the Tax Court issued its opinion in *Aceirno* concluding, as to the issues then before

the court,

> that, for Federal income tax purposes, [Acierno's 1982 pre-TEFRA] limited partnership investment in Drake, the activities of Drake, and the purported debt obligations of Drake are not distinguishable from the investments in, the activities of, and the purported debt obligations of Barton as described in the *Krause* opinion.
>
> 74 T.C.M. at 740.

17. Imposition of the §6621(c) enhanced interest rate was not at issue in *Acierno*. 74 T.C.M. 739.

18. Acierno appealed and, in 1999, the Third Circuit upheld the Tax Court, without a written opinion.

19. In 2000, the Tax Court similarly ruled against Copeland who appealed to the Fifth Circuit.

20. On December 20, 2001, the IRS filed in the *Vulcan Oil* Tax Court case a Motion to Dismiss for Lack of Prosecution, with specific adjustments to partnership items, on the basis that

> the Petitioners' [TMP] has failed to perform the duties and responsibilities required of a [TMP] under the Tax Court's Rules . . . and such failure has precluded the further prosecution and ultimate resolution of this case, whether by trial or settlement.
>
> . . . .
>
> 35. The proposed adjustments to partnership items in this case . . ., have been computed based on I.R.C. §183 in accordance with the opinion in *Krause*.

Bates stamped pages 94-109 of Joint Exhibit 13 are a true and correct copy of the relevant portions of the IRS's motion to dismiss.

21. On March 22, 2002, the Tax Court issued an Order to Show Cause requiring that the partners

> shall show cause in writing on or before May 24, 2002, why this case should not be dismissed for failure properly to prosecute and that there are adjustments to partnership items of the above named partnerships [including Drake Oil] as stated in such motion.

Joint Exhibit 6 is a true and correct copy of the relevant portions of the Tax Court's Order to Show Cause.

22. The Tax Court directed the Clerk to serve the show cause order on hundreds of partners at the addresses given, including "George C. Walueff & T H McGann Ptr. See Bates stamped page 58 of Joint Exhibit 6.

23. On May 13, 2002, the Fifth Circuit reversed the Tax Court's decision in *Copeland* as to imposition of the §6621(c) interest rate on Copeland's Elektra related tax liabilities.

24. McGann did not respond to the Tax Court's Order to Show Cause on or before May 24, 2002.

25. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." Bates stamped pages 110-112 of Joint Exhibit 13 are a true and correct copy of the relevant portions of the Tax Court's Order and Order of Dismissal and Decision.

26. Joint Exhibit 7 has been omitted by agreement of the parties.

27. Joint Exhibit 8 has been omitted by agreement of the parties.

28. Joint Exhibit 9 is a true and correct copy an undated Form 888-Z generated by the IRS.

29. No copy of Joint Exhibit 9 was ever sent to either McGann or the McWal Co.

30. Joint Exhibit 10 is a true and correct copy of a Form 4605-A generated by the IRS dated December 6, 2002.

31. Joint Exhibit 11 is a true and correct copy of a Form 4549, with transmittal letter, issued by the IRS to the McGanns on February 28, 2003.

32. On March 24, 2003 the IRS assessed tax ($8,620.00) and interest ($57,475.04) against the McGanns. Joint Exhibit 12 is a true and correct copy of a Certificate of Assessments, Payments, and Other Specified Matters dated May 5, 2006, generated by the IRS.

33. The IRS assessed interest against the McGanns' 1983 tax liability at the §6621(c) enhanced rate.

34. The IRS's assessment of tax and interest was made within the one-year limitations period prescribed by §6229(d).

35. The McGanns paid the liabilities in full by application of a prior remittance of $8,620.00 on March 11, 2003, and payments of $17,312.79 and $40,162.25 on April 14, 2003 and April 21, 2003, respectively. See Joint Exhibit 12.

36. On April 15, 2005, the McGanns filed a claim for refund of $18,309.66, which they asserted was the "portion of interest assessed due to the penalty rate under §6621(c)." Joint Exhibit 13 is a true and correct copy of the McGanns' claim for refund, with cover letter and all relevant attachments. Copies of cases originally included as exhibits B, C, F, and G to the McGanns' 1983 refund claim are omitted and such omission is noted in Joint Exhibit 13.

37. The McGanns filed their complaint in this Court on November 10, 2005.

The defendant's attorney has authorized the plaintiffs' attorney to sign this stipulation on his behalf.

Respectfully submitted,

November 7, 2007
Date

/s/ Thomas E. Redding

THOMAS E. REDDING
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244 / (713) 621-5227 Fax
Attorney for Plaintiffs

November 7, 2007
Date

/s/ Robert Stoddart, signed by Thomas E. Redding

ROBERT STODDART
Attorney of Record
U.S. Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, DC 20044

TEL: (202) 307-6445
FAX: (202) 514-9440
E-MAIL: Robert.C.Stoddart@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

Of Counsel