UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

| | | |
|---|---|---|
| VULCAN OIL TECHNOLOGY PARTNERS, VANGUARD OIL TECHNOLOGY PARTNERS, DRAKE OIL TECHNOLOGY PARTNERS, DILLON OIL TECHNOLOGY PARTNERS, DERRINGER OIL TECHNOLOGY PARTNERS 1981, DERRINGER OIL TECHNOLOGY PARTNERS 1982, CROWNE OIL TECHNOLOGY PARTNERS, LOUIS COPPAGE, TAX MATTERS PARTNER, | ) | |
| Petitioners | ) | |
| v. | ) | Docket No. 21530-87 |
| COMMISSIONER OF INTERNAL REVENUE, | ) | "ELEKTRA/HEMISPHERE" |
| Respondent | ) | |

ORDER TO SHOW CAUSE

On December 20, 2001, respondent filed a Motion to Dismiss this case for Lack of Prosecution upon the ground that Louis Coppage, the tax matters partner of Crowne Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982, Dillon Oil Technology Partners, Drake Oil Technology Partners, Vanguard Oil Technology Partners, and Vulcan Oil Technology Partners for their tax years 1983 has failed properly to prosecute this case. Respondent requests the Court to find there are adjustments to the partnership items of the above-named partnerships as stated in said motion. Accordingly, it is

ORDERED that the Clerk of the Court shall attach to this Order a copy of Exhibits C through I attached to respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001. It is further

JOINT EXHIBIT 6

ORDERED that the partners of Crowne Oil Technology Partners, Derringer Oil Technology Partners 1981, Derringer Oil Technology Partners 1982, Dillon Oil Technology Partners, Drake Oil Technology Partners, Vanguard Oil Technology Partners, and Vulcan Oil Technology Partners for their tax years 1983, whose names and addresses appear in the attached Exhibits C through I that have been made a part of this Order shall show cause in writing on or before May 24, 2002, why this case should not be dismissed for failure properly to prosecute and that there are adjustments to partnership items of the above-named partnerships as stated in said motion. It is further

ORDERED that in addition to normal service, the Clerk of the Court shall serve copies of this Order and its attachment, and the Motion to Dismiss for Lack of Prosecution on those partners of the above-named partnerships whose names and addresses appear in the attached Exhibits C through I that have been made a part of this Order.

Stephen J. Swift
Stephen J. Swift
Judge

DATED: Washington, D.C.
March 22, 2002

| Form 886-Z (C) Rev June 1989 | Department of the Treasury -- Internal Revenue Service<br>**Partners' or S Corporation Shareholders' Shares of Income** | Schedule Number |
|---|---|---|

| Name of Partnership or S Corporation | TIN of Partnership or S Corporation | Taxable Year Ended |
|---|---|---|
| DRAKE OIL TECHNOLOGY PARTNERS | 84-0856853 | 198312 |

| Name and Address of Each Partner or Shareholder (1) | TIN of Partner or Shareholder (2) | Percentage of Profit (3) | Ordinary Income (Loss) (4) |
|---|---|---|---|
| (a) GEORGE C WALUEFF & T H MCGANN PTR<br>512 WESTWIND DR<br>52 BERWYN PA 19312-1156128 | [redacted] | | |
| (b) STANLEY D & CALLITA A EASON<br>2550 OLD ORCHARD TRL<br>58 MARIETTA GA 30062-5611501 | [redacted] | 0.810 | |
| (c) DEBRA H LOWREY<br>6726-A E CEDAR AVE<br>84 DENVER CO 80224 | [redacted] | | |
| (d) FELIX & CAROL MARTINEZ<br>1524 DELLSWAY RD<br>23 TOWSON MD 21286-5901240 | [redacted] | 0.270 | |
| (e) DAVID V & BARBARA C SKILLING<br>125 NETAS CT<br>31 PALM DESERT CA 92260 | [redacted] | 0.270 | |
| (f) ALLEN L & ROSE ROSENBERG<br>4434 N 12TH APT 200<br>86 PHOENIX AZ 85014-6015505 | [redacted] | 0.270 | |
| **Totals** | | | |

**Continuation**

| | (5) | (6) | (7) | (8) | (9) | (10) | (11) | (12) |
|---|---|---|---|---|---|---|---|---|
| (a) | | | | | | | | |
| (b) | | | | | | | | |
| (c) | | | | | | | | |
| (d) | | | | | | | | |
| (e) | | | | | | | | |
| (f) | | | | | | | | |
| Totals | | | | | | | | |

# Exhibit 7

Omitted by Agreement of the Parties

# Exhibit 8

Omitted by Agreement of the Parties

# Court Decision Entered 6-13-2002

| Name of Partnership or S. Corporation | TIN of Partnership | | Taxable Year | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DRAKE OIL TECHNOLOGY PARTNERS | 840858853 | | 8312 | | | | | | |
| Partnership Totals | | | $ (9,851.00) | | $ 19,601,946.00 | $ 3,272.00 | $ 152,496.00 | $ 152,496.00 | $ 107,083.00 |
| Name and Address of each Partner | TIN of Partner | Percentage of Profit | Ordinary income(Loss) | S/E Net Earnings | Net Investment Income | Unadjusted Basis in Qualified Property New Other Sec. 48(q) Election | Cost Depletion Oil and Gas | Oil and Gas Depletion to extent of basis | Unadjusted Basis in Qualified Investment Used Other Sec. 48(q) Election |
| TROUP,SHERMAN L<br>1008 DEVONSHIRE CURVE<br>BLOOMINGTON , MN 55431 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| GRAY,PAUL S<br>20140 GENEVA CT<br>FARIBAULT , MN 55021 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| HUNT,DONALD W & CONSTANCE W<br>1500 HOLDRIDGE CIR<br>WAYZATA , MN 55391 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| LYNCH,RICHARD & MARLYS<br>408 WAYCLIFFE DR N<br>WAYZATA , MN 55391 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| CAWLEY,WILLIAM L & NORMA<br>1560 E ROSE<br>OWATONNA , MN 55060 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| HARLAN,RICHARD D & PATRICIA H<br>2810 G N TUSTIN AVE<br>SANTA ANA , CA 92705 | [redacted] | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| JOHNSON,FLOYD L<br>PO BOX 610394<br>SAN JOSE , CA 95161 | [redacted] | 0.540% | $ (53.20) | $ 0.00 | $ 105,310.50 | $ 17.67 | $ 823.48 | $ 823.48 | $ 578.25 |
| WALUEFF,GEORGE C & T H MCGANN PTR<br>512 WESTWIND DR<br>BERWYN , PA 19312 | 510121069 | 0.270% | $ (26.60) | $ 0.00 | $ 52,655.25 | $ 8.83 | $ 411.74 | $ 411.74 | $ 289.12 |
| EASON,STANLEY D & CALLITA A<br>2550 OLD ORCHARD TRAIL<br>MARIETTA , GA 30062 | [redacted] | 0.810% | $ (79.79) | $ 0.00 | $ 157,965.76 | $ 26.50 | $ 1,235.22 | $ 1,235.22 | $ 867.37 |

NOT FOR DISTRIBUTION TO TAXPAYER **NO PENALTIES** assert §6621(c) interest

JOINT EXHIBIT 9

0061

TOTAL P.005

Page ___ of ___ pages

Form 4605-A (Rev. September 1986)

Department of the Treasury—Internal Revenue Service

**Examination Changes - Partnerships, Fiduciaries, S Corporations, and Interest Charge Domestic International Sales Corporations**

8312 [redacted] 051033223
GEORGE C WALUEFF & T H MCGANN PTR
MCWAL COMPANY 8712
PO BOX 467
WILM DE 19899

Employer Identification Number [redacted]

Form Number 1065

Person Examination Changes Were Discussed With — Name: — Title:

| 1. Adjustments to ordinary, distributable net, or taxable income. | Year: 831 ✓ | Year: | Year: |
|---|---|---|---|
| a. DRAKO OIL | | | |
| b. 84-0856813 | ✓4,778 | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| 2. Total adjustments to ordinary, distributable net, or taxable income. | ✓3,778 | 25886 | |
| 3. Ordinary, distributable net, or taxable income as reported. | (29323) | 14696 | |
| 4. Corrected ordinary, distributable net, or taxable income. | 22385 ✓ | 11192 | |
| 5. Other adjustments. | | | |
| a. | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| b. | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Remarks

1 YR DATE 9-10-03
FINAL
120% INTEREST APPLIES TO INVESTOR

Examiner's Signature [signature] | District Office BS | Date 12-6-02

Cat. No. 41917X *U.S. GPO: 1990-262-164/04277

4605-A (Rev. 9-86)

JOINT EXHIBIT 10

0062

**Department of the Treasury**
**Internal Revenue Service**
1040 Waverly Avenue
P.O. BOX 630
Holtsville NY 11742

Mail Stop:
632-3
Person to Contact:
Joan Steigele
Employee Identification Number:
0178326024
Telephone Number:
631 447-6665
Hours:
8:00AM-11:00AM
Time Zone:
EST
Day(s) of the Week:
Mon-Thurs
Taxpayer Identification Number:
[redacted]
Tax Year Ended:
December 31, 1983

Date: FEB 2 6 2003

Thomas H & Evelyn McGann
512 Westwind Dr
Berwyn PA 19312-1156

Case Copy

Dear Thomas H & Evelyn McGann:

Enclosed is Form 4549-A explaining how the adjustments made during our examination of the above return affect your individual income tax return. The Form 4549-A does not require any signatures and should not be returned to us, but should be kept for your records.

If you owe additional tax, you will receive a bill for the additional tax and interest. If penalties are applicable because of the adjustments made during our examination, a separate report will be mailed to you. If you are due a refund, it will be sent to you within 6 to 8 weeks.

If you have any questions about this matter, please write to the person whose name is shown at the top of this letter, or you may call that person at the telephone number shown.

If you prefer, you may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the office at the address shown on this letter is most familiar with your case.

If you write to us, please provide your telephone number and the most convenient time for us to call you in case we need more information. Attach this letter to any correspondence to help us identify your case. Keep the copy for your records.

Thank you for your cooperation.

Sincerely yours,

Shiela O'Brien
Shiela O'brien
Chief Research and Analysis Branch

Enclosure:
Form 4549-A
Copy of this letter

JOINT EXHIBIT 11

Letter 2083 (SC) (Rev. 3-1986)
Cat. No. 63342P

**Department of the Treasury**
**Internal Revenue Service**
1040 Waverly Avenue
P.O. BOX 630
Holtsville NY 11742

Date:

Thomas H & Evelyn McGann
512 Westwind Dr
Berwyn PA 19312-1156

**Mail Stop:**
632-3
**Person to Contact:**
Joan Steigele

**Employee Identification Number:**
0178326024
**Telephone Number:**
631 447-6665
**Hours:**
8:00AM-11:00AM
**Time Zone:**
EST
**Day(s) of the Week:**
Mon-Thurs
**Taxpayer Identification Number:**
[redacted]
**Tax Year Ended:**
December 31, 1983

Dear Thomas H & Evelyn McGann:

Enclosed is Form 4549-A explaining how the adjustments made during our examination of the above return affect your individual income tax return. The Form 4549-A does not require any signatures and should not be returned to us, but should be kept for your records.

If you owe additional tax, you will receive a bill for the additional tax and interest. If penalties are applicable because of the adjustments made during our examination, a separate report will be mailed to you. If you are due a refund, it will be sent to you within 6 to 8 weeks.

If you have any questions about this matter, please write to the person whose name is shown at the top of this letter, or you may call that person at the telephone number shown.

If you prefer, you may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the office at the address shown on this letter is most familiar with your case.

If you write to us, please provide your telephone number and the most convenient time for us to call you in case we need more information. Attach this letter to any correspondence to help us identify your case. Keep the copy for your records.

Thank you for your cooperation.

Sincerely yours,

Shiela O'Brien

Shiela O'brien
Chief Research and Analysis Branch

Enclosure:
Form 4549-A
Copy of this letter

**Letter 2083 (SC) (Rev. 3-1986)**
Cat. No. 63342P

Form **4549A** | Department of the Treasury - Internal Revenue Service

## Income Tax Examination Changes

Page 1 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Thomas H & Evelyn McGann<br>512 Westwind Dr<br>Berwyn PA 19312-1156 | [redacted] | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: |

| 1. **Adjustments to Income** | **Period End** 12/31/1983 | **Period End** | **Period End** |
|---|---|---|---|
| a. Sch E-Ordinary Income 51-0121089 | 25,888.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 25,888.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 25,044.00 | | |
| 4. **Corrected Taxable Income** | 50,932.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | Joint | | |
| 5. **Tax** | 12,387.00 | | |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 12,387.00 | | |
| 8. **Less Credits** a. Investment Credit | 62.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. **Balance** (Line 7 less total of lines 8a through 8d) | 12,325.00 | | |
| 10. Plus Other Taxes a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. **Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 12,325.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 3,705.00 | | |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. **Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | 8,620.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. **Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | 8,620.00 | | |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the equired tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Version 4.00.00

Form CG-4549A

Form **4549A**

Department of the Treasury - Internal Revenue Service

**Income Tax Examination Changes**

Page 2 of 2

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Thomas H & Evelyn McGann | [redacted]9326 | 1040 |

| | Period End 12/31/1983 | Period End | Period End |
|---|---|---|---|
| 17. **Penalties** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. **Total Penalties** | | | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on underpayment will accrue until paid or assessed | 0.00 | | |
| Underpayment attributable Tax Motivated Transactions TMT interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c) | 8,620.00 | | |
| 19. **Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or Overpayment Taxes – Line 16, Page 1 | 8,620.00 | | |
| b. Penalties (Line 18, Page2)-computed to 02/20/2003 | | | |
| c. Interest (IRC§ 6601)-computed to 03/22/2003 | 0.00 | | |
| d. TMT Interest – computed 03/22/2003 on TMT underpayment | 0.00 | | |
| e. Amount due or refund (sum of lines a, b, c and d) | 8,620.00 | | |

**Other Information:**

THIS REPORT IS PREPARED BASED ON THE TAX COURT DECISION, DOCKET #21530-87, FROM THE PARTNERSHIP, GEORGE C WALUEFF, EIN #51-0121089.

PLEASE REFER TO FORM 886-A FOR EXPLANATION OF ADJUSTED FIGURES.

IF YOU HAVE ANY QUESTIONS, CONTACT YOUR TAX MATTERS PARTNER.

| Examiner's Signature: | Employee ID: | Office: | Date: |
|---|---|---|---|
| Joan Steigele | 0178326024 | Brookhaven Service Center | 02/20/2003 |

RGS Version 4.00.00

Form CG-4549A

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
| --- | --- | --- |
| Name of Taxpayer<br>Thomas H & Evelyn McGann | Taxpayer Identification Number<br>[redacted]9326 | Year/Period Ended<br>1983 |

**Sch E-Ordinary Income 51-0121089**

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 1983 | ($14,696.00) | $11,192.00 | $25,888.00 |

ALL OR PART OF THE UNDERPAYMENT OF TAX YOU WERE REQUIRED TO SHOW ON YOUR RETURN IS A SUBSTANTIAL UNDERSTATEMENT ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS, AS DEFINED BY SECTION 6621(C) (3) OF THE INTERNAL REVENUE CODE. ACCORDINGLY, THE ANNUAL INTEREST RATE PAYABLE ON YOUR INCOME TAXES ON THIS UNDERSTATEMENT IS 120 PERCENT OF THE ADJUSTED RATE ESTABLISHED UNDER CODE SECTION 6621(B).

Your return is being adjusted in accordance with the examination results of the Partnership return in which you are an investor.

Name of Taxpayer: Thomas H & Evelyn McGann 02/20/2003
Identification Number: [redacted]9326 Total 4.00.00

## HOW TO PAY YOUR TAXES

If you agree with our examination, pay now by sending a check or money order and your signed agreement. The enclosed report does not reflect any balance currently due on your account.

Why it is to your advantage to pay now:

- Decreases future interest charges
- Prevents assessment of failure to pay penalty
- Reduces payment of nondeductible interest
- Eliminates further contact with us

If you agree with our examination and cannot pay now:

1) Can you pay the full amount within 120 days? [ ] Yes [ ] No
   - If yes, send in the signed agreement now and submit the balance due when you receive a bill.
   - If no, you may be eligible for a payment plan.

2) If you would like us to consider an installment agreement, submit your written request or check the box below and return this flyer with your signed agreement.

   [ ] I would like to pay $ ______________ per month.

   (We encourage you to make your payments as large as possible to limit penalty and interest charges.)

   I would like my payment to be due on the ________ of the month.

   (Please indicate a date between the 1st and 28th of the month.)

   You will be charged a $43 fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

   Please provide a telephone number where we can contact you regarding your request.

   Home: (    ) ______________________

   Work: (    ) ______________________

ALSO, if you agree with our examination, PLEASE SIGN PAGE 2 OF THE REPORT (Form 4549) and return pages 1 and 2 to us.

* Interest and applicable penalties will continue to accrue until your balance is paid in full.

**United States** **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: **May 5, 2006**

# CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: **Form 4340 Certificate of Assessments, and Payments, consisting of 4 page(s), of taxpayer(s) named herein in respect to the taxes specified, is a true and complete transcript for the period(s) stated, and all assessments, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification are shown therein. Thomas H. & Evelyn G. McGann, 512 West Wind Drive, Berwyn, PA 19312 for Tax Period(s) 198312 Form 1040.**

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

**PAUL L. CZARNECKI**
**ACCOUNTING CONTROL/SERVICES OPERATION MANAGER**
**PHILADELPHIA SUBMISSION PROCESSING CENTER**

Catalog Number 19002E

JOINT EXHIBIT 12

ɔrm **2866** (Rev. 09-1997)

# CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

...OMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADJUSTED GROSS INCOME 66,513.00 | | | |
| | TAXABLE INCOME 50,932.00 | | | |
| 04-15-1984 | RETURN FILED & TAX ASSESSED 28211-105-44682-4 198418 | 3,705.00 | | 05-14-1984 |
| 04-15-1984 | WITHHOLDING & EXCESS FICA | | 4,990.00 | |
| 05-14-1984 | REFUND | | (1,285.00) | |
| 08-16-1989 | ADVANCE PAYMENT OF DEFICIENCY | | 12,121.00 | |
| 08-18-1990 | RECEIVED POA/TIA | | | |
| 02-1996 | REMOVED POA/TIA | | | |
| 08-16-1989 | CORRECTION OF ADVANCED PAYMENT OF DEFICIENCY 1040 198612 [redacted]9326 | | (12,121.00) | |
| | RESTRICTED INTEREST ASSESSED 20031108 | 57,475.04 | | 03-24-2003 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY AFTER 30 OR 60 DAY LETTER 19247-465-08022-3 20031108 | 8,620.00 | | 03-24-2003 |
| 03-24-2003 | RENUMBERED RETURN 19247-465-08022-3 | | | |
| 03-11-2003 | ADVANCE PAYMENT OF DEFICIENCY | | 8,620.00 | |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326 [redacted]-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 04-17-2003 | RECEIVED POA/TIA | | | |
| | RESTRICTED INTEREST ASSESSED 20031808 | 276.21 | | 05-12-2003 |
| | ADDITIONAL TAX ASSESSED 28254-514-05015-3 20031808 | 0.00 | | 05-12-2003 |
| 04-14-2003 | SUBSEQUENT PAYMENT | | 17,312.79 | |
| 04-21-2003 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT | | 40,162.25 | |
| 04-14-2003 | AMENDED RETURN FILED 07277-532-00979-3 | | | |
| 05-12-2003 | OVERPAID CREDIT APPLIED 1040 200212 | | 276.21 | |
| 09-30-2003 | UPDATED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED 07254-531-07270-4 20042008 | 0.00 | | 05-31-2004 |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

JMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]-9326
[redacted]-4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADDITIONAL TAX ASSESSED 19254-745-05029-4 20045108 | | 0.00 | 01-03-2005 |
| 12-16-2005 | LEGAL SUIT PENDING | | | |
| 03-24-2003 | Statutory Notice of Balance Due | | | |
| 04-28-2003 | Notice of Balance Due | | | |
| 05-12-2003 | Statutory Notice of Balance Due | | | |

FORM 4340 (REV. 01-2002) PAGE 3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

THOMAS HERBERT & EVELYN MCGANN EIN/SSN: [redacted]9326
[redacted]4198

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1983

BALANCE 0.00

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED, AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

SIGNATURE OF CERTIFYING OFFICER: Paul L. Czarnecki

PRINT NAME: PAUL L. CZARNECKI

TITLE: ACCOUNTING CONTROL/SERVICES OPERATION MANAGER

DELEGATION ORDER: 11

LOCATION: INTERNAL REVENUE SERVICE

ACCOUNT STATUS DATE 05/02/2006

FORM 4340 (REV. 01-2002) PAGE 4

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

April 15, 2005

**PRIORITY CERTIFIED MAIL**
**# 7002 3150 0005 7422 0929**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Philadelphia, PA 19255

Re: Thomas H. McGann (SSN [redacted]9326) and Evelyn G. McGann (SSN [redacted]-4198)
Form 843, Claim for Refund and Request for Abatement, for 1983
Form 8822, Change of Address, for tax year 1983

Dear Sirs:

Enclosed are the above refund claim to be filed for the above clients. Please mail the refund in care of Thomas E. Redding in accordance with the instructions on Part 6 of the attached power of attorney.

**The claim is timely filed within two years of payment of the amount sought to be refunded.**

Very truly yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

SWG:mcs

Enclosures - Form 843
Form 8822
Power of Attorney

JOINT EXHIBIT 13

R:\DOCS\CORRESP.Q\QGGL4155.MC1.wpd

Case 1:05-cv-01189-CFL Document 42 Filed 07/14/2006 Page 2 of 20

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| THOMAS H. MCGANN<br>EVELYN G. MCGANN<br>512 WESTWIND DRIVE<br>BERWYN, PA 19312 | [redacted]-9326<br>[redacted]-4198 | |
| | Daytime telephone number<br>610-647-2782 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for Line 4 — **Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — **Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here THM EGM and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED1675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Thomas H. McGann — Signature 9-16-03 — Date — Title (if applicable)

THOMAS H. MCGANN — Print Name

Evelyn G. McGann — Signature 9-16-03 — Date — Title (if applicable)

EVELYN G. MCGANN — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 10/1/03 |
| A | Texas | [signature] Sallie W. Gladney | 10-1-03 |
| A | Texas | Teresa J. Womack [signature] Teresa J. Womack | 10/1/03 |

FED4675F 2

Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: THOMAS H MCGANN & EVELYN G MCGANN

Your SSN or ITIN: [redacted]9326

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester ***(POA ATTACHED, FORM 2848)***

Spouse's SSN or ITIN: [redacted]4198

City or town, state, and ZIP code: Houston, Texas 77018-7010 ******ADDRESS FOR THIS MATTER ONLY*****

Employer identification number (EIN):

Name and address shown on return if different from above:
512 West Wind Drive
Berwyn, PA 19312

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From January 1, 1983 to December 31, 1983

**2** Amount to be refunded or abated: $ 18,309.66**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ April 14, 2003 and April 21, 2003

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** ***Please See Explanation Attached*** *****

** ***or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.): Thomas H McGann — Date: 4-14-05

Signature: Evelyn G McGann — Date: 4/14/05

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

ISA
STF FED1524F

Form **843** (Rev. 11-2002)

Form 843
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant
THOMAS H MCGANN & EVELYN G MCGANN

Your SSN or ITIN
[redacted]9326

Address (number, street, and room or suite no.)
c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's SSN or ITIN
4198

City or town, state, and ZIP code
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number (EIN)

Name and address shown on return if different from above
512 West Wind Drive
Berwyn, PA 19312

Daytime telephone number
713-965-9244

1 Period. Prepare a separate Form 843 for each tax period
From January 1, 1983 to December 31, 1983

2 Amount to be refunded or abated
$ 18,309.66**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty — IRC section ▶ §6621(c)

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ April 14, 2003 and April 21, 2003

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

***** *Please See Explanation Attached* *****

** *or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| THOMAS H. MCGANN<br>EVELYN G. MCGANN<br>512 WESTWIND DRIVE<br>BERWYN, PA 19312 | [redacted]9326<br>[redacted]-4198 | |
| | Daytime telephone number 610-647-2782 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ..................... ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here THM EGM and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 Notices and communications. Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 Signature of taxpayer(s). If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Thomas H. McGann — 9-16-03

Signature — Date — Title (if applicable)

THOMAS H. MCGANN

Print Name

Evelyn G. McGann — 9-16-03

Signature — Date — Title (if applicable)

EVELYN G. MCGANN

Print Name

**Part II** Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 10/1/03 |
| A | Texas | Sallie W. Gladney | 10-1-03 |
| A | Texas | Teresa J. Womack | 10/1/03 |

SIF FED4675F 2

**THOMAS H. and EVELYN G. McGANN**
**(SSN[redacted]9326 and SSN[redacted]4198)**
**EXPLANATION - 1983 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Drake Oil Technology Partners partnership (referred to in this explanation as "the Partnership") for 1983 is filed based upon the following grounds:

1. The claim is timely. It is being filed within two years from the date of payment.

2. The taxpayer(s) invested as a limited partner in Drake Oil Technology Partners – a partnership in the Elektra partnership group – and took a deduction based on his related partnership losses on his individual tax return for 1983.

3. The IRS issued Notice(s) of Final Partnership Administrative Adjustment ("FPAAs")for the partnership. The FPAAs proposed adjustments to partnership items on multiple grounds – some "tax motivated transactions" ("TMTs") under §6621(c) and some not. One proposed ground for disallowing the deductions was that "[i]t has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit." See Exhibit A.

4. On July 2, 1987, a combined Tax Court petition for tax year 1983 was filed under *Vulcan Oil Technology Partner, at al. v. Commissioner* at Docket No. 21530-87.

5. In 1992, the Tax Court issued its published opinion in *Krause v. Commissioner*, 99 T.C. 132 (1992). See Exhibit B. *Krause* was the test case "for over 2,000 related cases and for a number of related TEFRA [Elektra] partnerships." In *Krause*, a pre-TEFRA case, the Tax Court disallowed the taxpayers' partnership related deductions under §§162 and 174 and imposed §6621(c) penalty interest because it held the partnerships did not have the requisite profit motive as determined using the profit motive test under §183. On June 22, 1994, the 10th Circuit Court of Appeals upheld the Tax Court's *Krause* opinion in *Hildebrand v. Commissioner*, 28 F.3d 1024, 1026 (10th Cir. 1994). See Exhibit C.

6. In each related TEFRA case, including *Vulcan Oil*, the IRS filed a Motion to Dismiss for Lack of Prosecution requesting that partnership item adjustments be entered which "have been computed based on §183 in accordance with the opinion in *Krause*." See excerpt attached as Exhibit D.

7. On June 13, 2002, the Tax Court entered an Order and Order of Dismissal and Decision in *Vulcan Oil* stating: "ORDERED that respondent's Motion to Dismiss for Lack of Prosecution filed December 20, 2001, is granted." See excerpt attached as Exhibit E. The decision contained partnership level adjustments "based on §183 in accordance with the opinion in *Krause*."

8. Based on the *Vulcan Oil* decision the IRS assessed tax, interest, and §6621(c) penalty interest against the taxpayers on March 24, 2003.

9. On information and belief, the IRS issued to the taxpayers a Form 4549A-CG showing how the IRS computed the purported liability. Forms 4549 issued to other Elektra related partners state that the underpayment of tax is attributable to TMT as defined under §6621(c) but the

basis of these purported TMT is not specified except that "[t]he examination results are based on the provisions stipulated in the United States Tax Court decision regarding the Partnership / S Corporation return."

10. The portion of interest assessed due to the penalty rate under §6621(c) was $18,309.66.

11. The taxpayer(s) paid the assessed tax and interest, including §6621(c) penalty interest, in full on April 14, 2003 and April 21, 2003.

12. The taxpayer is not liable for §6621(c) penalty interest because:

a. *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002). See Exhibit F.

On May 13, 2002, one month before the *Vulcan Oil* Tax Court decision was entered, the Fifth Circuit, in the Elektra related *Copeland* case, determined the IRS cannot use §183 to impose §6621(c) penalty interest on *any* partner where the §162 and §174 deductions are disallowed for lack of a partnership-level profit motive. In *Copeland* the Fifth Circuit recognized that in the Elektra partnerships the deductions were disallowed under §162 and §174, *not* under §183. Sections 162 and 174 are not TMTs. The Fifth Circuit further recognized that even if the partnership-level losses had been disallowed under §183, §183 does not apply to partnerships and is not a TMT for purposes of imposing §6621(c) penalty interest on *partners* for losses disallowed at the partnership level. In *Copeland* the Fifth Circuit held that the §183 analysis in *Krause* and *Hildebrand* was wrong as a matter of law, that partners in Elektra partnerships are not bound by the outcome in those cases, that no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a TMT, and, therefore, partners in Elektra partnerships, including the taxpayer(s), are not subject to §6621(c) penalty interest;

b. *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004).See Exhibit G.

On October 25, 2004, the Fifth Circuit issued its opinion in *Weiner* holding that in order to impose §6621(c) penalty interest *every* basis asserted in the FPAA for purportedly disallowing the underlying deductions must be a TMT. If even one proposed basis for disallowance is a non-TMT then §6621(c) penalty interest cannot be imposed. Most of the grounds asserted in the FPAA here were not TMTs (see Exhibit A) and even *Krauss* was determined on non-TMT grounds. Therefore, under *Weiner* the IRS's imposition of §6621(c) penalty interest against the taxpayer(s) was improper and that amount must be refunded. In *Weiner* the Fifth Circuit built on the foundation of *McCrary v. Commissioner*, 92 T.C. 827 (1989), and its progeny, which established that §6621(c) penalty interest cannot be imposed where a Court is not required to litigate and determine if the underlying adjustments were specifically "attributable to" a TMT, even if some of the IRS's alternative grounds for disallowance in the FPAA would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988), and Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984).

c. In any event no portion of the underlying liability was attributable to a TMT as defined in §6621(c) or the regulations thereunder.

d. Finally, the IRS failed to make any determination or conduct any examination regarding the individual taxpayer before making its naked – and, therefore, invalid – assessment of §6621(c) penalty interest.

13. Additionally and in the alternative a refund should be granted in an amount equal to the relief requested by the taxpayers which the taxpayers should have been able to seek in an offer in compromise, but which the IRS notified taxpayers' counsel would be denied by the IRS based on its improperly restrictive regulations under §7122 regarding effective tax administration offers in compromise and their refusal to consider offers in compromise after the taxpayers fully paid the liability.

14. The recomputation of interest takes into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

Exhibits:
Exhibit A - Notice of Final Partnership Administrative Adjustment
Exhibit B - *Krause v.Commissioner*, 99 T.C. 132 (1992)
Exhibit C - *Hildebrand v. Commissioner*, 28 F.3d 1024 (10th Cir. 1994)
Exhibit D - Excerpts from Motion to Dismiss filed in *Vulcan Oil*
Exhibit E - Excerpts from Decision filed in *Vulcan Oil*
Exhibit F - *Copeland v. Commissioner*, 290 F.3d 326 (5th Cir. 2002)
Exhibit G - *Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004)

Internal Revenue Service

Department of the Treasury

X-A

000153174

Date: APR 06 1...

Name of Partnership: Drake Oil Technology

Taxpayer Identifying Number: 84-0856853

Tax Year Ended: December 31, 1983

Date FPAA Mailed to Tax Matters Partner:

Person to Contact: E. Walstaad

Contact Telephone Number: (303) 844-5934

American Energy Resources, Inc. TMP
Drake Oil Technology
1360 Sunset Cliffs Blvd.
San Diego, CA 92107

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20717. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by

0084

(over)

Exhibit A

law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the x matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If the number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An IRS employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Lawrence B. Gibbs
Commissioner
by

G. L. Mihlbachler
District Director

Enclosures:
Form 870-P
Copy of this letter

0085

Page ___ of ___ pages

Form 4605-A (Rev. July 1980)

Department of the Treasury—Internal Revenue Service

**Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations**

| Name and Address | Employer Identification Number | Form Number |
|---|---|---|
| Drake Oil Technology Partners<br>1360 Sunset Cliffs Blvd.<br>San Diego, CA 92107 | 84-0856853 | 1065 |
| | Person Examination Changes Were Discussed With — Name: / Title: | |

| 1. Adjustments to ordinary, distributable net, or taxable income. | Year 1983 | Year | Year |
|---|---|---|---|
| a Deductions | 23,198,105 | | |
| b | | | |
| c. | | | |
| d | | | |
| e. | | | |
| f. | | | |
| g | | | |
| 2 Total adjustments to ordinary, ~~distributable net, or taxable~~ income | 23,198,105 | | |
| 3 Ordinary, ~~distributable net, or taxable~~ income as reported | (19,698,934) | | |
| 4 Corrected ordinary, ~~distributable net, or taxable~~ income. | 3,499,171 | | |
| 5 Other adjustments - See Attached | | | |
| a | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| b | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Remarks

0086

| Examiner's Signature | District Office | Date |
|---|---|---|
| [signature] | 84 | [illegible] |

Drake Oil Technology Partners
1983-1065
Other Adjustments

| | | |
|---|---|---|
| Item 5a. | Net Investment (Loss) Tax Preference Item | |
| | Adjustment | $19,501,945 |
| | As Reported | ($19,501,945) |
| | Corrected | $0 |
| Item 5b. | Net Earnings (loss) From Self-employment | |
| | Adjustment | $164,070 |
| | As Reported | ($7,720) |
| | Corrected | $156,350 |
| Item 5c. | Basis of New Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $3,272 |
| | As Reported | $3,272 |
| | Corrected | $0 |
| Item 5d. | Basis of Used Recovery Property Eligible for ITC-Other (48q) | |
| | Adjustment | $107,083 |
| | As Reported | $107,083 |
| | Corrected | $0 |
| Item 5e. | Cost Depletion | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |
| Item 5f. | Oil & Gas Depletion to Extent of Basis | |
| | Adjustment | $152,941 |
| | As Reported | $152,941 |
| | Corrected | $0 |

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

1. It is determined that the deductions, reported by Drake Oil Technology (A TEFRA Partnership) on its 1983 partnership income tax return in the amount of $23,198,105.00 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity:

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income:

[illegible] Were [illegible] the partnership [illegible]

[illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Field is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are [illegible]

Statement
Schedule 2

Explanation of Adjustments
Drake Oil Technology
Partnership Year Ended December 31, 1983

---

This Final Partnership Administrative Adjustment for the tax year ended December 31, 1983 does not reflect possible adjustments to Oil Technology Group-Illinois Basin Partnership, a TEFRA partnership in which you were a partner in 1983. Oil Technology Group-Illinois Basin Partnership is currently under examination pursuant to the TEFRA provisions of IRC section 6221 thru 6231. You will be informed of any adjustments to your 1983 returns after completion of the partnership examination.

EXHIBIT A

SCHEDULE OF DEDUCTIONS
RE: DRAKE OIL TECHNOLOGY PARTNERS
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1983

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $ 3,401,521 | $0 | $ 3,401,521 |
| Guaranteed payments | 156,350 | 0 | 156,350 |
| License fee | 18,155,000 | 0 | 18,155,000 |
| Accounting | 22,310 | 0 | 22,310 |
| Abandonment | 579,558 | 0 | 579,558 |
| Legal & Other expenses | 25,483 | 0 | 25,483 |
| Consulting | 704,060 | 0 | 704,060 |
| Amortization | 54,465 | 0 | 54,465 |
| Depreciation | 8,583 | 0 | 8,583 |
| Overhead | 90,775 | 0 | 90,775 |
| Total | $23,198,105 | $0 | $23,198,105 |