# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS H. McGANN and | § | |
| EVELYN G. McGANN | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 05-1189 |
| v. | § | JUDGE LETTOW |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFFS' SUPPLEMENTAL BRIEF

## I. Introduction and the Government's Recent Concession in *Bartimmo*

This Court requested the parties address (i) §6226(h) given the variance between the FPAA and the *Vulcan Oil* Dismissal Order, and (ii) whether the IRS's Motion to Dismiss for Lack of Prosecution ("MDLP") can be considered with regard to §6621(c) penalty interest. As discussed below, the McGanns assert that the variance is immaterial and any alleged grounds for adjustments in the MDLP cannot be considered and, regardless, do not support imposition of §6621(c). Under §6226(h) the *Vulcan Oil* FPAAs – including the Drake Oil FPAA here and the Dillon Oil FPAA in *Bartimmo v. U.S.*, 2007 WL 4246113 (S.D. Tex. 2007) – are deemed correct. Under 26 C.F.R. §301.6221-2T, A-5 the grounds asserted in those FPAAs are not sufficient to impose §6621(c). The government has conceded this issue in *Bartimmo*.[1]

[1] In *Bartimmo* at *6-*7, the Southern District of Texas held:

> The parties agree the Tax Court's [*Vulcan Oil*] Dismissal Orders show that it found the FPAAs were correct. *See* IRC §6226(h) (explaining that the effect of the Tax Court's decision to dismiss an action shall be considered as its decision that the FPAA is correct). … However, the FPAAs listed multiple, independent reasons for disallowing the deductions and failed to identify the specific transactions that were tax-motivated. *See Weiner,* 389 F.3d at 162 (… when an "FPAA lists several *independent* reasons for disallowing … deductions, there is no way to determine, without additional superfluous litigation, whether the [tax] is 'attributable to' a reason that also qualifies as a [TMT]") (emphasis in original).
>
> Morever, the Tax Court's [*Vulcan Oil*] Dismissal Orders did not find Plaintiffs' … tax was attributable to specific [TMT]. *See id.* Even if the effect of the Tax Court's [*Vulcan Oil*] Dismissal Orders was a determination that the FPAAs were correct, the Dismissal Orders failed to identify which transactions were tax-motivated. Thus, as a matter of law, the Tax Court's [*Vulcan Oil*] Dismissal Orders were not a sufficient basis to impose [§6621(c)] because the Dismissal Orders failed to find that Plaintiffs' … tax was attributable to a [TMT]. *See id.* at 163 (holding as a matter of law that because the FPAAs did not establish that the taxpayers' underpayment was attributable to [TMT], the IRS could not assess IRC §6621(c)[] …). Accordingly, the Court finds the IRS improperly assessed tax-motivated interest under IRC §6621(c) against Plaintiffs based upon the Tax Court's [*Vulcan Oil*] Dismissal Orders. *See id.*

The government appealed to the Fifth Circuit (Docket No. 08-20060). On March 12, 2008, the government stipulated to dismiss that appeal. *Bartimmo* and this case address the same *Vulcan Oil*

**II. Section 6226(h) and the Motion to Dismiss for Lack of Prosecution**

Where there is no specific TEFRA rule, the general Tax Court rules of procedure apply to TEFRA cases. Tax Court Rule 240(a). There is no specific rule regarding TEFRA dismissals. In *Vulcan Oil* the MDLP was made pursuant to Tax Court Rule 123, which provides:

> (a) DEFAULT: When any party has failed to plead or otherwise proceed … he may be held in default … either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions … as [it] may deem appropriate. ….
>
> (b) DISMISSAL: For failure of a petitioner properly to prosecute …, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

The MDLP does not identify whether it is a Rule 123(a) or (b) motion. But every indication is that it was a Rule 123(b) motion to dismiss.

Rule 123(b) is modeled on FRCP 41(b) and provides for dismissal for lack of prosecution.[2] A Rule 123(b) dismissal is a sanction against petitioners who fail to prosecute, comply with Rules or orders, or for other cause. A Rule 123(b) dismissal can also be entered against any party (not just petitioners) with respect to issues for which he bears the burden of proof. *Smith* at 1476. With exceptions not relevant here, Tax Court petitioners bear the burden of disproving the IRS's determinations in a deficiency notice or FPAA.[3] The Elektra partners were the petitioners and bore the burden to disprove the IRS's FPAA determinations.

---

Dismissal Order and substantively similar FPAAs. The *Bartimmo* analysis, which the government has now conceded is correct, applies equally here and, therefore, the McGanns' payments must be refunded.

2 *See Lopez v. C.I.R.*, T.C. Memo. 2001-93 (2001), *citing Smith v. C.I.R.*, 926 F.2d 1470, 1476 (6th Cir.1991), *affg*. 91 T.C. 1049 (1988).

3 *NT, Inc. v. C.I.R.*, 126 T.C. 191, 194 (2006), *citing* Rule 142(a)(1) and *Welch v. Helvering,* 290 U.S. 111, 115 (1933); *Smith* at 1476.

The Tax Court consistently holds that, under §7459(d), dismissal of a tax case sustains the deficiencies and additions to tax in the IRS's deficiency notice.[4] Section 7459(d) provides:

> EFFECT OF DECISION DISMISSING PETITION. – If a petition for a redetermination of a deficiency has been filed by the taxpayer, *a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary*. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction. [Emphasis added.]

Similarly, under §6226(h) the dismissal of a TEFRA case (other than for lack of jurisdiction) is a determination the FPAA is correct. *Treaty Pines v. C.I.R.*, 967 F.2d 206, 209 (5th Cir., 1992); *Olson v. U.S.*, 37 Fed.Cl. 727, 731 (1997)(reciting §6226(h) in its procedural summary of TEFRA).

The operative portions of §6226(h) closely parrot §7459(d):

> EFFECT OF DECISION DISMISSING ACTION. – If an action brought under this section is dismissed (other than under paragraph (4) of subsection (b)), *the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct*, and an appropriate order shall be entered in the records of the court. [Emphasis added.]

Applicability of §6226(h) has been affirmed in a TEFRA case in which no replacement TMP came forward to prosecute the case. *Brown v. C.I.R.*, T.C. Memo. 1994-58 (1994). There the Tax Court dismissed for lack of prosecution. In a subsequent challenge, the Tax Court held that dismissal resulted in a decision that the FPAA was correct.

Only once has the Tax Court addressed a failure to follow §6226(h). *Nunez v. C.I.R.*, 710 F.Supp. 745 (E.D.Cal., 1989). But *Nunez* offers little guidance because the failure was discovered prior to the decision. Nunez, a non-TMP petitioner, stipulated to a §6226(h) dismissal purportedly limited to himself. The case continued without a representative petitioner for two years. At pre-trial

---

[4] *See, Ketcherside v. C.I.R.*, 902 F.2d 1578, n.1 (9th Cir., 1990); *Rojas v. C.I.R.*, T.C. Memo. 1994-429 (1994); *Brock v. C. I. R.*, T.C. Memo. 1990-197 (1990); and *Trowbridge v. C.I.R.*, T.C. Memo. 2003-165, n.8 (2003).

conference the court and the IRS considered the effect of the earlier §6226(h) stipulation. The court ordered the IRS to address the issue in a motion for summary judgment, which the court granted on the grounds that the entire matter was dismissed by the earlier §6226(h) stipulation.

With respect to whether the alleged grounds for adjustment in the MDLP can be considered, the underlying record is not considered in a Rule 123(b) dismissal.[5] Courts carefully distinguish between substantive rulings that consider factual and legal arguments (judgment on the pleadings, summary judgment) and procedural dismissals for lack of prosecution.[6] Both Rule 123(b) and FRCP 41(b) cases focus on whether dismissal is necessary to prevent undue delays in disposing of pending cases to avoid (i) congestion in the court's calendar, and (ii) prejudicing the defendant's ability to present an adequate defense. This determination is based solely on the dilatory party's conduct and does not reach or consider the substance of the underlying claim.

Consequently, as dictated by §6226(h), decisions entered pursuant to tax case dismissals affirm the amounts and grounds for adjustment in the FPAA. There is no leeway for entry of a decision that varies from the FPAA. As will be explained below, after consideration of the issues raised by the Court, the McGanns believe there was no impermissible variance in this case.

In contrast to Rule 123(b) dismissals, a Rule 123(a) default judgment is not subject to §§6226(h) or 7459(d) and the court has latitude to dismiss and enter a decision "upon such terms and

---

[5] The Supreme Court has specifically noted Rule 41(b) dismissals for lack of prosecution have their "roots in judgments of nonsuit and non prosequitur entered at common law, *e.g.*, 3 Blackstone, Commentaries (1768), 295-296, and dismissals for want of prosecution of bills in equity, *e.g., id.*, at 451." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1961).

[6] With respect to FRCP 41(b), *e.g.*, *Irabor v. O'Neel*, 1998 WL 1780650 (D.N.D., 1998); *In re Inman*, 260 B.R. 233 (Bkrtcy.M.D.Fla., 2000); *Lopez v. Catholic Charities of Archdiocese of New York*, 2001 WL 50896 (S.D.N.Y., 2001); *Ribeiro v. Travis*, 2001 WL 893366 (S.D.N.Y., 2001); *Erickson v. Cherry*, 2005 WL 2038585 (E.D.Mich., 2005). The same issues arise with respect to Rule 123 motions. *Columbia Bldg., Ltd. v. C.I.R.*, 98 T.C. 607 (1992) (a dismissal order could be misinterpreted as a decision the FPAA is correct, inconsistent with a holding of no partnership item adjustments because limitations expired).

conditions as the Court may deem proper ...."

Rule 123(a) is modeled after FRCP 55 and provides for default judgment when a party against whom a judgment is sought has failed to defend. *Smith* at 1476; *Bosurgi v. C.I.R.*, 87 T.C. 1403, 1406-7 (1986). Unlike Rule 123(b), Rule 123(a) default judgment does not operate only against petitioners or parties with the burden of proof. The Tax Court has applied Rule 123(a) against taxpayers who do not bear the burden of proof but have failed to defend against counterclaims, *etc*. The rationale behind the rule is that if the party who does not have the burden of proof does not think well enough of his case to defend it, the court should default him. *Smith*, at 1477, *citing Bosurgi* at 1408. Almost all Rule 123(a) jurisprudence involves motions for default judgment against taxpayers who have failed to defend against the government's allegation of fraud, an issue for which the government bears the burden of proof. *Smith* at 1476.

As discussed in *Smith*, in contrast to a summary dismissal under Rule 123(b), a Rule 123(a) default looks to the record to evaluate the legal arguments and facts of the underlying case and the decision reflects that review. In *Smith*, the court held the government's well-pled allegations of fraud were deemed admitted because the taxpayer defaulted in his defense. A default judgment for fraud was entered against the taxpayer based on the deemed admissions.

**III. Rule 123(b) and §6226(h) As Applied to this Case**

The MDLP was not a Rule 123(a) default motion. The moving party, the government, asserted no claims or counter-claims in its answer that the partners would have had to defend and which they could have defaulted. The IRS affirmatively stated, "No issues have been raised upon which the burden of proof is on Respondent." MDLP, ¶30.

The MDLP was a Rule 123(b) motion to dismiss. The IRS titled its document a "Motion to Dismiss for Failure to Prosecute." The first page of the MDLP begins with the IRS's request that "the Court dismiss this case for lack of prosecution" because the failure to perform TMP duties "has

precluded the further prosecution and ultimate resolution of this case." As alleged in the MDLP, by letter the IRS advised the petition that if the TMP resigned without a replacement, "the Court would be compelled to dismiss the actions for lack of prosecution." MDLP, ¶16. All the allegations supporting dismissal address failures to prosecute, not failures to defend. In its earlier opinion, this Court recognized that this was a motion for failure to prosecute. *McGann*, 76 Fed.Cl. at 758.

Because the partnership case was dismissed for failure to prosecute, the Dismissal Order was subject to §6226(h), which dictated that the FPAA was correct as to amounts and grounds for adjustment. The confusion in this case stems from the Tax Court's entry of a Dismissal Order that varied in amount and allegedly in grounds for adjustment from the FPAA.

However, the Dismissal Order incorporated *concessions* made by the IRS in the MDLP that reduced the amount of the partnership item adjustments from the original FPAA adjustments. Although this appears technically contrary to §6226(h), logic supports the court's willingness to reduce the adjustments. It is inconceivable that §6226(h) was intended to prevent the IRS from unilaterally conceding a part of its adjustments, which is what the Dismissal Order in *Vulcan Oil* actually did.

In considering §7459(d) cases, the Tax Court has consistently noted that a dismissal for any reason other than lack of jurisdiction results in an order finding the deficiency to be the amount determined in the notice of deficiency, *unless the IRS reduces the amount of his claim*, then the decision is entered for the lesser amount. *See Estate of Ming v. C.I.R.*, 62 T.C. 519, 522 (1974).

Because (i) this is a dismissal for lack of prosecution, and (ii) the dismissal is subject to §6226(h) which deems the FPAA to be correct and the basis for the Dismissal Order, the motion for dismissal and any legal or factual arguments therein should not be considered as grounds for the partnership item adjustments.

Also, nothing in the Dismissal Order provides any basis for interpreting the Dismissal Order

to have incorporated the IRS's arguments or explanations in the MDLP. This Court reached that conclusion in rejecting the government's assertion that §183 was the basis for the adjustments in the Dismissal Order. This Court held:

> A court's grant of a motion is not an adoption of every argument the movant made in support of the motion. …. Moreover, the [*Vulcan Oil* Dismissal Order] of the Tax Court was explicitly based on the taxpayers' "failure properly to prosecute." …. *McGann* at 758, citations omitted.

Moreover, the government's alleged §183 grounds for adjustment from the MDLP is actually the IRS's grounds for *conceding reductions to* the partnership item adjustments, not the IRS's grounds *for* those adjustments. At paragraph 9, the MDLP stated:

> Due to *concessions* by [the IRS], … based on I.R.C. §183 ..., certain of the adjustments set forth in the schedules above are *less* than those determined in the [FPAAs]. [Emphasis added.]

Significantly, footnote 1 on page 20 of the MDLP is actually the IRS's explanation of why it did not offer an even *greater* concession, not the grounds for the adjustments themselves. Regardless of why the IRS chose to limit its concession in applying §183, there is no reason to infer that the Tax Court adopted that reasoning. It might be reasonable for the Tax Court to allow an unopposed concession by the IRS in entering its decision in a §6226(h) dismissal. But it would be completely inconsistent with §6226(h) to adopt the analysis in the motion as superceding the FPAAs' grounds for the actual adjustments.

## III. The Regulation Controls the "Attributable To" Determination in this Case

While this case is unique, confusion over the grounds for adjustment respecting §6621(c) penalty interest is the norm. Treas. Reg. §301.6221-2T, A-5 cuts through that confusion by adopting a formula from the legislative history to §6659 that directs the IRS to take into account all non-TMT grounds for adjustment first. The amount of tax liability attributable to a TMT is the remainder, if any. *Weiner* and *Bartimmo* found two corollaries are readily apparent from this approach. If there

are multiple, equally valid, independent grounds for adjusting tax items, it is improper to cherry-pick the TMT grounds and ignore the non-TMT grounds for adjustment. If the IRS shotguns the grounds for adjustment, some TMT and some not, if just one non-TMT ground for adjustment is upheld as valid, the underpayment will never be attributable to any of the TMT grounds for adjustment.

This well-settled law evolved and borrowed from §6659 valuation overstatement analysis and precedent, which also has an "attributable to" requirement.

*Todd*, one of the first "attributable to" cases, considered §6659. *Todd*, 89 T.C. 912, 916-18 (1987) ("*Todd I*"), *aff'd Todd II*. The Tax Court determined the Todds were not entitled to deductions related to their food storage container because the units were not placed in service. They did not appeal, effectively conceding the adjustment on those grounds. *Todd II* at 541, *citing Noonan v. C.I.R.*, T.C. Memo. 1986-449 (1986). When it assessed the resulting tax, the IRS also imposed a §6659 valuation overstatement penalty despite the "failure to place in service" determination. When the Todds protested that penalty they also conceded the containers were overvalued. Both the Tax Court and Fifth Circuit used the formula and took into account both valid grounds for adjustment, the "placed in service" determination *and* the overvaluation concession, and concluded the deficiency was not "attributable to" an overvaluation, despite the concession.[7]

In *Todd II* and *Weiner*, the Fifth Circuit adopted Congress' preface to §6659: "[t]he portion of a tax underpayment that is attributable to a valuation overstatement will be determined after taking into account any other proper adjustments to tax liability."*Todd II* at 542. The Fifth Circuit recognized no difference between the deficiency after adjusting for the failure to place the containers

[7] The fact pattern was so deceptively simple subsequent courts mistakenly commented that the failure to place in service determination/concession was the "real" or "direct" cause of the underpayment – thus, ignoring the formula, ignoring the overvaluation concession, oversimplifying the analysis, and falling into the semantic quagmire of a "capable of being attributed to" approach rejected by *Todd II* at 542. The government has made the same mistakes in this case.

in service and the deficiency adjusted for the valuation overstatements. *Todd II* at 543. This is the outcome whenever the IRS adjusts a single tax item on multiple grounds, some TMT and some not.

By regulation the IRS adopted the same formula as the means for making the §6621(c) TMT determination: (the amount of liability calculated using *all valid* grounds for adjustments) *minus* (the amount of liability using *only the non-TMT* grounds) *equals* (the amount of liability attributable to the TMT grounds for adjustment and subject to the penalty rate of interest). The IRS is required to follow its own legislative regulations, which are given the weight of law. *Accardi v. Shaughnessy*, 347 U.S. 260 (1953); *Service v. Dulles*, 354 U.S. 363, 372 (1957).

In *Heasley II* the Fifth Circuit made it clear that the regulation applies where deductions are disallowed on multiple grounds. There the IRS totally disallowed the deductions for (i) lack of profit objective, (ii) the units were not qualifying property, (iii) the units were not placed in service, and (iv) the units were overvalued. *Heasley v. C.I.R.*, 55 T.C.M. 1748, 1754 (1988) ("*Heasley I*"). The Heasleys conceded the underlying adjustment to their tax item - effectively conceding the adjustment to the item not on any specific ground but on all of the IRS' numerous proposed grounds. *Heasley II* at 382. The Heasleys argued their concession made it impossible to determine which of the IRS' proposed grounds for adjustment the understatement was attributable to. *Heasley I* at 1754.

In *Heasley I*, the Tax Court determined the concession did not avoid §6659 and §6621(c) penalties and the Heasleys bore the burden to prove they did not apply. Trial was held on the merits of the cherry-picked valuation overstatement, but *none* of the other equally valid non-penalty bearing grounds for adjustment. The Tax Court held the units were overvalued and upheld the penalties.

On appeal, the Fifth Circuit acknowledged the Tax Court's overvaluation determination, but applied the formula nonetheless, took into account all of the grounds for adjustment, including the overvaluation determination and the conceded grounds from the deficiency notice, and concluded

no part of the underpayment was attributable to the valuation overstatement. *Heasley II* at 383. The Fifth Circuit found the Heasleys' tax liability taking into account *all* grounds for adjustment did not differ "one cent" from their tax liability using only the valuation overstatement determination made by the Tax Court. *Heasley II* at 383.

The Tax Court adopted the Fifth Circuit's approach and analysis in *McCrary.*[8] The Court noted the §6659 penalty should be determined only "*after* taking account of *any other* proper adjustment to tax liability" and was persuaded by the Fifth Circuit's conclusion in *Todd II* – the penalty's intended effect was advanced by the concession and "reaching out further to penalize petitioners would be 'too draconian.'" *McCrary*, at 858-59, *quoting Todd II* at 545 n.15.

The Second, Ninth, and Tenth Circuit approve this application of the statute and regulation.[9]

---

8 *Rogers v. C.I.R.*, 60 T.C.M. 1386 (1990), *Schachter v. C.I.R.*, 67 T.C.M. 3092 (1994); *c.f.*, *Barber v. C.I.R.*, 57 T.C.M. 687 (1989); and *Allsion v. C.I.R.*, 61 T.C.M. 2163 (1991); *Rasmussen v. C.I.R.*, 63 TCM 2710, 2727-28 (1992); *Sinclair*, at 1141.

9 *Irom v. C.I.R.*, 866 F.2d 545 , 547-8 (2nd Cir. 1988); *Gainer* at 228; *see also Scoville v. C.I.R.*, 108 F.3d 1386, 1997 WL 107751 at 3 (9th Cir. 1997), an unpublished opinion; and *Borgardus v. U.S.*, 956 F.2d 277 (10th Cir. 1992), an unpublished opinion, *citing Todd* and *Gainer* and *affm'g Borgardus v. U.S.*, 91-1 USTC ¶50,034, 1990 WL 259675 (W.D. Ok. 1990). In *Irom* the Second Circuit fashioned a corollary – if all grounds for adjustment are inseparable elements of a TMT, then the resulting liability is "attributable to" a TMT even if no single ground is itself a TMT. The government's authority for its proposition that the Fifth Circuit is minority law all address this corollary which, as *Bartimmo* held, is inapplicable here. The government's cases do not reject or otherwise address the original premise accepted by the Second Circuit – if there are two or more separable, valid grounds for adjusting a tax item, one of which is a TMT and one of which is not, no portion of the underpayment is attributable to the TMT grounds.

Respectfully,

/s/ Teresa J. Womack

Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
**ATTORNEY FOR PLAINTIFFS**

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)