IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1189 T
(Judge Charles F. Lettow)

THOMAS H. McGANN and EVELYN G. McGANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO THE PLAINTIFFS' SUPPLEMENTAL BRIEF

The McGanns begin their supplemental brief ("Pl. Suppl. Brief" filed on March 20, 2008) with an incorrect assertion: According to them, the Government conceded their right to recover in this case when it decided not to pursue an appeal in *Bartimmo v. United States*, 525 F. Supp. 2d 879 (S. D. Tex. 2007). In *Bartimmo*, the district court followed its understanding of Fifth Circuit precedent that, in the defendant's view, leads to results that are "perverse." *See* Def. Cross-Mot. for Summ. J. with Br. in Supp. Thereof (Def. Brief) at 24-27.

By now the McGanns should know the defendant disagrees with their view that Code § 6621(c) must be interpreted so that its penalty applies only to a "substantial underpayment [*solely* [1]] attributable to tax motivated transactions." § 6621(c)(1). In *Bartimmo*, the district court generally refused to uphold an assessment of § 6621(c) interest because the underpayment was

[1] *See, e.g.*, Pl. Mot. for Summ. J. and Supp. Br. (Pl. Brief), pages 9-10 (emphasis added): "[T]he specific TMT basis must be identified for each discrete dollar amount of disallowance and that TMT must be the *sole* basis for disallowance".

not solely attributable to tax-motivated transactions. *See* 525 F. Supp. 2d at 888; Pl. Suppl. Brief at 1, n.1. The Government appealed *Bartimmo*, but later stipulated to dismiss the appeal. According to the McGanns, "The *Bartimmo* analysis, *which the government has now conceded is correct*, applies equally here and, therefore, the McGanns' payments must be refunded." Pl. Suppl. Brief at 2, n.1 (emphasis added).

It should not be necessary to say that the Government did not concede the present case by dismissing its appeal in *Bartimmo*–but the McGanns have made it necessary. Among attorneys who litigate against the Government it should be common knowledge that–

> [a]ll appeals by federal government agencies must be approved by the Solicitor General, who might decide for reasons unrelated to the likely outcome of an appeal not to authorize appeal. The case might be unimportant and the Solicitor General reluctant to pester the court of appeals with an unimportant case, which might dilute the impact of other government appeals.

*Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers,* 101 F.3d 503, 508 (7th Cir. 1997) (emphasis added). The McGanns can properly infer nothing from the dismissal of the *Bartimmo* appeal.

The McGanns begin their supplemental brief by reasserting their old *solely* argument, and they end it in the same way. Pages 7 through 10 are variations on their old theme: "If the IRS shotguns the grounds for adjustment, some TMT and some not, if just one non-TMT ground for adjustment is upheld as valid, the underpayment will never be attributable to any of the TMT grounds for adjustment." Pl. Suppl. Brief at 8. The argument does not improve with repetition.

They generally rely upon their view of the formula in the applicable regulation, Temp. Treas. Reg. § 301.6621-2T, A-5, as modified by their reading of Fifth Circuit cases or cases appealable to the Fifth Circuit, most of which deal with another provision entirely–former Code

§ 6659 (overvaluation penalty). According to them, the § 6621(c) regulation shows that none of their underpayment is attributable to a tax-motivated transaction–but once again, they merely say so. They offer no calculation. The calculation itself refutes their argument:

The first step of the calculation (§ 301-6621-2T, A-5 (Example)) requires the user to add to taxable income "all adjustments to items of income, gain, loss, deduction, or credit (including tax motivated transactions subject to section 6621[(c)]." At page 12 of Def. Brief, the defendant followed this instruction and added $25,888 to the McGanns' 1983 taxable income. That amount constitutes the McGanns' share of adjustments resulting from a denial of $19,689,083 of Drake Oil's license-fee expense and interest expense, which–according to the FPAA–arose from sham transactions. *See* Def. Brief at 7.

The second step requires the user to add to taxable income "adjustments to items of income, gain, loss, deduction, or credit other than those with respect to items that are tax motivated"–*i.e.*, other than the ones the defendant added in the first step. The resulting addition is therefore $0. The McGanns, however, insist that the defendant should treat the $25,888 as if it were *not* an item attributable to tax-motivated transactions. That would require make-believe. The $25,888 does not change its character between the first step of the calculation and the second; it does not cease to be attributable to sham transactions simply because the IRS offered additional explanations for denying Drake Oil's deductions. Furthermore, the McGanns assume that the alternative explanations would result in a denial of the same amount of deductions. Even if their argument were legally valid, they never calculated the amount of disallowance attributable to any particular ground in the FPAA that they believe does not constitute a tax-motivated transaction.

Finally, the McGanns assert that "[t]he Second, Ninth, and Tenth Circuit approve [their] application of the statute and the regulations." Pl. Suppl. Brief at 10 & *ibid.*, n.9. The Court will find, however, that the cited Ninth and Tenth Circuit cases are not precedent.[2] As to the Second Circuit–the McGanns refer to *dicta* in *Irom v. Commissioner*, 866 F.2d 545, 547-48 (2d Cir. 1988); but they have never addressed the arguments the defendant raised in Def. Brief at 26-27, which rely upon *Gilman v. Commissioner*, 933 F.2d 143, 150 (2d Cir. 1991).

CONCLUSION

The defendant asks the Court to dismiss the McGanns' complaint with prejudice.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Justice Department (Tax)
P. O. Box 26; Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

March 24, 2008

[2] The McGanns cite an unpublished Ninth Circuit opinion. Rule 36-3(a) of the Ninth Circuit's rules provides, in part: "Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." They also cite an unpublished Tenth Circuit opinion. Rule 32.1(a) of the Tenth Circuit's rules provides, in part: "Unpublished decisions are not precedential, but may be cited for their persuasive value. They may also be cited under the doctrines of law of the case, claim preclusion and issue preclusion." That Tenth Circuit case cites *Gainer v. Commissioner*, 893 F.2d 225 (9th Cir. 1990) (underpayment was not attributable to a valuation overstatement (penalized by Code 6659) because assets were not placed in service during the taxable year). The McGanns give a fragmentary citation to *Gainer*, but *Gainer* is inapposite for the reasons stated in Def. Brief at 24-25 (discussing *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988)).