**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THOMAS H. McGANN and EVELYN G. McGANN | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 05-1189 |
| v. | § | JUDGE LETTOW |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE, OR FOR LEAVE TO FILE THE SEPARATELY SUBMITTED FOUR-PAGE REPLY TO THE PLAINTIFFS' SUPPLEMENTAL BRIEF**

Plaintiffs Thomas E. McGann and Evelyn G. McGann object to the Defendant's motion to strike (Document 68). The McGanns do not object to the Defendant's requested alternative relief, *i.e.* that it be allowed to file its response at Document 69, but assert that the government included such a response at page 3 of Defendant's Reply to the Plaintiffs' Supplemental Brief, Document No. 69, which is nothing more than a re-assertion of its previous argument. If the government is allowed to respond, the McGanns request leave to reply. In support the McGanns would show the Court as follows:

At pages 7-10 of their Supplemental Brief, the McGanns' briefed the proper application of Treas. Reg. §301.6221-2T, A-5 to the FPAA was a sub-issue or consequence of the §6226(h) issues the Court directed the parties to brief. At pages 6-8 of its supplemental brief, the government also briefed the consequences of the §6226(h) order, "reasserting their old [sham] argument."

Moreover, the McGanns' application of Treas. Reg. §301.6221-2T, A-5 upheld in *Todd*, *McCrary*, *Heasley* and other cases is no surprise to the government. Since 1991, the IRS has recognized and adopted the McGanns' approach. See IRS Litigation Guideline Memorandum issued

August 12, 1992, 1992 LGM TL-68 (Rev) at 6-8, 1992 WL 1355877 ("LGM"), cited not as precedent but as persuasive authority. The government's argument that sham is a "super-TMT" that trumps all other grounds for adjustment is distinguished from cases like this one in that LGM.

Counsel for the McGanns have based all of the Elektra and AMCOR §6621(c) penalty interest cases in the Fifth Circuit and the Court of Federal Claims on this application of Treas. Reg. §301.6221-2T, A-5. *Weiner* was based on this application of the regulation, as were the AMCOR test cases in the Court of Federal Claims. *See e.g.*, pages 11-31 of Plaintiffs' §6621(c) Motion for Partial Summary Judgment filed at Document No. 35 in *Keener v. United States*, Docket No. 03-2028. *Bartimmo* upheld the McGann's application of the regulation and rejected the same jurisdictional arguments raised by the government in this case. In another Fifth Circuit AMCOR case the government raised the same jurisdictional and sham transaction arguments as in this case and *Bartimmo*. *Mellina v. United States*, 518 F. Supp.2d 825 (N.D.Tex., 2007). The *Mellina* court rejected the government's arguments and the government voluntarily dismissed its *Mellina* appeal on March 7, 2008, just four days before the *Bartimmo* was dismissed. Docket No. 07-11302.

In this case the Court need not address whether sham is an all encompassing super-TMT or which came first, overvaluation or sham.[1] As a matter of law, the *Vulcan Oil* Dismissal Order affirmed *all* 23 grounds for adjustment in the FPAA, the majority of which were independent, separable non-TMTs. For example, as the Fifth Circuit made clear in *Copeland*, the §162 and §174 grounds for adjustment in the Elektra FPAAs are not TMTs. It is a function of the regulation that an underpayment must be solely attributable to a TMT before §6621(c) penalty interest can be imposed. The McGanns' underpayment was not solely attributable to sham, or any of the 22 other, equally valid grounds for adjustment in the FPAA.

---

1 This rationalization is the subject of all of the government's authorities, including *Gilman*.

Respectfully,

/s/ Teresa J. Womack

Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
**ATTORNEY FOR PLAINTIFFS**

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)