IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1189 T
(Judge Charles F. Lettow)

---

THOMAS H. McGANN and EVELYN G. McGANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE

---

On March 24, 2008, the defendant moved to strike four pages from the McGanns' supplemental brief (filed on March 20, 2008) because they disobeyed this Court's instructions (see the attached page 50 from the oral argument) and re-briefed the merits of their case. In the alternative, the defendant asked the Court to accept the filing of a separately-submitted four-page reply to the McGanns' new briefing on the merits, which is now on the docket as document 69.

On March 26, 2008, the McGanns filed a response arguing that their re-briefing of the merits was "a sub-issue or consequence of the §6226(h) issues the Court directed the parties to brief." Pl. Response to Mot. to Strike at 1. But a discussion of Code § 6226(h) (applicable only to TEFRA proceedings) could never require the McGanns (1) to assert that the defendant had conceded their *refund* claim in this suit by dismissing an appeal in another matter (Pl. Suppl. Brief at 1); and (2) to discuss a calculation that relates only to the merits of their *refund* suit (*id*. at 7-10). The McGanns assert that pages 6-8 of the defendant's supplemental brief also re-brief

this refund suit–but those pages deal only with the grounds on which the Tax Court denied Drake Oil's deductions in the TEFRA proceeding. That is what the Court ordered the parties to brief.

The McGanns do not object to the filing of the defendant's response to their four pages of extra merits briefing (document 69); but they demand the right to retain the advantage they took in their supplemental brief (despite the Court's orders) and to add even more merits briefing–to which, of course, the defendant would not be able to reply. Their justification seems to be that the defendant was "not surprised" by their extra merits briefing because they (or rather, their attorneys and several other parties) had raised similar arguments in this case and in other cases. *See* Pl. Response to Mot. to Strike at 1-2.

Indeed the defendant was not surprised by the McGanns' extra, unsolicited argument. The defendant noted at page 2 of its reply to the McGanns' supplemental brief that they were simply reasserting "their old *solely* argument" and that "[t]he argument does not improve with repetition." More repetition will not help. The parties are now even: the McGanns seized a chance to add four extra pages of merits briefing, and the defendant responded with four pages. We submit that the briefing of this case should now come to an end.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Justice Department (Tax)
P. O. Box 26; Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

March 26, 2008

briefing. [50]

MR. REDDING: Your Honor.

THE COURT: If you understand, especially on something like this where it's not explored to any great detail in the briefing, good as the briefing was, the Court is reluctant to decide a matter without giving the parties a chance to address it.

MR. REDDING: Your Honor, I completely agree with that. I would just ask that the statement you just made be clarified a little bit so that it just doesn't reopen the briefing to everything again.

THE COURT: No, I urge you not to do that.

MR. REDDING: Why would we want to, Your Honor?

THE COURT: I have enough paper the way it is. It's just that I really do need the parties' thoughts on the question of where the adjustments came from, whether it makes any difference where they came from; whether the Court can go back to the motion, assuming that Exhibit O actually sets out the same numbers that appear in the Tax Court's final order, and what import that has for the TMT conclusion, and then I guess what that does with 6226(h).

I think the parties basically have provided an answer to that question, but if you have anything