IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS H. McGANN and EVELYN G.McGANN | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 05-1189T |
| | § | Judge Charles F. Lettow |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY**

On March 27, 2008, the Court denied the government's motion to strike two portions of the McGanns' Supplemental Brief and granted the government leave to file the four page Defendant's Reply to the Plaintiffs' Supplemental Brief. In their response to the government's motion to strike or for leave to reply, the McGanns asked the Court for leave to file their own short reply should the Court grant the government's motion. Because the Court did not address the McGanns' request in the March 27, 2008 order, they ask that Court for leave to file this short reply to distinguish the government's *Gilman* argument. As the government correctly pointed out the McGanns have not directly responded to that argument – but only because the Court's February 5, 2008 order directed the parties to address a specific issue in their responses to the respective motions for summary judgment. The McGanns' response to the government's *Gilman* argument is incorporated below.

First, the government's authorities all address cases in which the Tax Court made a specific determination or the taxpayer specifically conceded that the tax items at issue were disallowed as sham transactions from among other grounds for adjustment. In contrast, there was no such specific

determination in this case. All grounds for adjustment in the FPAA were deemed correct. Second, *Gilman* and the other cited cases then used the sham transaction determination/concession as grounds for bootstrapping that determination into grounds for imposing a §6659 overvaluation penalty even though sham does not on its face support that penalty. That extension of the sham determination was made by asserting the grounds for the penalty are inseparable from the actual determination. Here there are independent, non-TMT grounds for the adjustments in the FPAAs.

In *Gilman* the taxpayers contested all six of the IRS's grounds for the adjustment. *Gilman*, 933 F.2d at 145-6. The Tax Court made actual, specific findings and legal determinations that the transactions were disallowed because they lacked business purpose, *i.e.*, profit motive, and economic substance. The court deemed the transactions to be shams. *Gilman* at 146-7. The government asserted and the Tax Court and Sixth Circuit held that overvaluation was inseparable from the sham determination and consequently the sham determination would support imposition of the §6659 overvaluation penalty (even though "sham" is not one of the stated bases for imposing that penalty). *Gilman* at 149-51.

*Gilman* is based on *Massengill*. In that case the government initially asserted the deductions and credits were disallowed pursuant to §183. *Massengill* 876 F.2d at 618. In its answer the government also asserted and the Tax Court ultimately held that the taxpayers failed to establish ownership in the cattle and consequently the transactions lacked economic substance. *Massengill* at 618-19. The Tax Court held and the Eight Circuit affirmed that the sham determination encompassed a valuation overstatement and upheld imposition of the §6659 penalty. *Massengill* at 619-620.

*Illes* was based on the taxpayer's concession that the underlying transactions were shams and his interest was overvalued. *Illes*, 982 F.2d at165 and 166. The Tax Court and Sixth Circuit relied

on both the concessions and the bootstrapped, inseparability holdings in *Massengill* and *Gilman* to uphold the §6659 penalty. The Sixth Circuit distinguished this outcome from the outcome in *Todd*, but by using the overly simplistic analysis that the Tax Court's determination that the containers had not been placed in service was the "real" reason for the adjustment without recognizing that *Todd* addressed the same situation as here, what to do if there are multiple, equally valid grounds for adjusting the same tax item. *Massengill* at 167.

The remainder of the government's authorities are similarly distinguishable. In summary, the government's entire case, including its calculation applying Treas Reg. §301.6621-2T (A-5), is based on a false premise that the tax items at issue were disallowed because the IRS allegedly listed sham as one of the grounds for adjustment in the FPAAs. The authorities cited do not support the proposition that the mere assertion of sham transaction trumps all other, equally valid grounds for adjustment.

Respectfully,

/s/ Teresa J. Womack

Teresa J. Womack
Redding & Associates, P.C.
2419 W. T.C. Jester
Houston, Texas 77018
713-965-9244
713-621-5227 (Fax)